1 | Laura Fleming, Bar No. 219287
lf@paynefears.com
2 | Matthew C. Lewis, Bar No. 274758
mcl@paynefears.com
3 | Lukas R. Kramer, Bar No. 333174
lrk@paynefears.com
4 | PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
5 | Irvine, California 92614
Telephone: (949) 851-1100
6 | Facsimile: (949) 851-1212

7 | Attorneys for Defendants
ABM Aviation, Inc. and
8 | ABM Industries Incorporated

9 | **UNITED STATES DISTRICT COURT**

10 | **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | Maria Felipe Suchite, an individual on behalf of herself and others,

Case No. **'24CV0003 LL    SBC**

13 | Plaintiffs,

[Removed from San Diego Superior Court, Case No. 37-2023-00051258-CU-OE-CTL]

14 | v.

15 | ABM Aviation, Inc., a Georgia corporation; ABM Industries Incorporated, a Delaware Corporation; and DOES 1 through 50,

**DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711**

18 | Defendants.

**[CAFA JURISDICTION]**

19 | **[Supporting Declaration, Request for Judicial Notice, Certificate of Interested Parties, and Civil Case Cover Sheet Filed Under Separate Cover; Index of Exhibits Included at End]**

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

---

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE,** pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendants ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED (collectively, "Defendants" or "ABM") hereby remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, on the following grounds:

## I.    PROCEDURAL BACKGROUND -- THE STATE COURT ACTION

1.      On or about November 27, 2023, Plaintiff Maria Felipe Suchite filed an action titled "*MARIA FELIPE SUCHITE, an individual on behalf of herself and others vs. ABM AVIATION, INC., a Georgia corporation; ABM INDUSTRIES INCORPORATED, a Delaware Limited Liability Company; and DOES 1 through 50*" in the Superior Court of the State of California, County of San Diego, Case No. 37-2023-00051258-CU-OE-CTL (the "State Court Action").  A true and correct copy of the original Complaint that was filed by Plaintiffs is attached hereto as **Exhibit "A"** as part of the Index of Exhibits.

2.      A true and correct copy of the Summons filed by Plaintiffs on November 27, 2023, is attached hereto as **Exhibit "B"** as part of the Index of Exhibits.  A true and correct copy of the Civil Case Cover Sheet filed by Plaintiffs on November 27, 2023, is attached hereto as **Exhibit "C"** as part of the Index of Exhibits.  A true and correct copy of the Notice of Case Assignment issued by the San Diego County

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

Superior Court on November 27, 2023, is attached hereto as **Exhibit "D"** as part of the Index of Exhibits.

3.　　The Complaint in the State Court Action was served on ABM through its California registered agent for service of process on December 4, 2023.  A true and correct copy of the Proof of Service of Summons filed by Plaintiff on December 4, 2023, is attached hereto as **Exhibit "E"** as part of the Index of Exhibits.

4.　　Thereafter, ABM filed its Answer to the Complaint in the State Court Action on December 27, 2023.  A true and correct copy of the Answer filed by ABM on December 27, 2023, is attached hereto as **Exhibit "F"** as part of the Index of Exhibits.

5.　　**Exhibits "A"** through **"F"** attached hereto as part of the Index of Exhibits constitute the pleadings, process, and orders, if any, either filed but not served, or filed and served, upon or by Plaintiff and/or ABM in the State Court Action.

6.　　Plaintiff defines the class set forth in the Complaint as "[a]ll of Defendants' current or former nonexempt employees who worked in the state of California from November 26, 2019 to the present."

7.　　Plaintiff alleges the following causes of action against Defendants on behalf of herself and the putative class: (1) Failure to Pay Minimum/Regular Wages; (2) Failure to Pay State Overtime; (3) Failure to Comply with Meal Break Laws; (4) Failure to Comply with Rest Break Laws; (5) Failure to Reimburse Expenses; (6) Failure to Provide Accurate Wage Statements; (7) Failure to Pay Wages Timely; (8) Failure to Provide and Maintain Records; and (10) Violation of Bus. & Prof. Code §§ 17200, *et seq*. Plaintiff also alleges an individual claim for Violations of the California

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-3-

1  Investigative Consumer Reporting Agencies Act. (*See*, Complaint ("Compl."), Cause

2  of Action No. Nine.)

## II.  REMOVAL IS TIMELY

8.  Pursuant to 28 U.S.C. § 1446(b)(1), this case is being removed within thirty days of the time when ABM first became aware that it was removable.  *See*, 28 U.S.C. § 1446(b)(1).

9.  28 U.S.C. § 1446(b)(1) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…."

10.  "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]"  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).  Here, the operative Individual and Class Action Complaint ("Complaint") in the State Court Action was served on December 4, 2023. (*See*, Compl., **Exhibit "E"**.) This Notice of Removal is filed within 30 days of that date and is therefore timely under § 1446(b)(1).

## III.  PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

11.  This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453 and 1711 ("CAFA"). As such, this action may be removed to this Court by ABM pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

*PAYNE & FEARS LLP*
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

12.     Under CAFA, the federal district court has jurisdiction if:

a)      Any class member (named or not) is a citizen of a different state than any defendant; and

b)      The combined claims of all class members exceed $5 million exclusive of interest and costs; and

c)      There are at least 100 class members in all proposed plaintiff classes. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

13.     ABM denies any liability in this case, both as to Plaintiff's individual claims and as to the class and/or representative claims. ABM will present compelling defenses to these claims on the merits and also intends to oppose class certification. ABM believes that class treatment is inappropriate under these circumstances and that there are many material differences between the named Plaintiff and the employees Plaintiff seeks to represent in her Complaint.

14.     ABM expressly reserves all rights in this regard.  However, for purposes of the jurisdictional requirements for CAFA removal only, ABM notes that, as set forth in detail below, ABM is authorized to remove this action to this Court pursuant to CAFA because Plaintiff has filed a class action complaint where both named ABM defendant entities are citizens of states different from Plaintiff, the alleged amount in controversy exceeds $5 million in the aggregate, and the classes established by Plaintiff's Complaint contain well over 100 class members. *See,* 28 U.S.C. § 1332(d)(5)(B), (6).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**A.    The Diversity of Citizenship Requirement Is Satisfied Between Plaintiff and the Named Defendant ABM Entities.**

15.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if, among the other requirements of section 1332(d), a member of a class is a citizen of a state different from **any** defendant.  *See*, 28 U.S.C. § 1332(d)(2)(A).  Since Plaintiff in this case is a citizen of California and ABM Aviation, Inc. is a citizen of Georgia and Texas, minimal diversity exists between Plaintiff and ABM Aviation, Inc., and there is jurisdiction under CAFA.

**1.    Plaintiff is a Citizen of the State of California.**

16.    To establish citizenship of a natural person for diversity purposes, the party must be both a citizen of the United States and a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's "domicile" is the place where he or she resides, with the intent to remain or to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citing *Lew v. Moss,* 797 F.2d 747, 749 (9th Cir. 1986).  Domiciliary is determined at the time the lawsuit was filed.  *Stroteck Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002).

17.    While "[r]esidence alone is not the equivalent of citizenship … the place of residence is *prima facie* the domicile."  *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *see also*, *Hester v. Horowitz*, No. 14-00413 JMS-KLP, 2015 WL 127890, at *2 (D. Haw. Jan. 8, 2015) ("Although residence alone is not the equivalent of citizenship, the place of residence is prima facie the domicile.").  It is presumed that a natural person's residence is also her domicile, and a party

-6-

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

resisting this presumption bears the burden of producing contrary evidence. *Dyer,* 19 F.3d at 519; *Lew*, 797 F.2d at 751.

18.    Here, Plaintiff's Complaint confirms that at the time the State Court Action was filed, she was "an individual residing in the County of San Diego, California." (Compl., ¶ 8.)  Plaintiff further claims that she was employed by ABM "as a nonexempt transportation worker in California" from about August 14, 2023 to October 6, 2023.  (Compl., ¶ 21.)[1]

19.    Accordingly, <u>Plaintiff was a citizen of the State of California</u> when the State Court Action incepted and when this Petition and Notice was filed.

## 2.    ABM Aviation, Inc. is a Citizen of the Georgia and Texas; and Defendant ABM Industries Incorporated is a Citizen of Delaware and New York.

20.    When jurisdiction over a class is predicated on CAFA, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 USC § 1332(c)(1). ABM Aviation, Inc. is now and was at the time of the filing of this action, a citizen of Georgia and Texas within the meaning of 28 U.S.C. § 1332(c)(1).  ABM Industries Incorporated is now and was at the time of the filing of this action, a citizen of Delaware and New York within the meaning of 28 U.S.C. § 1332(c)(1).

---

[1] Defendant denies that Plaintiff or the alleged class members were employed by ABM Industries Incorporated.

-7-

21.    The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center." *Id.* at 92-93.

22.    At the time of the filing of this action, Defendant ABM Aviation, Inc was, and still is, a corporation organized and incorporated under the laws of the State of Georgia. (Thiesen Decl., ¶ 6.) Defendant ABM Aviation, Inc. has not been incorporated in any other state. (*Id.*) Similarly, at the time of the filing of this action, Defendant ABM Industries Incorporated was, and still is, a corporation organized and incorporated under the laws of the State of Delaware. (Thiesen Decl., ¶ 5.) Defendant ABM Industries Incorporated has not been incorporated in any other state. (*Id.*)

23.    Defendant ABM Aviation, Inc.'s principal place of business is in the State of Texas as it performs the vast majority of its administrative functions at its corporate headquarters at 14141 Southwest Freeway, Suite 477, Sugar Land, Texas 77478. (Thiesen Decl., ¶ 7.) Defendant ABM Aviation, Inc.'s primary administrative offices, including payroll, accounts payable and accounts receivable are also located at the headquarters in Texas. (*Id.*) Defendant ABM Aviation, Inc. considers Texas to be its principal place of business. (*Id.*) Accordingly, Defendant ABM Aviation, Inc. is a citizen of the State of Texas pursuant to the "nerve center" test. Defendant ABM Industries Incorporated's principal place of business is in the State of New York as it performs the vast majority of its administrative functions at its corporate

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-8-

headquarters at One Liberty Plaza, 7th Floor, New York, New York 10006. (Thiesen Decl., ¶ 5.) Defendant ABM Industries Incorporated's primary administrative offices, including payroll, accounts payable and accounts receivable are also located at the headquarters in New York. (*Id.*) Defendant ABM Industries Incorporated considers New York to be its principal place of business. (*Id.*) Accordingly, Defendant ABM Industries Incorporated is a citizen of the State of New York pursuant to the "nerve center" test.

24.    Thus, ABM Aviation, Inc. is a citizen of the State of Georgia and the State of Texas, and ABM Industries Incorporated is a citizen of the State of Delaware and the State of New York; and neither entity was a citizen of California, when the State Court Action incepted and when this Petition and Notice was filed.

### 3.    The Citizenship of "Doe Defendants" Must Be Disregarded.

25.    While Plaintiff asserts claims against "Doe" defendants who are fictitiously named and not served, they are not joined in this Petition and Notice, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal. As such, the district court was correct in only considering the domicile of the named defendants.").

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

2

### 4.    Minimal Diversity Exists Between The Parties For Removal.

3

4    26.    The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this

action because the citizenship of at least one putative class member is diverse from

the citizenship of at least one defendant.  28 U.S.C. § 1332(d)(2)(A).  Plaintiff, a

putative class member, is a citizen of California.  (Compl., ¶¶ 8, 21.)  ABM Aviation,

Inc. is a Georgia corporation having its principal place of business in Texas and is

thus a citizen of the States of Georgia and Texas (Thiesen Decl., ¶¶ 6-7.); 28 U.S.C.

§ 1332(c); and ABM Industries Incorporated is a Delaware corporation having its

principal place of business in New York and is thus a citizen of the States of Delaware

and New York. (Thiesen Decl., ¶ 5.); 28 U.S.C. § 1332(c).  The citizenship of the

"Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

Therefore, the requisite minimal diversity exists between Plaintiff and Defendants,

and there is jurisdiction under CAFA.

### B.    More Than 100 Members Make Up the Proposed Classes.

27.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(d) if,

among the other requirements of section 1332(d), the action involves a putative class

of at least 100 persons.  *See*, 28 U.S.C. § 1332(d)(5)(B).  Here, Plaintiff expressly

alleges that "the potential members of the putative class as defined are so numerous

or many, that joinder of all the members of the putative class is impracticable….

While the precise number of putative class members has not been determined at this

time, Plaintiffs are informed and believe, and based thereon allege, that

DEFENDANT EMPLOYER currently employs, and during the relevant time periods

employed, a sufficient number of employees to warrant class certification if all other

elements are met."  (Compl., ¶¶ 74-75.)

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

28.    Plaintiff proposes a class consisting of and defined in Paragraph 69 of the Complaint as: "[a]ll of Defendants' current or former nonexempt employees who worked in the state of California from November 26, 2019 to the present."

29.    Plaintiff also proposes eight subclasses consisting of and defined in Paragraph 70 of the Complaint as follows:

**Minimum/Regular Wage Subclass:** All Members of the putative class who during the relevant period, failed to receive minimum/regular wages for all hours worked.

**State Overtime Subclass:** All Members of the putative class who, during the relevant period, worked more than eight hours per day and/or in 40 hours per week and who did not receive overtime pay at the requisite overtime rate of pay.

**Meal Break Subclass:** All Members of the putative class who, during the applicable statute of limitations period (1) worked for any of the Defendants and were not provided compliant meal breaks and (2) were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Rest Break Subclass:** All Members of the putative class who, during the applicable statute of limitations period (1) worked for any of the Defendants and were not provided compliant rest breaks or paid for time spent during rest breaks and (2) were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Unreimbursed Expense Subclass:** All Members of the putative class who, during the relevant period, Defendants did not reimburse for reasonable and necessary expenses.

**Wage Statement Subclass:** All Members of the putative class who, during the applicable statute of limitations period, did not receive accurate itemized wage statements as required by Labor Code § 226.

**Waiting Time Subclass:** All Members of the putative class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**UCL Subclass:** All Members of the putative class, who, during the relevant period, are owed restitution in the form of (1) unreimbursed expenses and/or (2) wages earned and unpaid because of Defendants' uniform pay policies and procedures.

-11-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

30.    Since November 26, 2019, ABM Aviation, Inc. has employed approximately 5,977 non-exempt, hourly employees in California. (*See,* Thiesen Decl., ¶ 9.)[2]

31.    Should Plaintiff's proposed class and subclasses be certified (which ABM opposes), they would consist of far more than 100 members.  Thus, there is minimal jurisdiction under CAFA.  *See*, 28 U.S.C. § 1332(d)(5)(B).

**C.    <u>The Requisite Amount In Controversy Exceeds $5 Million.</u>**[3]

32.    When a defendant alleges the amount in controversy exceeds the CAFA threshold, the notice to remove need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens,* 547 U.S. 81, 135 S. Ct. 547, 554 (2014) (holding the district court erroneously remanded to state court when the defendant had submitted an affidavit in support of his calculation on the amount in controversy); *Clay v. Chobani LLC*, No. 14cv2258 (BEN) (DBH), 2015 WL 4743891, at *3 (S.D. Cal. Aug. 10, 2015).

33.    A defendant satisfies the amount in controversy for CAFA when they rely on a reasonable chain of logic based on the allegations of the complaint and sufficient evidence to show that the amount in controversy exceeds $5 million.  *See*,

---

[2] Plaintiff was employed exclusively by ABM Aviation, Inc.  ABM Industries Incorporated is not, and has not ever been, Plaintiff's employer.

[3] In alleging the amount in controversy for purposes of CAFA removal, ABM does not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint.  Nor does ABM concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

*LaCross v. Knight Transp. Inc*., 775 F.3d 1200, 1201 (9th Cir. 2015); *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1028 (C.D. Cal. 2017) (denying motion to remand where defendant "provide[d] detailed calculations [of its in controversy allegations] based primarily on the declaration of [a top executive official]"); *Unutoa v. Interstate Hotels & Resorts, Inc*., No. 2:14-cv-09809-SVW-PJW, 2015 WL 898512, at *2 (C.D. Cal. Mar. 3, 2015).

34.     "[A] removing defendant is not required to go so far as to prove Plaintiff's case for him by proving the actual rates of violation." *Gomez v. Michaels Stores, Inc*., EDCV 15-2328-JGB, 2016 WL 738196, at *3 (C.D. Cal. Feb. 22, 2016); *Garcia v. Wal-Mart Stores, Inc*., No. CV 16-01645-BRO, 2016 WL 6068104, at *5 (C.D. Cal. Oct. 14, 2016) ("At this stage, a defendant is only required to prove the amount in controversy by a preponderance of the evidence, and in so doing may calculate the amount in controversy based on *reasonable assumptions.*"); *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *5 (C.D. Cal. Jan. 7, 2015) (finding that a defendant opposing a motion to remand is "not required to comb through its records to identify and calculate the exact frequency of violations"); *Sanchez v. The Ritz Carlton*, No. CV 15-3484 PSG, 2015 WL 4919972, at *3 (C.D. Cal. Aug. 17, 2015) (citing cases therein). "This is consistent with Congress' intent that CAFA be interpreted expansively." *Ritenour,* 2017 WL 59069, at *4.

35.     Here, the aforementioned allegations in Plaintiff's Complaint, alone, establish the amount in controversy is more than sufficient to meet the CAFA threshold.

///
///
///

-13-

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1        **1.**     **Plaintiff's First Claim Under California Labor Code §§ 216, 218, 218.5, 223, 1182.12, 1194, 1194.2, 1197, and 1198 via the applicable IWC Wage Order (Failure to Pay State and Local Minimum/Regular Wages) Places Over $4.7 Million in Controversy.**

36.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation …."

37.     Plaintiff alleges that "[d]uring **_all times relevant and pursuant to company policy and/or practice and/or direction_**,…Defendants employed [sic] failed to pay Plaintiff and putative class members all wages, *e.g.*, overtime, minimum wages, etc., as required by law" which she "reallege[s] and incorporate[s] by reference" into her First Cause of Action. (Compl., ¶¶ 25, 88 (emphasis added).) Plaintiff claims that "putative class members were not paid minimum/regular wages for all hours suffered or permitted to work[.]" (Compl., ¶ 94.) Plaintiff also alleges that "Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked." (Compl., ¶ 96.) Plaintiff further alleges that "[**_d]uring all times relevant_**, the named Plaintiff and other putative class members **worked more than eight hours in a day and 40 hours in a week** but Defendants did not pay them for all hours worked…." which she "reallege[s] and incorporate[s] by reference" into her First Cause of Action. (Complaint, ¶¶ 34, 88 (emphasis added).) Plaintiff also seeks liquidated damages in an amount equal to all wages that were allegedly "unlawfully unpaid and interest thereon" pursuant to Labor Code section 1194.2. (Compl., ¶¶ 93, 98, Prayer for Relief at ¶ 9.)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

38.    Defendants deny that Plaintiff or the putative class members were denied any wages, penalties or otherwise.  However, because Plaintiff has alleged a failure to pay wages due pursuant to "company policy and/or practice and/or direction" during the class period, for purposes of this jurisdictional analysis *only*, the court should apply to the amount in controversy requirement a conservative assumption of one hour of unpaid minimum wages, per non-exempt employee, during each workweek.  *See, e.g., Soto v. Greif Packaging, LLC*, No. SACV 17-2104 (JVS (JDEx), 2018 WL 1224425, *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of unpaid wages per employee per workweek where plaintiff alleged that defendant failed to pay him and the class members for all hours worked on a "consistent and regular basis"); *Reyes v. Carehouse Healthcare Center, LLC*, No. SACV 16-01159-CJC (MRWx), 2017 WL 2869499, *4 (C.D. Cal. July 5, 2017) (defendant's estimate of one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that defendants engaged in a "regular practice of willfully, unfairly and unlawfully" depriving plaintiff and the class members of compensation); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11-01477 AHM (JCx), 2011 WL 1790123, at *6–7 (C.D. Cal. May 9, 2011) (finding defendant's estimated one hour per week per class member conservative and reasonable when Plaintiff alleged that he and putative class members "routinely" worked more than eight hours a day and/or forty hours per week).

39.    Since November 26, 2019, approximately 214,171 paychecks were issued to the 5,977 employees (active and separated) of ABM Aviation, Inc. (Thiesen Decl., ¶ 9.) Assuming conservatively that each paycheck represents at least one workweek,[4] ABM Aviation, Inc., employees worked at least 214,171 workweeks

---

[4] For purposes of this motion, ABM does not distinguish between paychecks issued on a weekly, bi-weekly, or semi-monthly basis.

-15-

during the class period. Subtracting from that total an estimated, two weeks of vacation time and one week of sick time per employee, the total minimum number of weeks actually worked by the putative class members is calculated. This yields a total of no less than **196,240 workweeks** during the class period: (214,171 [checks issued during the class period] x 1 [conservative number of weeks accounted for by each check]) – (3 [total number of weeks of vacation and sick time] x 5,977 [number of non-exempt employees during the class period]).

40.    During the class period, for employers like ABM Aviation, Inc. with 26 or more employees, the lowest hourly minimum wage rate for large employers was $12.00 per hour in 2019.[5] (*See*, Thiesen Decl., ¶ 9.)

41.    By multiplying the lowest hourly minimum wage rate applicable during the class period, by the minimum total number of weeks worked by the putative class during the class period, by one hour per workweek, the total theoretical amount in controversy for Plaintiff's Failure to Pay Minimum/Regular Wages claim is **$2,354,880**: ($12.00 [lowest hourly minimum wage rate applicable during the class period] x 196,240 [total number of weeks worked by the putative class during the class period] x 1 [one hour per workweek]).

42.    Cal. Lab. Code § 1194.2 (a) states that in "any action…to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." *See also*, *Soto*, *supra*, at *3.

---

[5] See, https://www.dir.ca.gov/dlse/faq_minimumwage.htm.

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

43.    Because Plaintiff seeks liquidated damages and interest thereon pursuant to Labor Code section 1194.2, Plaintiff puts into controversy at least another **$2,354,880** for liquidated damages. (Compl., ¶¶ 93, 98, Prayer for Relief at ¶ 9.)

44.    Thus, the total theoretical amount in controversy for Plaintiff's First Cause of Action is **$4,709,760**.

> ### 2.    Plaintiff's Second Claim Under California Labor Code §§ 510, 1194, and 1198 via the applicable IWC Wage Order (Failure to Pay State Overtime and/or Double-Time Compensation) Places Over $3.5 Million in Controversy.

45.    Plaintiff alleges that "[d]uring *all times relevant* and pursuant to *company policy and/or practice and/or direction*,…Defendants employed [sic] failed to pay Plaintiff and putative class members all wages, e.g., overtime, minimum wages, etc., as required by law" which she "reallege[s] and incorporate[s] by reference" into her Second Cause of Action. (Complaint, ¶¶ 25, 99 (emphasis added).)  Plaintiff claims that "[d]uring *all times relevant*…Defendants failed to pay its [sic] employees the lawful amount of overtime to which they had the right to receive." (Compl., ¶ 104 (emphasis added).) Plaintiff also alleges that "Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked." (Compl., ¶ 106.)

46.    Defendants deny that the putative class members were denied any overtime wages. However, because Plaintiff has alleged a failure to pay overtime wages due pursuant to "company policy and/or practice and/or direction" during the class period, for purposes of this jurisdictional analysis *only*, the court should also apply to the amount in controversy requirement a conservative assumption of one hour of unpaid overtime wages, per employee, during each workweek.  Indeed,

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1    Defendants may use both the calculations of damages for unpaid minimum wage

2    claims and unpaid overtime claims for the purpose of determining the potential

3    amount in controversy for removal. *Soto*, *supra*, at *4; *Feao v. UFP Riverside, LLC*,

4    No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *5 (C.D. Cal. June 29, 2017);

5    *Oda*, 2015 WL 93335, at *5.

6

7        47.    By multiplying the lowest possible hourly overtime wage rate during the

8    class period ([lowest hourly minimum wage rate applicable during the class period] x

9    1.5 [overtime multiplier]) by the total number of weeks worked by the putative class

10   during the class period (calculated above) by one hour per workweek, the total

11   theoretical amount in controversy for Plaintiff's Failure to Pay Overtime

12   Compensation claim is **$3,532,320**: ($12.00 [hourly minimum wage rate applicable

13   during the class period] x 1.5 [overtime multiplier] x 196,240 [total number of weeks

14   worked by the putative class during the class period] x 1 [one hour per workweek]).

15

16         **3.    Plaintiff's Sixth Claim Under California Labor Code §§ 226
17              and 1198 via the applicable IWC Wage Order (Failure to
               Provide Accurate Wage Statements) Places Over $6.5 Million
               in Controversy.**

18

19

20       48.    California Labor Code section 226(a) states that every employer shall

21   furnish his or her employees an accurate itemized wage statement in writing showing

22   nine specific categories of information.  Plaintiff alleges that "***during all times***

23   ***relevant and pursuant to company policy and/or practice and/or***

24   ***direction***,…Defendants issued the named Plaintiff and other putative class members

25   erroneous wage and earning statements[,]" which she "reallege[s] and incorporate[s]

26   by reference" into her Sixth Cause of Action. (Compl., ¶¶ 54, 130 (emphasis added).)

27   Plaintiff also generally alleges that Defendants failed to provide accurate itemized

28   wage statements. (*See*, Compl. at ¶¶ 133-134.)

-18-

49.    Defendants deny any such allegations, including that there are any unpaid wages, penalties or otherwise, owed to Plaintiff or the putative class members. However, for purposes of this jurisdictional analysis *only*, ABM relies on Plaintiff's allegations that such wages or penalties are owed.  *See, Lewis v. Verizon Commc'ns, Inc.,* 627 F.3d 395, 399 (9th Cir. 2010) ("In determining the amount [in controversy], we first look to the complaint."); *Heejin Lim v. Helio, LLC,* No. CV11-9183 PGS (PLAx), 2012 WL 359304, at *2 (C.D. Cal. Feb. 2, 2012) ("The ultimate inquiry is, therefore, what amount is put 'in controversy' by the plaintiff's complaint or other papers, not what defendant will actually owe for the actual number of violations that occurred, if any"; citations omitted).

50.    Accordingly, for the Wage Statement Subclass employees who were allegedly not provided accurate wage statements each pay period, the amount in controversy for alleged penalties is calculated based on a 100% assumed violation rate per pay period. *Ritenour*, 2017 WL 59069 at *3 (complaint that simply alleged that defendants "failed to provide Plaintiffs and other class members complete and accurate wage statements" made it reasonable for court to assume a 100% violation rate); *Moppin v. Los Robles Reg'l Med. Ctr.*, No. EDCV 15-1551 JGB, 2015 WL 5618872, at *4 (C.D. Cal. Sept. 24, 2015) (allegation in complaint "*at all times*" supported 100% violation rate for calculation of amount of Labor Code § 226 penalties); *Mejia v. DHL Express (USA), Inc*., No. CV 15-890-GHK, 2015 WL 2452755, at *4-5 (C.D. Cal. May 21, 2015) (finding that allegations that defendant "adopted and maintained uniform policies, practices and procedures" that caused labor law violations sufficient to support 100% alleged violation rate for Section 226 claim).

51.    An employee suffering an injury as a result of a knowing and intentional failure to comply with Labor Code section 226(a) is entitled to "recover the greater of

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-19-

all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal. Lab. Code § 226(e)(1). The applicable statute of limitations period is one year. Cal. Code Civ. Proc. § 340(a).

52. Since November 26, 2022, approximately 67,082 paychecks were issued to a total of 3,276 ABM Aviation, Inc. employees (active and separated). (Thiesen Decl., ¶ 11.) Given that one paycheck is issued per pay period, there were 67,082 pay periods that occurred during the applicable one-year statute of limitations. Likewise, given that a total of 3,276 ABM Aviation, Inc. employees were working at any given time during the applicable one-year statute of limitations, there were approximately 3,276 putative class members that comprise the alleged Wage Statement Subclass. Each of these employees had at least one "initial" pay period for purposes of the alleged $50 statutory penalty. Subtracting these 3,276 initial pay periods (1 [number of initial pay periods experienced by each employee] x 3,276 [number of employees (active and separated) during the one-year statutory period]) from the total number of pay periods leaves a total of 63,806 "subsequent" pay periods for purposes of the alleged $100 statutory penalty (67,082 [number of total pay periods during the statutory period] – 3,276 [number of "initial" pay periods]).

53. Thus, the sum of all alleged wage statement penalties is **$6,544,400**: (3,276 [number of "initial" pay periods] x $50 [penalty for each "initial" pay period violation]) + (63,806 [number of "subsequent" pay periods] x $100 [penalty for each "subsequent" pay period violation]).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

54.    Since Courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met, if Plaintiff were to seek recovery of the aggregate penalty of $4,000 for each member of the alleged Wage Statement Subclass during the one-year statute of limitations, the total amount in controversy under Section 226(e) – according to Plaintiff – could reach as high as **$13,104,000**: (3,276 [number of employees (active and separated) during the one-year statutory period] x $4,000 [maximum statutory penalty available for each subclass member]). *See*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205-06 (E.D. Cal. 2008).

**4.    Plaintiff's Seventh Claim Under California Labor Code §§ 201, 202, 203, 204 and/or 204b, 218.5, 218.6, and 1198 via the applicable IWC Wage Order (Failure to Pay Timely Earned Wages During Employment and Upon Separation of Employment) Places Over $8.5 Million in Controversy.**

55.    Plaintiff alleges that "Defendants failed to pay putative class members pursuant to the requirements of Labor Code §§ 201, 202, and 204/204b and hereby Plaintiffs seek all remedies available to them." (Compl., ¶ 146.) The "named Plaintiff and putative class members request unpaid wages, waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies…." (Compl., ¶ 150). The statute of limitations for penalties under California Labor Code § 203 is three years. *See,* Cal. Civ. Proc. Code § 338(a).

56.    While Defendants strongly deny that any such statutory violations occurred, or that any such wages, penalties or damages are owed to Plaintiff or putative class members, that fact is irrelevant for purposes of this jurisdictional analysis. *See, Lewis,* 627 F.3d at 399; *Heejin Lim*, 2012 WL 359304, at *2.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

57.     If an employer fails to pay wages due an employee at the time of termination or within 72 hours after resignation, as required by California Labor Code sections 201-202, then the wages "shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced" for up to a maximum of 30 days.  *See,* Cal. Lab. Code § 203(a); *see also*, *Quintana v. Claire's Stores, Inc.*, No. 13-0368-PSG, 2013 WL 1736671, *4-6 (N.D. Cal. Apr. 22, 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty-days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiffs' allegations and are a reasonable estimate of the potential value of the claims.".) Thus, penalty amounts are calculated by multiplying the number of former employees in the putative class by thirty days' wages.  Thirty day's wages, in turn, can be calculated by multiplying the average number of hours worked by the average rate of pay.  *See Ritenour,* 2017 WL 59069 at *2 (going through calculation); *Rippee v. Boston Mkt. Corp*., 408 F. Supp. 2d 982, 985-86 (S.D. Cal. 2005) (same).

58.     Since November 26, 2020, approximately 2,974 employees of ABM Aviation, Inc. separated their employment in California. (Thiesen Decl., ¶ 10.)

59.     If, as Plaintiff alleges, it was ABM's policy and practice not to pay minimum wages, overtime wages, and meal and rest period premiums (*see*, Compl., ¶¶ 25, 36), then a reasonable assumption is that the Complaint alleges a 100% violation rate for terminated employees.  *See, Salcido v. Evolution Fresh, Inc.*, No. 2:14-cv-09223-SVW-PLA, 2016 WL 79381, at *7 (C.D. Cal. Jan. 6, 2016) (full 30-day waiting time penalty applied for all terminated employees, even when based on derivative wage and hour claims calculated on less than a 100% violation rate); *Mackall v. Healthsource Global Staffing, Inc*., No. 16-cv-03810-WHO, 2016 WL

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

4579099, at *6 (N.D. Cal. Sept. 2, 2016) (same); *Tajonar v. Echosphere, L.L.C.*, No. 14cv2732-LAB (RBB), 2015 WL 4064642, at *3 (S.D. Cal. July 2, 2015) (same).

60. Thus, for Plaintiff and putative class members who are allegedly entitled to waiting time penalties, the amount in controversy with respect to the Seventh Claim, pursuant to the authority in *Ritenour*, 2017 WL 59069, at *2; *Mackall*, 2016 WL 4579099 at *6; and *Tajonar* 2015 WL 4064642 at *3; is **$8,565,120**, calculated as follows: ($12.00 [lowest hourly minimum wage rate applicable during the approximately three-year statutory period] x 8 [hours per day of work] x 30 [days of waiting time penalties] x 2,974 [number of putative class members who stopped working for Defendant between November 26, 2020 and November 26, 2023].)

### 5. Potential Statutory Attorneys' Fees at the Rate of 25% Must Also Be Considered in Calculating the Amount in Controversy

61. Plaintiff seeks attorneys' fees on behalf of the putative class. (Compl., Prayer for Relief, ¶¶ 9, 11.) Attorneys' fees are properly included in the amount in controversy. *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

62. In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *In re Activision Securities Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%). Accordingly, including attorneys' fees of 25% is

reasonable when calculating the amount in controversy. *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. Apr. 30, 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465, at *6-7 (N.D. Cal. Mar. 1, 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

63.    Using the reasonable assumptions described above, the total amount in controversy based solely on Plaintiff's First, Second, Sixth and Seventh Claims is approximately **$23,351,600** ($2,354,880 [Minimum/Regular Wage Subclass] + ($2,354,880 [Liquidated Damages for Minimum/Regular Wage Subclass] + $3,532,320 [State Overtime Subclass] + $6,544,400 [Wage Statement Subclass] + $8,565,120 [Waiting Time Subclass]).  This amount ignores Plaintiff's other six claims.[6]

64.    Thus, an additional **$5,837,900** in potential attorneys' fees – calculated as 25% of the **$23,351,600** in alleged exposure described above – could realistically be added to the amount in controversy.  Accordingly, the total amount in controversy

---

[6] While ABM denies any liability in this case, both as to Plaintiff's individual claims and as to the class and/or representative claims, for purposes of the jurisdictional requirements for removal *only*, ABM expressly reserves all rights to provide further documentation and briefing with regard to the potential amounts in controversy of Plaintiff's Third, Fourth, Fifth, Eighth, Ninth, and Tenth claims.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

for just Plaintiff's First, Second, Sixth and Seventh Claims, including attorneys' fees, would be approximately **$29,189,500**.

### 6.    Summary of Amount in Controversy

65.    In light of the foregoing, Plaintiff's allegations establish an amount in controversy well in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA.    The absolute minimum amount in controversy is summarized as follows:

| **Damages** | **Amount** |
|---|---|
| Failure to Pay Minimum/Regular Wages and Liquidated Damages | $4,709,760 |
| Failure to Pay State Overtime Wages | $3,532,320 |
| Failure to Provide Accurate Wage Statements | $6,544,400 |
| Failure to Pay Wages Timely | $8,565,120 |
| **Subtotal:** | $23,351,600 |
| Attorneys' Fees (25%) | $5,837,900 |
| **Total:** | **$29,189,500** |

## IV.    THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED

66.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.    The San Diego County Superior Court is located within the Southern District of California.    Therefore, venue is proper in

-25-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

67.    In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice and Petition.

68.    In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of San Diego.  Notice of Compliance shall be filed promptly afterwards with this Court.

69.    As required by Federal Rule of Civil Procedure 7.1 and Local Civil Rule 40.2, Defendant concurrently filed its Certificate of Interested Parties, along with its Civil Case Cover Sheet.

## V.    NO EXCEPTION APPLIES TO DEFEAT CAFA REMOVAL

70.    Because ABM has shown that federal jurisdiction exists over this action, Plaintiff bears the burden of proof to show than an exception to CAFA removal applies, if any, and justifies remand.  *Serrano v. 180 Connect, Inc.,* 478 F.3d 1018, 1024 (9th Cir 2007).  Plaintiff cannot meet this burden, as neither the "Home State" nor the "Local Controversy" exceptions apply to this action.[7]

---

[7] ABM expressly reserves its right to contest and further brief the applicability of any exception that Plaintiff may argue in a motion for remand.  To the extent that a certain prong or exception is not addressed, ABM does not waive any argument or acquiesce to Plaintiff's interpretation of the facts.

-26-

1

2

### A.    The "Home State" Exception Does Not Apply.

3      71.    The "Home State" exception does not apply because neither ABM

4  named defendant is a citizen of California.  Under the "home state" exception, a case

5  may be remanded where **all** "primary defendants" are citizens of California.  *Corsino*

6  *v. Perkins*, No. CV 09-09031 MMM, 2010 WL 317418, at *5 (C.D. Cal. Jan. 19,

7  2010) (emphasis added) ("Many courts 'agree that the term "the primary defendants"

8  means that all primary defendants must be citizens of the state concerned."')

9  (citations omitted).  Stated conversely, where any one primary defendant is a citizen

10  of a state *other than California*, the "home state" exception will not apply to justify

11  remand.  *Kearns v. Ford Motor Co.*, No. CV 05-5644 GAF, 2005 WL 3967998, at *8

12  (C.D. Cal. Nov. 21, 2005).

13

14      72.    A primary defendant is one who: (1) has the greater liability exposure;

15  (2) is most able to satisfy a potential judgment; (3) is sued directly, as opposed to

16  vicariously, or for indemnification or contribution; (4) is the subject of a significant

17  portion of the claims asserted by plaintiff; or (5) is the only defendant named in one

18  particular cause of action.  *Marino v. Countrywide Fin. Corp.*, 26 F. Supp. 3d 949,

19  953 (C.D. Cal. 2014) (citations omitted).  Plaintiff has the burden of showing the

20  "home state" exception applies to justify remand.  *Serrano*, 478 F.3d at 1024.

21

22      73.    Plaintiff cannot meet this burden because ABM Aviation, Inc., which is

23  and was a citizen of Georgia and Texas—but *not* California—and ABM Industries

24  Incorporated, which is and was a citizen of Delaware and New York—but *not*

25  California—are the primary defendants named in this action.  *See*, *Marino*, 26 F.

26  Supp. 3d at 953**.**

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-27-

**B.      The "Local Controversy" Exception Does Not Apply.**

74.      The "Local Controversy" exception does not apply because similar class actions have been filed in the last three years.  The "local controversy" exception applies to justify remand only when, "during the 3-year period preceding the filing of [the current action], no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A)(ii).  Plaintiff cannot meet her burden here to satisfy the local controversy exception because at least two (2) similar such class actions have been filed and/or pending just in the past three years.  *Serrano*, 478 F.3d at 1024.

75.      Within the three years prior to Plaintiff's filing of her Complaint, there have been at least two (2) prior and/or pending class actions filed against ABM, including: *Walter Reyes adv. ABM Industries Incorporated, et al.*, Case No. STCV16794, originally filed in Los Angeles Superior Court on July 18, 2023; *Edgar Mendez adv. ABM Industries Incorporated, et al.,* Case No. 23STCV11446, originally filed in Los Angeles Superior Court on November 15, 2023.[8] These previously filed class actions assert the same or similar wage and hour claims against ABM Aviation, Inc. and ABM Industries Incorporated by the same or partially overlapping putative class members (*i.e.*, hourly, non-exempt California employees who were employed

---

[8] Approximately a month following the filing of Plaintiff's operative complaint, a nearly identical class action was filed against Defendant ABM Aviation, Inc. purporting to create a putative class comprised of largely the same putative class members identified here. This class action is called: *Keimyah Williams adv. ABM Aviation, Inc.,* Case No. 23STCV31580, originally filed in Los Angeles Superior Court on December 27, 2023.  (*See* RJN, Exh. "C".)

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

by ABM during the relevant time period).  (*See*, ABM's Request for Judicial Notice, Exs. "A" through "C," filed under separate cover concurrently herewith.)

76.    Because at least one other class action has been filed against ABM within the last three years, asserting the same factual allegations and legal claims against ABM on behalf of the same or similar persons, the "local controversy" exception cannot apply.  *Corsino*, 2010 WL 317418 at *4; *Green v. SuperShuttle Int'l, Inc.,* No. 09-2129 ADM/JJG, 2010 WL 419964, at *3 (D. Minn. Jan. 29, 2010); *see also*, *Jadeja v. Redflex Traffic Sys., Inc.*, No. C 10-04287 WHA, 2010 WL 4916413, at *3 (N.D. Cal. Nov. 22, 2010).

## VI.    PLAINTIFF'S NON-CLASS CLAIMS ARE PROPERLY WITHIN THE COURT'S SUPPLEMENTAL JURISDICTION

77.    In her Ninth Claim (Individual Claim for Violations of the California Investigative Consumer Reporting Agencies Act (Civ. Code, § 1786, et seq.)), Plaintiff alleges that she is entitled to recover the higher of statutory damages in the amount of $10,000 or actual damages due to Defendants' alleged failure to comply with the requirements imposed by Civ. Code § 1786, *et seq*.  (*See*, Compl. at ¶¶ 166, 168.)

78.    Incorporated by reference in Plaintiff's Ninth Claim are all the prior allegations in the Complaint.  (*See*, Compl. at ¶ 163.)

79.    Here, Plaintiff's class and individual claims concern the same alleged misconduct by ABM and form part of the same case or controversy.  28 U.S.C. § 1367(a).

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

80.    Supplemental jurisdiction over Plaintiff's Ninth Claim is thus proper. *See*, *Thompson v. Target Corp.*, No. EDCV 16-00839 JGB (MRWx), 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) ("[G]iven that the Court finds it has original jurisdiction over Plaintiff's class claims under CAFA, the Court may exercise supplemental jurisdiction over Plaintiff's PAGA claims."); *Juarez v. Villafan*, No. 1:16-cv-00688-DAD-SAB, 2017 WL 6629529, at *3 (E.D. Cal. Dec. 29, 2017) (supplemental jurisdiction for Plaintiff's related Labor Code section 226(b) and 1198.5 claims), *report and recommendation adopted,* No. 1:16-cv-00688 DAD-SAB, 2018 WL 4372784 (E.D. Cal. June 13, 2018); *Navarro v. Ordaz Cultured Marble & Onyx, Inc.*, No. C 13-00847 LB, 2013 WL 3801230, at *3, fn. 2 (N.D. Cal. July 19, 2013) (supplemental jurisdiction over the plaintiff's Labor Code section 226(b) and Business & Professions section 17200 claims).

## VII.    <u>CONCLUSION</u>

81.    WHEREFORE, Defendants ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED hereby respectfully remove this action from the Superior Court of California in and for the County of San Diego to this United States District Court.

DATED:  January 2, 2024          PAYNE & FEARS LLP
                                 Attorneys at Law


                        By:    ___/s/ Laura Fleming___
                                 LAURA FLEMING
                                 MATTHEW C. LEWIS
                                 LUKAS R. KRAMER

                                 Attorneys   for   Defendants   ABM
                                 AVIATION, INC. and ABM INDUSTRIES
                                 INCORPORATED

4890-5921-6276.9

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

**PAYNE & FEARS LLP**
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**INDEX OF EXHIBITS**</u>

| <u>**EXHIBIT NO.**</u> | <u>**DESCRIPTION**</u> |
|---|---|
| "A" | Original Complaint filed by Plaintiff on November 27, 2023. |
| "B" | Summons filed by Plaintiff on November 27, 2023. |
| "C" | Civil Case Cover Sheet filed by Plaintiff on November 27, 2023. |
| "D" | Notice of Case Assignment filed by Plaintiff on November 27, 2023. |
| "E" | Plaintiff's Proof of Service on Defendants' California Registered Agent for Service of Process on December 4, 2023. |
| "F" | Answer to the Complaint filed by Defendants on December 27, 2023. |

4890-5921-6276.1

-31-

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711

# EXHIBIT A

Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091-4606
Telephone: (619) 886-7224
thomasrutledgelaw@gmail.com

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego
**11/27/2023** at 12:53:50 PM
Clerk of the Superior Court
By Isaiah Irizarry, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO-CENTRAL DIVISION

| | |
|---|---|
| MARIA FELIPE SUCHITE, an individual on behalf of herself and others, <br><br> Plaintiffs, <br><br> vs. <br><br> ABM AVIATION, INC., a Georgia corporation; ABM INDUSTRIES INCORPORATED, a Delaware Corporation; and DOES 1 through 50, <br><br> Defendants. | Case No.: 37-2023-00051258-CU-OE-CTL <br><br> **INDIVIDUAL AND CLASS ACTION COMPLAINT FOR:** <br> 1. **Failure to Pay Minimum/Regular Wages;** <br> 2. **Failure to Pay State Overtime;** <br> 3. **Failure to Comply with Meal Break Laws;** <br> 4. **Failure to Comply with Rest Break Laws;** <br> 5. **Failure to Reimburse Expenses;** <br> 6. **Failure to Provide Accurate Wage Statements;** <br> 7. **Failure to Pay Wages Timely;** <br> 8. **Failure to Provide and Maintain Records;** <br> 9. **Individual Claim for Violations of the California Investigative Consumer Reporting Agencies Act (Civ. Code, § 1786, *et seq.*); and** <br> 10. **Violation of B.&P. Code §§ 17200, *et seq.*** |

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Plaintiff MARIA FELIPE SUCHITE, on behalf of herself and on behalf of putative class members (collectively the "Plaintiffs"), alleges the following:

## NATURE OF THE ACTION

1.      This is a consumer and wage and hour individual and class action.

2.      Pursuant to Code of Civil Procedure § 382, Plaintiffs bring this proposed class action against Defendants for wage and hour abuses in violation of the California Labor Code and the Industrial Welfare Commission Wage Orders (IWC Wage Orders), all of which contribute to Defendants' deliberate unfair competition in California.

3.      Plaintiffs seek all remedies available to them including but not limited to reimbursements, penalties, restitution, injunctive and other equitable relief, reasonable attorneys' fees, and costs.

4.      The monetary damages and restitution sought by Plaintiffs will be established according to proof at trial. Upon information and belief, the amount owed to individual putative class members, including the named Plaintiff, is well under the $75,000 jurisdictional threshold for federal jurisdiction. No putative class member could reasonably be expected to receive a recovery of $75,000 or more. Upon information and belief, the total damages for the putative class members are not anticipated to exceed $5,000,000. Further, there is no federal question at issue because all issues related to the payment wages alleged herein are based solely on California law and statutes. Finally, the claims alleged herein concern only California workers.

## JURISDICTION AND VENUE

5.      Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, State of California because Plaintiffs allege claims arising under California law.

6.      This Court has jurisdiction over the Defendants because each is an association, corporation, business entity, or individual that conducts substantial business in the State of California.

7.      Pursuant to § 395 of the California Code of Civil Procedure, venue is

- 2 -

proper in the Superior Court of California for the County of San Diego because this is where the misconduct to the Plaintiff occurred. (*Crestwood Behavioral Health, Inc. v. Superior Court* (2021) 60 Cal.App.5th 1069, 1075 citing *Battaglia Enterprises, Inc. v. Superior Court* (2013) 215 Cal.App.4th 309, 313, ["The plaintiff's choice of venue is presumptively correct.]" (*Ibid.*))

## THE PARTIES

8.     Plaintiff MARIA FELIPE SUCHITE is an individual residing in the County of San Diego, California.

9.     Defendant ABM AVIATION, INC. is a Georgia corporation doing business in the State of California.

10.     Defendant ABM INDUSTRIES INCORPORATED is a Delaware corporation doing business in the State of California.

11.     The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to Plaintiffs at this time. Plaintiffs therefore sues said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 50 when their names are ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs for the events and actions alleged herein.

12.     Unless otherwise specified by name, the named Defendants and DOES 1 through 50 will be collectively referred to as "DEFENDANT EMPLOYER" and/or "Defendants."

13.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant was acting as an agent, joint venturer, an integrated enterprise and/or alter ego for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so that each is responsible for the acts of the other pursuant to the conspiracy and in proximate connection with the other

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Defendant(s).

14.     Plaintiffs are informed and believe, and based thereon allege, that each Defendant was acting partly within and partly without the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other Defendant.

15.     Plaintiffs are informed and believe, and based thereon allege that each of the Defendants was an agent, managing general partner, managing member, owner, co-owner, partner, employee, and/or representative of each of the Defendants and was at all times material hereto, acting within the purpose and scope of such agency, employment, contract and/or representation, and that each of them is jointly and severally liable to Plaintiffs.

16.     Plaintiffs are informed and believe, and based thereon allege that each of the Defendants is liable to Plaintiffs under legal theories and doctrines including but not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego, based in part, on the facts set forth below.

17.     Plaintiffs are informed and believe, and based thereon allege, that each of the named Defendants are part of an integrated enterprise and have acted or currently act as the employer and/or joint employer of the putative class members making each of them liable for the wage and hour violations alleged herein.

18.     Plaintiffs are informed and believe, and therefore allege, that one, more than one, or each of the named Defendants are liable to the Plaintiffs under legal theories and doctrines including but not limited to (1) the common law joint employer doctrine and/or (2) Labor Code § 2810.3 because at least one of these named Defendants worked as the central hub to an overall business operation by which the interrelationship between these Defendants makes each of the Defendants liable for the wage and hour violations alleged herein.

19.     Plaintiffs further allege, upon information and belief, that Defendants ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED are alter egos

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

of each other for the following reasons:

> (a) ABM AVIATION, INC. is a wholly-owned subsidiary of ABM INDUSTRIES INCORPORATED;

> (b) ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED share the same officers and directors, including, but not limited to, Dean A. Chin, who serves as Chief Financial Officer to both entities, and Scott B. Salmirs, who serves as the Chief Executive Officer for ABM INDUSTRIES INCORPORATED and is a Director for ABM AVIATION, INC.;

> (c) ABM INDUSTRIES INCORPORATED and ABM AVIATION, INC. are both listed on Plaintiff's and non-party putative class members' payroll summaries;

> (d) On information and belief, ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED utilize the same standardized employment forms and issue the same meal and rest period policies; and

> (e) ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED share the same agent for service of process, CT Corporation Systems and corporate address.

## GENERAL ALLEGATIONS

20.     Defendants are in the transportation business.

21.     From about August 14, 2023, Defendants employed the named Plaintiff as a nonexempt transportation worker in California until Defendants involuntarily terminated the named Plaintiff on or about October 6, 2023 without paying the named Plaintiff all wages to which Plaintiff had a right to receive on the day of Plaintiff's termination in an amount to be proven at trial.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**Failure to Provide Payroll Records and Plaintiff's Personnel File.**

22.    On October 16, 2023, Plaintiff, via counsel, sent a letter to DEFENDANT EMPLOYER requesting access to Plaintiff's payroll records and employee personnel file.

23.    On November 6, 2023, DEFENDANT EMPLOYER, via counsel, responded to the foregoing letter via email providing only some of Plaintiff's records.

24.    To date, DEFENDANT EMPLOYER has failed to produce the remaining portions of Plaintiff's personnel file including but not limited to Plaintiff's wage statements or an accurate itemization thereof, employer handbooks, and who knows what else.

**Minimum Wage/Regular Wage/Overtime claims.**

25.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs allege that Defendants employed failed to pay Plaintiff and putative class members all wages, e.g., overtime, minimum wages, etc., as required by law.

26.    California Labor Code §§ 1194, 1197, and 1197.1 provide the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

27.    The applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." (*See* § 2 of all applicable Wage Orders.)

28.    Therefore, employers are required to pay employees for all time spent subject to the control of the employer and all time the employee is suffered or permitted to work.

29.    During all times relevant, Defendants required the named Plaintiff and other putative class members to perform work before clocking in, after clocking out, and/or during off-the-clock meal breaks.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

30.    For example, Defendants required the named Plaintiff and other putative class members to perform work at various airports in California whose jobs were to clean aircraft for various airlines.

31.    To get to the worksite, the named Plaintiff and other putative class members were effectively required to report at a designated location to enter a company provided vehicle that transported putative class members to the security checkpoint near the entrance of the facility where putative class members reported to work, a process that took on average 15 minutes.

32.    Before entering the worksite, Defendants required the named Plaintiff and other putative class members to pass through airport security before putative class members could clock in for work, a process that likewise took time.

33.    Defendants, however, failed to compensate Plaintiff and other putative class members for the above-described work before clocking in, after clocking out, and/or during off-the-clock meal breaks, including time spent going through airport security screenings or driving in the company provided van from the airport parking lot, among other uncompensated tasks in an amount and manner to be proven at trial.

34.    During all times relevant, the named Plaintiff and other putative class members worked more than eight hours in a day and 40 hours in a week but Defendants did not pay them for all hours worked before clocking in, after clocking out, and/or during off-the-clock meal breaks, including time spent going through airport security screenings and waiting for and riding a mandatory shuttle to and from the time clock facility.

35.    On information and belief, Defendants also miscalculated overtime hours worked when employees worked overnight shifts and/or earned bonuses, as evidenced, in part, by entries in wage statements that say, "PPD."

**Meal and Rest Break Claims.**

36.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs allege that Defendants deprived Plaintiff and putative class

members and other nonexempt employees from taking lawful meal and rest periods and did not pay and refused to pay premium pay to workers.

37.    Plaintiffs allege that putative class members' meal breaks were late, missed, or noncompliant because of work demands imposed on them by management and/or the demands of their customers, among other reasons.

38.    Defendants have, and continues to have, a company-wide policy and/or practice of understaffing the worksites it services, which resulted in a lack of meal break coverage and prevented putative class members from taking all timely, uninterrupted meal periods to which they had the right to enjoy.

39.    The named Plaintiff and other putative class members missed their meal periods altogether, had to have their meal periods interrupted to return to work, or waited extended periods of time before taking meal periods in order to complete assigned tasks.

40.    By way of example, just on the records alone Defendants caused the named Plaintiff to suffer more than 17 meal break violations, either because she missed them, they were too late in the workday or they were too short (i.e., interrupted), as evidenced in the highlighted sections of her time records attached hereto as **Exhibit 1**.

41.    The named Plaintiff is not the only victim.

42.    The named Plaintiff's coworker, Laurie Caroline Davila-Felix, suffered similar meal break violations as evidenced in the highlighted sections of her time records attached hereto as **Exhibit 2** (a total of 24 meal break violations from the records alone)**.**

43.    The foregoing are only a few examples of many meal break violations that negatively affected the named Plaintiff and presumably many other putative class members.

44.    Plaintiffs are informed and believe and based thereon allege the Defendants did not pay the named Plaintiff and putative class members premium pay for all missed and unlawful meal breaks.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

45.     With respect to rest break violations, DEFENDANT EMPLOYER maintained an extremely busy schedule of aircraft cleaning and due to DEFENDANT EMPLOYER's demand for services and understaffing, and based thereon Defendants' management often required putative class members to skip their rest breaks or take shorter breaks than what is required by law.

46.     Incredibly, Defendants also enforce a policy that prohibits putative class members from using aircraft bathrooms, instead requiring workers to use facility bathrooms that are located many minutes from the aircraft, making breaks needed for the bathroom almost impossible and requiring putative class members to wait until lunch before they could use the bathroom.

47.     Because of the foregoing policies, Defendants prevented Plaintiffs from taking all their uninterrupted rest breaks to which they had the right under California law, in an amount to be proven at trial. (*See Augustus v. ABM Security Services* (2016) 2 Cal.5th 257.)

**Failure to Reimburse.**

48.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe and based thereupon allege that Defendants failed to reimburse Plaintiff and putative class members for work related expenses.

49.     During all time relevant, for example, Defendants implemented and enforced a policy and/or practice of requiring employees to carry cell phones at all times during their shifts to respond to calls from management, even during unpaid meal periods.

50.     Defendants' management contacted the named Plaintiff and other putative class members on their cell phones periodically throughout their shifts because that was often the only way to reach them.

51.     The unreimbursed purchases putative class members were required to make to perform their work include, but are not limited to cell phone expenses.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

52.     Plaintiffs are informed and believe, and thereupon allege, that Defendants' requirement for employees to use their supplies and equipment to perform their work duties without reimbursement was an attempt to defray the costs onto its employees.

53.     Defendants passed the cost of doing business onto its employees by requiring, without reimbursement, their employees to purchase equipment, tools, and services necessary to perform work for Defendants. (*See Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 ["We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills."])

**Erroneous Wage Statements in Violation of Labor Code § 226.**

54.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege that Defendants issued the named Plaintiff and other putative class members erroneous wage and earning statements.

55.     Plaintiffs' paystubs and those of similarly situated employees of Defendants were inaccurate because Defendants failed to pay them all wages, as alleged above, supporting a derivative claim under Labor Code § 226.

56.     The above problems make interpretation of the foregoing wage and earning statements hopelessly confusing.

**Facts Relating to Derivative Claims, such as Labor Code §§ 203, 204, 204b, etc.**

57.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege that Defendants paid Plaintiff and putative class members untimely in violation of California law.

58.     For example, when Defendants involuntarily terminated the named Plaintiff's employment on October 6, 2023, DEFENDANT EMPLOYER did not

furnish the named Plaintiff's final paycheck until October 10, 2023, four days late in violation of Labor Code § 201 according to the records Defendant provided in response to her personnel file request.

59.    Moreover, as described above, Defendants failed to pay the named Plaintiff premium pay for at least 17 meal break violations as described above, resulting in Defendants underpayment of wages owed to the Plaintiff of at least $323, which combined with waiting time penalties under Labor Code § 203, the named Plaintiff is owed another $4,560 (8 x $19 x 30=$4,560).

60.    Plaintiffs allege that, to date, DEFENDANT EMPLOYER has not paid the named Plaintiff's wages due and payable and Plaintiffs are informed and believe that DEFENDANT EMPLOYER have failed to pay terminated putative class members' wages due and payable, in an amount to be proven at trial.

**Investigative Consumer Reporting Agencies Act (ICRAA) Claims.**

61.    Plaintiff is informed and believes and based thereon alleges that upon Plaintiff's hiring, as part of Defendants' routine practice, policy, and procedure, Defendants required Plaintiff, a job applicant at that time, to sign various forms that purported to allow Defendants to obtain a consumer investigative report on the Plaintiff via a third party.

62.    Plaintiff is informed and believes and based thereon alleges that Defendants' purported permission to conduct the foregoing investigative consumer report was based, in part, on an unlawful form or no form at all because none was produced in response to Plaintiff's request for her personnel file.

63.    Plaintiff is informed and believes and based thereon alleges that the foregoing form Defendants used (or did not use) violates Civ. Code § 1786.16 in a manner described in more detail at time of trial.

64.    Similarly, by law before an employer can procure a report on an employee or job applicant, the employer must certify to the furnishing agency that it (the employer) complied, and will continue to comply, with various requirements of the

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1    ICRAA. Civ. Code §1786.16(a)(4).

2    65.    Plaintiff is informed and believes and based thereon alleges there is no

3    evidence of certifications whatsoever from the Defendants as required under the

4    ICRAA.

5    66.    Accordingly, Plaintiff is informed and believes and based thereon alleges

6    that Defendants violated the ICRAA by procuring a consumer report on the Plaintiff

7    without complying with the certification requirements set forth in the ICRAA.

8    67.    Plaintiff, via counsel, requested Defendants to provide a copy of the

9    abovementioned form and related records, but Defendants thus far have refused to

10    produce the foregoing, another claim under the ICRAA Plaintiff is pursuing.

11    **CLASS ACTION ALLEGATIONS**

12    68.    The named Plaintiff brings this action on behalf of herself and all others

13    similarly situated as a class action pursuant to § 382 of the Code of Civil Procedure.

14    69.    The named Plaintiff seeks to represent the classes and/or subclasses

15    composed of and defined as follows:

16    **All of Defendants' current or former nonexempt employees**

17    **who worked in the state of California from November 26,**

18    **2019 to the present.**

19    70.    Plaintiffs also seek to represent the following subclasses composed of

20    and defined as follows:

21    **Minimum/Regular Wage Subclass:** All Members of the
22    putative class who during the relevant period, failed to receive
23    minimum/regular wages for all hours worked.

24    **State Overtime Subclass:** All Members of the putative class
25    who, during the relevant period, worked more than eight hours
26    per day and/or in 40 hours per week and who did not receive
      overtime pay at the requisite overtime rate of pay.

27    **Meal Break Subclass:** All Members of the putative class who,
28

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

during the applicable statute of limitations period (1) worked for any of the Defendants and were not provided compliant meal breaks and (2) were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Rest Break Subclass:** All Members of the putative class who, during the applicable statute of limitations period (1) worked for any of the Defendants and were not provided compliant rest breaks or paid for time spent during rest breaks and (2) were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Unreimbursed Expense Subclass:** All Members of the putative class who, during the relevant period, Defendants did not reimburse for reasonable and necessary expenses.

**Wage Statement Subclass:** All Members of the putative class who, during the applicable statute of limitations period, did not receive accurate itemized wage statements as required by Labor Code § 226.

**Waiting Time Subclass:** All Members of the putative class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**UCL Subclass:** All Members of the putative class, who, during the relevant period, are owed restitution in the form of (1) unreimbursed expenses and/or (2) wages earned and unpaid because of Defendants' uniform pay policies and procedures.

71.    The above-mentioned class-members will collectively be referred to as "putative class members."

72.    Plaintiffs reserve the right under the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

73.    This action is brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a

well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.     Numerosity.**

74.     The potential members of the putative class as defined are so numerous or many, that joinder of all the members of the putative class is impracticable.

75.     While the precise number of putative class members has not been determined at this time, Plaintiffs are informed and believe, and based thereon allege, that DEFENDANT EMPLOYER currently employs, and during the relevant time periods employed, a sufficient number of employees to warrant class certification if all other elements are met.

76.     Accounting for employee turnover during the relevant periods necessarily increases the number of potential members of the putative class.

**B.     Commonality.**

77.     There are questions of law and fact common to the putative class that predominate over any questions affecting only individual putative class members.

78.     Common questions of law and fact include, without limitation and subject to possible further amendment, the following:

a.  Whether Defendants violated the Labor Code and the applicable Wage Order by not fully compensating the named Plaintiff and the putative class by failing to pay minimum wage and/or regular wages as required by law;

b.  Whether Defendants' policy or practice of not paying the named Plaintiff and putative class members overtime compensation for the hours they worked over 40 in a workweek or eight hours in a day is illegal under Labor Code §§ 510, 1771, 1774, 1776, 1194, and the applicable Wage Order;

c.  Whether Defendants violated the meal and rest break

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

provisions of California law by failing to provide the
named Plaintiff and putative class members with duty-
free 30-minute meal breaks for shifts of five hours or
more and/or duty free 10-minute rest breaks as required
by law and Defendants' failure to pay premium pay as a
result thereof;

d.  Whether Defendants violated Labor Code §§ 2802
by failing to reimburse named Plaintiff and putative class
members for business expenses;

e.  Whether Defendants violated Labor Code §§ 226
by not providing named Plaintiff and putative class
members accurate paystubs;

f.  Whether Defendants' policy or practice of not
paying named Plaintiff and putative class members all
their wages due in their final paychecks immediately
upon involuntary termination or when 72 hours' notice
was provided before voluntary resignation, is unlawful
under Labor Code §§ 201, 202 and/or 203; and

g.  Whether the named Plaintiff and putative class members
may recover remedies pursuant to Business &
Professions Code §§ 17200, *et seq.*

**C.    <u>Typicality.</u>**

79.    The named Plaintiff's claims are typical of the claims of the putative
class because Plaintiff and all members of the class sustained injuries and damages
arising out of and caused by Defendants' common course of conduct and policies in
violation of laws, regulations that have the force and effect of law and statutes as
alleged herein.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1

### D.    <u>Adequacy of Representation.</u>

2    80.    The named Plaintiff is a member of the putative class, does not have any

3    conflicts of interest with other putative class members, and will prosecute the case

4    vigorously on behalf of the putative class.

5    81.    Counsel representing the named Plaintiff and the putative class is

6    competent and experienced in litigating employment class actions, including wage

7    and overtime class actions.

8    82.    The named Plaintiff will fairly and adequately represent and protect the

9    interests of the putative class.

10    ### E.    <u>Superiority of Class Action.</u>

11    83.    A class action is superior to other available means for the fair and

12    efficient adjudication of this controversy because individual joinder of all putative

13    class is not practicable, and questions of law and fact common to the putative class

14    predominate over any questions affecting only individual members of the putative

15    class.

16    84.    Each putative class member was damaged or suffered injury and may

17    recover by reasons of Defendants' illegal policies and/or practices.

18    85.    Class action treatment will allow those similarly situated persons to

19    litigate their claims in the manner that is most efficient and economical for the parties

20    and the judicial system.

21    86.    Plaintiffs are unaware of any difficulties that are likely to be encountered

22    in the management of this action that would preclude maintenance as a class action.

23    87.    For the reasons alleged in this Complaint, this action should be certified as

24    a class action.

25

26

27

28

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

## FIRST CAUSE OF ACTION

**Individual and Class Claim for**

**Failure to Pay State and Local Minimum/Regular Wages in Violation of**

**California Labor Code §§ 216, 218, 218.5, 223, 1182.12, 1194,**

**1194.2, 1197, and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

88.    Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

89.    Pursuant to Labor Code §§ 216, 223, 218, 218.5, 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable IWC Wage Order.

90.    During all times relevant, the applicable IWC Wage Order, including but not limited to Wage Order 4, applied to putative class members' employment with Defendants.

91.    Pursuant to the applicable IWC Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

92.    Every employer must pay each employee minimum wage as required under state law and, where applicable and if higher, local law.

93.    Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee may recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

94.    During all times relevant and based on the misconduct alleged in this Complaint, Plaintiffs are informed and believe, and based thereupon allege, that putative class members were not paid minimum/regular wages for all hours suffered or permitted to work in violation of state and, where applicable, local law and/or their

- 17 -

1    agreement with DEFENDANT EMPLOYER.

2        95.    At all material times, DEFENDANT EMPLOYER and DOES 1 through

3    50 were and/or are putative class members' employers or persons acting on behalf of

4    putative class members' employer, within the meaning of California Labor Code §

5    558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

6    California Labor Code or any provision regulating hours and days of work in any

7    Order of the Industrial Welfare Commission and, as such, are subject to penalties for

8    each underpaid employee as set for in Labor Code § 558.

9        96.    In committing the violations of state law as herein alleged, Plaintiffs are

10   informed and believe based there upon allege that Defendants have knowingly and

11   willfully refused to perform their obligations to compensate putative class members for

12   all wages earned and all hours worked.

13       97.    As a direct result, putative class members have suffered and continue to

14   suffer, substantial losses related to the use and enjoyment of such compensation,

15   wages, lost interest on such monies and expenses and attorneys' fees in seeking to

16   compel Defendants to fully perform their obligations under state law, all to their

17   respective damage in amounts according to proof at trial and within the jurisdictional

18   limitations of this Court.

19       98.    For the reasons alleged herein, Plaintiffs and the putative class request the

20   recovery of the unpaid minimum, waiting time penalties, liquidated damages, interest,

21   attorneys' fees, and costs in an amount to be determined at trial.

22                      **SECOND CAUSE OF ACTION**

23                      **Individual and Class Claim for**

24           **Failure to Pay State Overtime and/or Double-Time**

25      **Compensation in Violation of California Labor Code §§ 510, 1194,**

26              **and 1198 via the applicable IWC Wage Order**

27                        (Against all Defendants)

28       99.    Plaintiffs reallege and incorporate by reference the foregoing allegations

- 18 -

*COMPLAINT-Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

as though set forth herein.

100.   During all times relevant, the applicable Wage Order, including but not limited to Wage Order 4, applied to Plaintiffs' employment with Defendants.

101.   Pursuant to the applicable Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

102.   For each hour (or fraction thereof) an employee works over forty (40) hours in a week or more than eight (8) hours in a workday the employer must pay the rate of one and a half times the employee's regular hourly wage.

103.   For each hour (or fraction thereof) an employee works more than twelve (12) hours in one day or more than eight (8) hours a day on the seventh consecutive day of work, the employee must be compensated at the rate of no less than twice the regular rate of pay for that employee.

104.   During all times relevant and based on the misconduct alleged in this Complaint, Plaintiffs are informed and believe, and therefore allege that Defendants failed to pay its employees the lawful amount of overtime to which they had the right to receive.

105.   At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

106.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

107.   As a direct result, putative class members have suffered and continue to

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to full perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

108.    For the reasons alleged herein, Plaintiffs on behalf of herself and the putative class requests the unpaid wages, waiting time penalties, interest, attorneys' fees, costs, liquidated damages, and any other remedies allowed by law in an amount to be proven at trial.

<u>**THIRD CAUSE OF ACTION**</u>

**Individual and Class Claim for**

**Failure to Comply with the Meal Break Requirements of Labor Code §§ 226.7, 512, and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

109.    Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

110.    Plaintiffs are informed and believe, and based thereon allege, that by failing to provide duty-free meal periods of at least thirty (30) minutes for shifts of five hours or more, which began before the end of the fifth hour of work, and failing to pay such employees premium wages of one (1) hour of pay at their regular rate of compensation for each workday the meal period was not provided, Defendants willfully violated the provisions of Labor Code § 226.7, and the applicable IWC Wage Order.

111.    Based on the misconduct alleged in this Complaint, Plaintiffs are informed and believe, and based thereon allege, that Defendants failed to pay all premium wages owed.

112.    At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of

- 20 -

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

113.   In committing the violations of state law as herein alleged, Plaintiffs are informed and believe and based thereon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

114.   As a direct result, putative class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

115.   For the reasons alleged herein, Plaintiffs request all remedies available to the Plaintiff and to the putative class.

## **FOURTH CAUSE OF ACTION**

### **Individual and Class Claim for**

### **Failure to Comply with the Rest Break Requirements of Labor Code §§ 226.7, 512, and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

116.   Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

117.   Plaintiffs are informed and believe, and based thereon allege, that based on the misconduct alleged in this Complaint, Defendants failed to authorize and permit Plaintiffs to receive a rest period of at least 10 minutes on a separate hourly basis when paid commissions or otherwise to provide paid ten-minute rest periods for every four

(4) hours or major fraction thereof worked per day, and by failing to provide premium wages at the regular rate of pay when these periods were not permitted or authorized, Defendants willfully violated the provisions of Labor Code § 226.7, and the applicable IWC Wage Order.

118.   Plaintiffs are informed and believe, and based thereon allege, that based on the misconduct alleged in this Complaint, Defendants failed to pay premium pay for Plaintiffs' missed breaks DEFENDANT EMPLOYER failed to provide or authorize.

119.   At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

120.   In committing the violations of state law as herein alleged, Plaintiffs are informed and believe and based thereon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

121.   As a direct result, putative class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

122.   For the reasons alleged herein, Plaintiffs request all remedies available to the Plaintiff and to the putative class.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

## FIFTH CAUSE OF ACTION

**Individual and Class Claim for**

**Failure to Indemnify/Reimburse Business Expenses in Violation of**

**California Labor Code § 1198, 2802,**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

123.   Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

124.   California Labor Code § 2802 requires employers to indemnify their employees for expenses and losses incurred while discharging their duties or obedience to the directions of their employer.

125.   California Labor Code § 2804 mandates that this statutory right cannot be waived.

126.   The Plaintiffs incurred losses in obedience to the directions of Defendants in the form of purchase of work-related expenses described in this Complaint.

127.   As a direct result of Defendants' violation of California Labor Code § 2802, the putative class members suffered and continue to suffer substantial losses related to unpaid expenses, the use and enjoyment of monies owed, lost interest on monies owed, and attorneys' fees in an amount to be proven at the time of trial.

128.   Defendants derive an unjust and inequitable economic benefit in failing to comply with the law regarding indemnification and reimbursement of employees.

129.   For the reasons alleged herein, Plaintiffs request all remedies available to the named Plaintiff and to the putative class, including but not limited to back-owed reimbursement for work-related expenses, interest, statutory and equitable attorneys' fees, costs, and applicable penalties in an amount to be proven at trial.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**SIXTH CAUSE OF ACTION**

**Individual and Class Claim for**

**Violations of California Labor Code §§ 226**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

130.   Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

131.  Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that every employer shall, "semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number…, (8) the name and address of the legal entity that is the employer. . ., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. . ." (Labor Code § 226 subdivision (a).)

132.   Likewise, California Labor Code § 226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

133.   Upon information and belief, during all times relevant to this action,

- 24 -

Defendants did not provide accurate wage statements.

134.   Plaintiffs allege that on numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(6), (a)(8), and (a)(9) by failing to provide Plaintiffs accurate itemized statement in writing accurately showing gross wages earned, total hours worked by the employee, net wages earned, among other things.

135.   At all material times DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating business hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558.

136.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

137.   As a direct result, putative class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

138.   For the reasons alleged herein, Plaintiffs seek damages, penalties, costs, and attorneys' fees pursuant to Labor Code §§ 226, 226.3, and 226.6 in an amount to be proven at trial.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**<u>SEVENTH CAUSE OF ACTION</u>**

**Individual and Class Claim for**

**Failure to Pay Timely Earned Wages during Employment and**

**Upon Separation of Employment in Violation of**

**California Labor Code §§ 201, 202, 203,**

**204 and/or 204b, 218.5, 218.6, and 1198**

**via the applicable IWC Wage Order**

(Against all Defendants)

139.   Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

140.   Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

141.   Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

142.   Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

143.   Pursuant to Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

144.   Alternatively, pursuant to Labor Code § 204b, employers must pay its employees on a weekly basis on a regular day determined by the employer as the

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

regular payday.

145.   Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

146.   During all times relevant and based on the misconduct alleged in this Complaint, Defendants failed to pay putative class members pursuant to the requirements of Labor Code §§ 201, 202, and 204/204b and hereby Plaintiffs seek all remedies available to them.

147.   To date, for example, Defendants have not paid the named Plaintiff all earned wages as required by law.

148.   At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

149.   In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

150.   For the reasons alleged herein, the named Plaintiff and putative class members request unpaid wages, waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies in an amount to be proven at trial.

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

## EIGHTH CAUSE OF ACTION

**Individual and Class Claim for**

**Failure to Maintain and Provide Required Records in Violation of California**

**Labor Code §§ 226, 432, 1174, 1198.5,**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

151.  Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

152.  California Labor Code § 226, subdivision (b), requires employers doing business in the State of California to "afford current and former employees the right to inspect or copy records pertaining to their employment, upon a reasonable request to the employer…" and subdivision (c), requires employers to produce such records within "21 calendar days from the date of the request."

153.  Plaintiff maintains the records requested fall within the meaning of Labor Code § 226 because, among other reasons, the requested documents are "records pertaining to [his] employment."

154.  California Labor Code § 432, subdivision (b), requires employers doing business in the State of California to provide current, former employees, and applicants copies of all written instruments they sign upon request.

155.  Plaintiff maintains the records requested fall within the meaning of Labor Code § 432 because some of the records requested constitute written instruments the Plaintiff signed.

156.  California Labor Code § 1198.5, *et seq*., similarly provides current and former employees the right to inspect their employee personnel records and requires the employer to provide the employee access to such records no later than 30 calendar days from the date the employer receives a written request.

157.  Plaintiff maintains the records requested fall within the meaning of Labor Code § 1198.5, *et seq*. because they were part of and/or related to Plaintiff's

- 28 -

1  personnel file within the meaning of Labor Code § 1198.5.

2      158.    California Labor Code § 2810.5 requires employers to furnish

3  employees with written notice provided at the time of hire that complies with all

4  aspects of the statute, namely, providing the employee with written notice of their rate

5  of pay, the name of their employer, etc.

6      159.    Section 7 of the typical Wage Order requires every employer to

7  maintain time and payroll records.

8      160.    As alleged above, Defendants did not provide Plaintiff access to the full

9  contents of Plaintiff's employee personnel file and/or the records to which Plaintiff

10 has the right to obtain within the meaning of the foregoing statutes in violation of the

11 abovementioned statutes and/or Defendants did not comply with the abovementioned

12 statutes.

13     161.   Further, Plaintiffs are informed and believe and based thereon alleges

14 that during all times relevant, Defendants failed to comply with § 7 of the applicable

15 IWC Orders and with Labor Code § 1174 by failing to maintain certain records which

16 employers are required to accurately maintain.

17     162.   For the reasons alleged herein, Plaintiffs seek all remedies available to

18 them including but not limited to attorneys' fees, costs, interest, and penalties

19 pursuant to the Labor Code, and permissible by law in an amount to be proven at trial.

20                          **NINTH CAUSE OF ACTION**

21                          **Individual Claims for**

22              **Violations of the California Investigative Consumer**

23              **Reporting Agencies Act (Civ. Code, § 1786, *et seq*.)**

24                          (Against all Defendants)

25     163.   The named Plaintiff realleges and incorporates by reference the

26 foregoing allegations as though set forth herein.

27     164.   Pursuant to California Civ. Code § 1786, *et seq*., it is unlawful for an

28 employer to procure an investigative consumer report for employment purposes

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 29 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1    unless the employer complies with all aspects of California Civ. Code § 1786, *et seq.*

2      165.   The ICRAA requires that, before procuring a consumer report on an

3    individual for employment purposes, the employer must comply with all the

4    following:

> (A) The person procuring or causing the report to be made has a permissible purpose, as defined in Civ. Code § 1786.12.
> (B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:
>   (i)     An investigative consumer report may be obtained.
>   (ii)     The permissible purpose of the report is identified.
> (iii)     The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.
> (iv)     Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.
>  (v)     Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22.
> (vi)     Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (v), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Civ. Code § 1786.20. This clause shall become operative on January 1, 2012.

18    (Civ. Code § 1786.16, subd. (a)(2)(B).)

19      166.   Plaintiff is informed and believes and based thereon alleges that

20    Defendants violated Civ. Code § 1786.16 because the disclosure form Defendant

21    required Plaintiff to sign failed to comply with Civ. Code § 1786.16, *et seq.*,

22    Defendants failed to provide a copy of the report and consent form she requested,

23    Defendants failed to provide the proper certifications to the consumer reporting

24    agency that procured his report, among other reasons.

25      167.   Based on the misconduct alleged in this Complaint, Plaintiff alleges she

26    suffered harm in the form of, among other things, anger, feelings of betrayal,

27    frustration, resentment, humiliation, among other feelings and harms to be proven at

28

1    trial.

2    168.   Pursuant to Civ. Code § 1786.50(a)(1), Plaintiff seeks to recover the

3    higher of statutory damages in the amount of $10,000 or actual damages, whichever is

4    higher, due to Defendants' failure to comply with the requirements imposed by Civ.

5    Code § 1786, *et seq.*, all in an amount to be proven at trial.

6    169.   Plaintiff seeks recovery costs of suit with reasonable attorneys' fees in an

7    amount as the Court may allow.

8    <u>**TENTH CAUSE OF ACTION**</u>

9    **Individual and Class Claim for Remedies for Violations**

10    **of the California Unfair Business**

11    **Practices Code §§ 17200, *et seq.***

12    (Against all Defendants)

13    170.   Plaintiffs reallege and incorporate by reference the foregoing allegations

14    as though set forth herein.

15    171.   Defendants, and each of them, are "persons" as defined under Business

16    and Professions Code § 17021.

17    172.   Plaintiffs are informed and believe and based thereon allege that

18    Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof.

19    Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this

20    Complaint and which allegations are incorporated herein by reference and which

21    allegations include, but are not limited to:

22        a.  Failing to provide the putative class and Plaintiffs an

23            accurate itemized wage statement in violation of § 226 of

24            the Labor Code;

25        b.  Failing to pay the putative class and Plaintiffs all wages

26            due and owing including minimum/regular wages and

27            overtime compensation, minimum wages and overtime,

28            and meal and rest break premiums;

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 31 -

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

    c.  Failure to reimburse employees for all employer incurred expenses; and

    d.  Failure to pay putative class members, including Plaintiffs, wages in a timely manner upon their termination or resignation.

173.   Defendants' conduct, as alleged above, constitutes unlawful, unfair, and fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

174.   The unlawful and unfair business practices conducted by Defendants, and each of them, are ongoing and present a threat and likelihood of continuing against Plaintiffs and, accordingly, Plaintiffs seek injunctive relief where appropriate.

175.   Plaintiffs have suffered injury in fact and lost money or property because of the aforementioned unfair competition.

176.   Because of their improper acts, Defendants, and each of them, have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and other employees and former employees of Defendants, and each of them.

177.   Defendants, and each of them, should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the putative class the wrongfully withheld wages and/or penalties, pursuant to Business and Professions Code §§ 17202 and/or 17203.

178.   Plaintiffs and the putative class have also incurred and continue to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial and for which they seek compensation pursuant to law including but not limited to Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.    For an order that this action may proceed and be maintained as a class action;

2.      For appointment of the named Plaintiff as the representative of the Class;

3.      For appointment of counsel for Plaintiffs as Class Counsel;

4.      That the Court find that Defendants' violations as described above were willful;

5.      That the Court award to Plaintiff and/or the putative class damages for the amount of unpaid wages subject to proof at trial;

6.      That Defendants, and each of them, be ordered and enjoined to pay restitution to Plaintiffs and/or the putative class pursuant to Business and Professions Code §§ 17200-05;

7.      For disgorgement through restitution of all ill-gotten and/or ill-gained profits, including unpaid wages and/or penalties to Plaintiffs and/or the putative class, resulting from Defendants' unfair business practices pursuant to Business and Professions Code §§ 17200-05;

8.      For an order by the Court requiring Defendants, and each of them, to show cause, if any they have, as to why to Plaintiffs and/or the putative class should not have been be issued itemized wage statements as required by § 226 of the Labor Code and why Defendants should not be required to pay Plaintiffs minimum wages and overtime compensation under applicable state law;

9.      For all remedies available to Plaintiffs under the applicable Industrial Welfare Commission Order and the Labor Code, including but not limited to §§ 90.5, 200, 201, 202, 203, 204 and/or 204b, 204.1, 216, 218, 218.5, 221, 222,  223, 224, 225.5, 226, 226.3, 226.6, 227.6, 245, 245.5, 246, 246.5, 247, 247.5, 248.5, 249, 432, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, and 2802, including an award of unpaid wages, attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

10.     For special and general damages;

11.     That Plaintiffs and/or the putative class be awarded reasonable attorneys'

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

fees where available by law, including but not limited to pursuant to Labor Code §§

2698, *et seq.*, Code of Civil Procedure § 1021.5, and/or other applicable laws; and

      12.    Such other and further relief as this Court may deem proper and

just.

Dated: November 27, 2023          Law Office of
                                         Thomas D. Rutledge

                             By:  *Thomas D. Rutledge*
                                 /s/Thomas D. Rutledge
                                 Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

      Plaintiffs hereby demand a jury trial of this matter.

Dated: November 27, 2023          Law Office of
                                         Thomas D. Rutledge

                             By:  *Thomas D. Rutledge*
                                 /s/Thomas D. Rutledge
                                 Attorney for the Plaintiffs

**Thomas D. Rutledge**
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

# Exhibit 1

| BU-Business Unit ID | BU-Business Unit Name | Date | Payroll Number | Employee Name | Rate Type | Time In | Time Out | Hours |
|---|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES | 10/06/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/06/2023 02:51 | 10/06/2023 05:56 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES | 10/06/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 10/06/2023 02:21 | 10/06/2023 02:51 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES | 10/05/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/05/2023 21:26 | 10/06/2023 02:21 | 04:55 |
| 75500270 | SOUTHWEST AIRLINES | 10/05/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/05/2023 02:29 | 10/05/2023 06:00 | 03:31 |
| 75500270 | SOUTHWEST AIRLINES | 10/05/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 10/05/2023 02:00 | 10/05/2023 02:29 | 00:29 |
| 75500270 | SOUTHWEST AIRLINES | 10/04/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/04/2023 21:25 | 10/05/2023 02:00 | 04:35 |
| 75500270 | SOUTHWEST AIRLINES | 10/02/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/02/2023 02:31 | 10/02/2023 06:00 | 03:29 |
| 75500270 | SOUTHWEST AIRLINES | 10/02/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 10/02/2023 02:04 | 10/02/2023 02:31 | 00:27 |
| 75500270 | SOUTHWEST AIRLINES | 10/01/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/01/2023 21:26 | 10/02/2023 02:04 | 04:38 |
| 75500270 | SOUTHWEST AIRLINES | 10/01/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/01/2023 03:00 | 10/01/2023 06:00 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/30/2023 21:18 | 10/01/2023 02:30 | 05:12 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/30/2023 02:45 | 09/30/2023 05:55 | 03:10 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/30/2023 02:43 | 09/30/2023 02:45 | 00:02 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/30/2023 02:11 | 09/30/2023 02:43 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES | 09/29/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/29/2023 21:34 | 09/30/2023 02:11 | 04:37 |
| 75500270 | SOUTHWEST AIRLINES | 09/29/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/29/2023 02:49 | 09/29/2023 05:57 | 03:08 |
| 75500270 | SOUTHWEST AIRLINES | 09/29/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/29/2023 02:21 | 09/29/2023 02:49 | 00:28 |
| 75500270 | SOUTHWEST AIRLINES | 09/28/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/28/2023 21:37 | 09/29/2023 02:21 | 04:44 |
| 75500270 | SOUTHWEST AIRLINES | 09/25/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/25/2023 03:06 | 09/25/2023 06:00 | 02:54 |
| 75500270 | SOUTHWEST AIRLINES | 09/25/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/25/2023 02:20 | 09/25/2023 03:06 | 00:46 |
| 75500270 | SOUTHWEST AIRLINES | 09/24/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/24/2023 21:32 | 09/25/2023 02:20 | 04:48 |
| 75500270 | SOUTHWEST AIRLINES | 09/24/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/24/2023 03:00 | 09/24/2023 06:00 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES | 09/24/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/24/2023 02:30 | 09/24/2023 03:00 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES | 09/23/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/23/2023 21:25 | 09/24/2023 02:30 | 05:05 |
| 75500270 | SOUTHWEST AIRLINES | 09/23/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/23/2023 02:20 | 09/23/2023 02:22 | 00:02 |
| 75500270 | SOUTHWEST AIRLINES | 09/22/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/22/2023 21:31 | 09/23/2023 02:20 | 04:49 |
| 75500270 | SOUTHWEST AIRLINES | 09/20/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/20/2023 02:47 | 09/20/2023 05:59 | 03:12 |
| 75500270 | SOUTHWEST AIRLINES | 09/20/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/20/2023 02:19 | 09/20/2023 02:47 | 00:28 |
| 75500270 | SOUTHWEST AIRLINES | 09/19/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/19/2023 21:25 | 09/20/2023 02:19 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES | 09/19/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/19/2023 02:49 | 09/19/2023 05:56 | 03:07 |
| 75500270 | SOUTHWEST AIRLINES | 09/19/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/19/2023 02:21 | 09/19/2023 02:49 | 00:28 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES | 09/18/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/18/2023 21:19 | 09/19/2023 02:21 | 05:02 |
| 75500270 SOUTHWEST AIRLINES | 09/18/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/18/2023 02:54 | 09/18/2023 06:00 | 03:06 |
| 75500270 SOUTHWEST AIRLINES | 09/18/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/18/2023 02:25 | 09/18/2023 02:54 | 00:29 |
| 75500270 SOUTHWEST AIRLINES | 09/17/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/17/2023 21:22 | 09/18/2023 02:25 | 05:03 |
| 75500270 SOUTHWEST AIRLINES | 09/17/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/17/2023 02:54 | 09/17/2023 06:00 | 03:06 |
| 75500270 SOUTHWEST AIRLINES | 09/17/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/17/2023 02:30 | 09/17/2023 02:54 | 00:24 |
| 75500270 SOUTHWEST AIRLINES | 09/16/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/16/2023 21:20 | 09/17/2023 02:30 | 05:10 |
| 75500270 SOUTHWEST AIRLINES | 09/16/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/16/2023 02:52 | 09/16/2023 06:00 | 03:08 |
| 75500270 SOUTHWEST AIRLINES | 09/16/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/16/2023 02:18 | 09/16/2023 02:52 | 00:34 |
| 75500270 SOUTHWEST AIRLINES | 09/15/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/15/2023 21:28 | 09/16/2023 02:18 | 04:50 |
| 75500270 SOUTHWEST AIRLINES | 09/13/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/13/2023 02:30 | 09/13/2023 05:56 | 03:26 |
| 75500270 SOUTHWEST AIRLINES | 09/13/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/13/2023 01:59 | 09/13/2023 02:30 | 00:31 |
| 75500270 SOUTHWEST AIRLINES | 09/12/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/12/2023 21:27 | 09/13/2023 01:59 | 04:32 |
| 75500270 SOUTHWEST AIRLINES | 09/12/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/12/2023 02:49 | 09/12/2023 05:55 | 03:06 |
| 75500270 SOUTHWEST AIRLINES | 09/12/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/12/2023 02:18 | 09/12/2023 02:49 | 00:31 |
| 75500270 SOUTHWEST AIRLINES | 09/11/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/11/2023 21:31 | 09/12/2023 02:18 | 04:47 |
| 75500270 SOUTHWEST AIRLINES | 09/11/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/11/2023 02:45 | 09/11/2023 06:00 | 03:15 |
| 75500270 SOUTHWEST AIRLINES | 09/11/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/11/2023 02:21 | 09/11/2023 02:45 | 00:24 |
| 75500270 SOUTHWEST AIRLINES | 09/10/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/10/2023 21:15 | 09/11/2023 02:21 | 05:06 |
| 75500270 SOUTHWEST AIRLINES | 09/10/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/10/2023 02:45 | 09/10/2023 06:00 | 03:15 |
| 75500270 SOUTHWEST AIRLINES | 09/10/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/10/2023 02:15 | 09/10/2023 02:45 | 00:30 |
| 75500270 SOUTHWEST AIRLINES | 09/09/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/09/2023 21:24 | 09/10/2023 02:15 | 04:51 |
| 75500270 SOUTHWEST AIRLINES | 09/09/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/09/2023 02:59 | 09/09/2023 05:56 | 02:57 |
| 75500270 SOUTHWEST AIRLINES | 09/09/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/09/2023 02:15 | 09/09/2023 02:59 | 00:44 |
| 75500270 SOUTHWEST AIRLINES | 09/08/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/08/2023 21:29 | 09/09/2023 02:15 | 04:46 |
| 75500270 SOUTHWEST AIRLINES | 09/06/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/06/2023 02:47 | 09/06/2023 06:00 | 03:13 |
| 75500270 SOUTHWEST AIRLINES | 09/06/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/06/2023 02:18 | 09/06/2023 02:47 | 00:29 |
| 75500270 SOUTHWEST AIRLINES | 09/05/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/05/2023 21:28 | 09/06/2023 02:18 | 04:50 |
| 75500270 SOUTHWEST AIRLINES | 09/05/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/05/2023 02:59 | 09/05/2023 05:55 | 02:56 |
| 75500270 SOUTHWEST AIRLINES | 09/05/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/05/2023 02:26 | 09/05/2023 02:59 | 00:33 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/04/2023 21:24 | 09/05/2023 02:26 | 05:02 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/04/2023 02:43 | 09/04/2023 05:59 | 03:16 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/04/2023 02:17 | 09/04/2023 02:43 | 00:26 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/04/2023 02:15 | 09/04/2023 02:17 | 00:02 |

| 75500270 | SOUTHWEST AIRLINES | 09/03/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/03/2023 21:29 | 09/04/2023 02:15 | 04:46 |
| 75500270 | SOUTHWEST AIRLINES | 09/03/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/03/2023 03:00 | 09/03/2023 05:54 | 02:54 |
| 75500270 | SOUTHWEST AIRLINES | 09/03/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/03/2023 02:30 | 09/03/2023 03:00 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES | 09/02/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/02/2023 21:15 | 09/03/2023 02:30 | 05:15 |
| 75500270 | SOUTHWEST AIRLINES | 09/02/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/02/2023 02:49 | 09/02/2023 06:00 | 03:11 |
| 75500270 | SOUTHWEST AIRLINES | 09/02/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/02/2023 02:18 | 09/02/2023 02:49 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES | 09/01/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/01/2023 21:29 | 09/02/2023 02:18 | 04:49 |
| 75500270 | SOUTHWEST AIRLINES | 08/30/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/30/2023 02:34 | 08/30/2023 05:57 | 03:23 |
| 75500270 | SOUTHWEST AIRLINES | 08/30/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/30/2023 02:02 | 08/30/2023 02:34 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES | 08/29/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/29/2023 21:27 | 08/30/2023 02:02 | 04:35 |
| 75500270 | SOUTHWEST AIRLINES | 08/29/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/29/2023 02:43 | 08/29/2023 05:57 | 03:14 |
| 75500270 | SOUTHWEST AIRLINES | 08/29/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/29/2023 02:13 | 08/29/2023 02:43 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES | 08/28/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/28/2023 21:30 | 08/29/2023 02:13 | 04:43 |
| 75500270 | SOUTHWEST AIRLINES | 08/28/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/28/2023 02:52 | 08/28/2023 05:55 | 03:03 |
| 75500270 | SOUTHWEST AIRLINES | 08/28/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/28/2023 02:25 | 08/28/2023 02:52 | 00:27 |
| 75500270 | SOUTHWEST AIRLINES | 08/27/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/27/2023 21:27 | 08/28/2023 02:25 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES | 08/27/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/27/2023 03:00 | 08/27/2023 05:56 | 02:56 |
| 75500270 | SOUTHWEST AIRLINES | 08/27/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/27/2023 02:33 | 08/27/2023 03:00 | 00:27 |
| 75500270 | SOUTHWEST AIRLINES | 08/26/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/26/2023 21:31 | 08/27/2023 02:33 | 05:02 |
| 75500270 | SOUTHWEST AIRLINES | 08/26/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/26/2023 02:58 | 08/26/2023 05:57 | 02:59 |
| 75500270 | SOUTHWEST AIRLINES | 08/26/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/26/2023 02:32 | 08/26/2023 02:58 | 00:26 |
| 75500270 | SOUTHWEST AIRLINES | 08/25/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/25/2023 21:43 | 08/26/2023 02:32 | 04:49 |
| 75500270 | SOUTHWEST AIRLINES TERMINAL | 08/22/2023 | 21652068 FELIPE SUCHITE, MARIA | 830-1 TRAINING Inc in OT | 08/22/2023 09:00 | 08/22/2023 17:00 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TERMINAL | 08/21/2023 | 21652068 FELIPE SUCHITE, MARIA | 830-1 TRAINING Inc in OT | 08/21/2023 09:00 | 08/21/2023 11:30 | 02:30 |

# Exhibit 2

| BU-Business Unit ID | BU-Business Unit Name | Date | Payroll Number | Employee Name | Rate Type | Time In | Time Out | Hours |
|---|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES Tl | 10/30/2023 | 21592891 DA | ILA, LAURIE | 301 - SIC PA ACC | 10/30/2023 21:30 | 10/31/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/29/2023 | 21592891 DA | ILA, LAURIE | 301 - SIC PA ACC | 10/29/2023 21:30 | 10/30/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/22/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/22/2023 21:30 | 10/23/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/18/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/18/2023 21:30 | 10/19/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/17/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/17/2023 21:30 | 10/18/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/16/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/16/2023 21:30 | 10/17/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/15/2023 21:30 | 10/16/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/05/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/05/2023 02:29 | 10/05/2023 06:00 | 03:31 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/05/2023 | 21592891 DA | ILA, LAURIE | Lunch | 10/05/2023 01:59 | 10/05/2023 02:29 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/04/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/04/2023 21:26 | 10/05/2023 01:59 | 04:33 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/04/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/04/2023 02:33 | 10/04/2023 06:00 | 03:27 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/04/2023 | 21592891 DA | ILA, LAURIE | Lunch | 10/04/2023 02:03 | 10/04/2023 02:33 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/03/2023 21:28 | 10/04/2023 02:03 | 04:35 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/02/2023 21:26 | 10/03/2023 02:00 | 04:34 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/02/2023 02:36 | 10/02/2023 06:00 | 03:24 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/02/2023 | 21592891 DA | ILA, LAURIE | Lunch | 10/02/2023 02:04 | 10/02/2023 02:36 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES Tl | 10/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 10/01/2023 21:27 | 10/02/2023 02:04 | 04:37 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/28/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/28/2023 02:46 | 09/28/2023 05:55 | 03:09 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/28/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/28/2023 02:16 | 09/28/2023 02:46 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/27/2023 21:28 | 09/28/2023 02:16 | 04:48 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/26/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/26/2023 02:35 | 09/26/2023 05:57 | 03:22 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/26/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/26/2023 02:04 | 09/26/2023 02:35 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/25/2023 21:27 | 09/26/2023 02:04 | 04:37 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/25/2023 02:41 | 09/25/2023 06:00 | 03:19 |
| 75500270 | SOUTHWEST AIRLINES Tl | 09/25/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/25/2023 02:12 | 09/25/2023 02:41 | 00:29 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES TI | 09/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/24/2023 22:01 | 09/25/2023 02:12 | 04:11 |
| 75500270 SOUTHWEST AIRLINES TI | 09/21/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/21/2023 02:48 | 09/21/2023 05:58 | 03:10 |
| 75500270 SOUTHWEST AIRLINES TI | 09/21/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/21/2023 02:18 | 09/21/2023 02:48 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/20/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/20/2023 21:24 | 09/21/2023 02:18 | 04:54 |
| 75500270 SOUTHWEST AIRLINES TI | 09/20/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/20/2023 02:48 | 09/20/2023 05:47 | 02:59 |
| 75500270 SOUTHWEST AIRLINES TI | 09/20/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/20/2023 02:18 | 09/20/2023 02:48 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/19/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/19/2023 21:25 | 09/20/2023 02:18 | 04:53 |
| 75500270 SOUTHWEST AIRLINES TI | 09/14/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/14/2023 02:51 | 09/14/2023 05:56 | 03:05 |
| 75500270 SOUTHWEST AIRLINES TI | 09/14/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/14/2023 02:21 | 09/14/2023 02:51 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/13/2023 21:26 | 09/14/2023 02:21 | 04:55 |
| 75500270 SOUTHWEST AIRLINES TI | 09/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/13/2023 02:29 | 09/13/2023 05:55 | 03:26 |
| 75500270 SOUTHWEST AIRLINES TI | 09/13/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/13/2023 01:59 | 09/13/2023 02:29 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/12/2023 21:25 | 09/13/2023 01:59 | 04:34 |
| 75500270 SOUTHWEST AIRLINES TI | 09/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/12/2023 02:48 | 09/12/2023 05:58 | 03:10 |
| 75500270 SOUTHWEST AIRLINES TI | 09/12/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/12/2023 02:18 | 09/12/2023 02:48 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/11/2023 21:27 | 09/12/2023 02:18 | 04:51 |
| 75500270 SOUTHWEST AIRLINES TI | 09/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/11/2023 02:52 | 09/11/2023 06:00 | 03:08 |
| 75500270 SOUTHWEST AIRLINES TI | 09/11/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/11/2023 02:22 | 09/11/2023 02:52 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/10/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/10/2023 22:02 | 09/11/2023 02:22 | 04:20 |
| 75500270 SOUTHWEST AIRLINES TI | 09/07/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/07/2023 03:06 | 09/07/2023 05:56 | 02:50 |
| 75500270 SOUTHWEST AIRLINES TI | 09/07/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/07/2023 02:36 | 09/07/2023 03:06 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/06/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/06/2023 21:56 | 09/07/2023 02:36 | 04:40 |
| 75500270 SOUTHWEST AIRLINES TI | 09/06/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/06/2023 02:46 | 09/06/2023 05:30 | 02:44 |
| 75500270 SOUTHWEST AIRLINES TI | 09/06/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/06/2023 02:16 | 09/06/2023 02:46 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/05/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/05/2023 21:28 | 09/06/2023 02:16 | 04:48 |
| 75500270 SOUTHWEST AIRLINES TI | 09/04/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/04/2023 03:09 | 09/04/2023 05:57 | 02:48 |
| 75500270 SOUTHWEST AIRLINES TI | 09/04/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/04/2023 02:39 | 09/04/2023 03:09 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/03/2023 21:43 | 09/04/2023 02:39 | 04:56 |
| 75500270 SOUTHWEST AIRLINES TI | 09/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/03/2023 03:00 | 09/03/2023 06:00 | 03:00 |
| 75500270 SOUTHWEST AIRLINES TI | 09/03/2023 | 21592891 DA | ILA, LAURIE | Lunch | 09/03/2023 02:30 | 09/03/2023 03:00 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 09/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 09/02/2023 22:41 | 09/03/2023 02:30 | 03:49 |
| 75500270 SOUTHWEST AIRLINES TI | 06/30/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/30/2023 02:45 | 06/30/2023 05:53 | 03:08 |
| 75500270 SOUTHWEST AIRLINES TI | 06/30/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/30/2023 02:15 | 06/30/2023 02:45 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 06/29/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/29/2023 21:29 | 06/30/2023 02:15 | 04:46 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 06/29/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/29/2023 02:56 | 06/29/2023 06:01 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/29/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/29/2023 02:29 | 06/29/2023 02:56 | 00:27 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/28/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/28/2023 21:25 | 06/29/2023 02:29 | 05:04 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/28/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/28/2023 03:01 | 06/28/2023 05:57 | 02:56 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/28/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/28/2023 02:26 | 06/28/2023 03:01 | 00:35 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/27/2023 21:25 | 06/28/2023 02:26 | 05:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/27/2023 03:09 | 06/27/2023 06:00 | 02:51 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/27/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/27/2023 02:39 | 06/27/2023 03:09 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/26/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/26/2023 21:28 | 06/27/2023 02:39 | 05:11 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/25/2023 02:45 | 06/25/2023 05:59 | 03:14 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/25/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/25/2023 02:13 | 06/25/2023 02:45 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/24/2023 22:36 | 06/25/2023 02:13 | 03:37 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/24/2023 02:56 | 06/24/2023 06:12 | 03:16 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/24/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/24/2023 02:25 | 06/24/2023 02:56 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/23/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/23/2023 22:35 | 06/24/2023 02:25 | 03:50 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/23/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/23/2023 03:00 | 06/23/2023 06:04 | 03:04 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/23/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/23/2023 02:29 | 06/23/2023 03:00 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/22/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/22/2023 21:35 | 06/23/2023 02:29 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/18/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/18/2023 03:01 | 06/18/2023 05:58 | 02:57 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/18/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/18/2023 02:30 | 06/18/2023 03:01 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/17/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/17/2023 22:56 | 06/18/2023 02:30 | 03:34 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/17/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/17/2023 02:50 | 06/17/2023 05:55 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/17/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/17/2023 02:20 | 06/17/2023 02:50 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/16/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/16/2023 21:26 | 06/17/2023 02:20 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/16/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/16/2023 02:58 | 06/16/2023 06:02 | 03:04 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/16/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/16/2023 02:28 | 06/16/2023 02:58 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/15/2023 21:35 | 06/16/2023 02:28 | 04:53 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/15/2023 02:29 | 06/15/2023 05:56 | 03:27 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/15/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/15/2023 01:59 | 06/15/2023 02:29 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/14/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/14/2023 21:26 | 06/15/2023 01:59 | 04:33 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/13/2023 02:49 | 06/13/2023 05:50 | 03:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/13/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/13/2023 02:19 | 06/13/2023 02:49 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/12/2023 21:25 | 06/13/2023 02:19 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/12/2023 02:48 | 06/12/2023 06:05 | 03:17 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES T | 06/12/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/12/2023 02:18 | 06/12/2023 02:48 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES T | 06/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/11/2023 20:39 | 06/12/2023 02:18 | 05:39 |
| 75500270 | SOUTHWEST AIRLINES T | 06/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/11/2023 03:00 | 06/11/2023 05:55 | 02:55 |
| 75500270 | SOUTHWEST AIRLINES T | 06/11/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/11/2023 02:28 | 06/11/2023 03:00 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES T | 06/10/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/10/2023 20:39 | 06/11/2023 02:28 | 05:49 |
| 75500270 | SOUTHWEST AIRLINES T | 06/10/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/10/2023 02:57 | 06/10/2023 05:56 | 02:59 |
| 75500270 | SOUTHWEST AIRLINES T | 06/10/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/10/2023 02:27 | 06/10/2023 02:57 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES T | 06/09/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/09/2023 21:26 | 06/10/2023 02:27 | 05:01 |
| 75500270 | SOUTHWEST AIRLINES T | 06/09/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/09/2023 02:55 | 06/09/2023 05:55 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES T | 06/09/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/09/2023 02:24 | 06/09/2023 02:55 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES T | 06/08/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/08/2023 21:25 | 06/09/2023 02:24 | 04:59 |
| 75500270 | SOUTHWEST AIRLINES T | 06/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/03/2023 21:22 | 06/04/2023 06:00 | 08:38 |
| 75500270 | SOUTHWEST AIRLINES T | 06/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/03/2023 02:55 | 06/03/2023 06:02 | 03:07 |
| 75500270 | SOUTHWEST AIRLINES T | 06/03/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/03/2023 02:24 | 06/03/2023 02:55 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES T | 06/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/02/2023 21:26 | 06/03/2023 02:24 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES T | 06/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/02/2023 02:55 | 06/02/2023 05:56 | 03:01 |
| 75500270 | SOUTHWEST AIRLINES T | 06/02/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/02/2023 02:24 | 06/02/2023 02:55 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES T | 06/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/01/2023 21:28 | 06/02/2023 02:24 | 04:56 |
| 75500270 | SOUTHWEST AIRLINES T | 06/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 06/01/2023 02:51 | 06/01/2023 05:53 | 03:02 |
| 75500270 | SOUTHWEST AIRLINES T | 06/01/2023 | 21592891 DA | ILA, LAURIE | Lunch | 06/01/2023 02:21 | 06/01/2023 02:51 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES T | 05/31/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/31/2023 21:25 | 06/01/2023 02:21 | 04:56 |
| 75500270 | SOUTHWEST AIRLINES T | 05/30/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/30/2023 02:54 | 05/30/2023 05:54 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES T | 05/30/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/30/2023 02:23 | 05/30/2023 02:54 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES T | 05/29/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/29/2023 21:44 | 05/30/2023 02:23 | 04:39 |
| 75500270 | SOUTHWEST AIRLINES T | 05/29/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/29/2023 02:58 | 05/29/2023 05:58 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES T | 05/29/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/29/2023 02:28 | 05/29/2023 02:58 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES T | 05/28/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/28/2023 21:25 | 05/29/2023 02:28 | 05:03 |
| 75500270 | SOUTHWEST AIRLINES T | 05/28/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/28/2023 03:05 | 05/28/2023 06:04 | 02:59 |
| 75500270 | SOUTHWEST AIRLINES T | 05/28/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/28/2023 02:33 | 05/28/2023 03:05 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES T | 05/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/27/2023 21:26 | 05/28/2023 02:33 | 05:07 |
| 75500270 | SOUTHWEST AIRLINES T | 05/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/27/2023 02:41 | 05/27/2023 06:01 | 03:20 |
| 75500270 | SOUTHWEST AIRLINES T | 05/27/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/27/2023 02:10 | 05/27/2023 02:41 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES T | 05/26/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/26/2023 21:26 | 05/27/2023 02:10 | 04:44 |
| 75500270 | SOUTHWEST AIRLINES T | 05/26/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/26/2023 03:00 | 05/26/2023 05:03 | 02:03 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES T | 05/26/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/26/2023 02:31 | 05/26/2023 03:00 | 00:29 |
| 75500270 SOUTHWEST AIRLINES T | 05/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/25/2023 21:25 | 05/26/2023 02:31 | 05:06 |
| 75500270 SOUTHWEST AIRLINES T | 05/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/25/2023 02:59 | 05/25/2023 05:58 | 02:59 |
| 75500270 SOUTHWEST AIRLINES T | 05/25/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/25/2023 02:29 | 05/25/2023 02:59 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T | 05/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/24/2023 21:29 | 05/25/2023 02:29 | 05:00 |
| 75500270 SOUTHWEST AIRLINES T | 05/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/24/2023 03:02 | 05/24/2023 04:58 | 01:56 |
| 75500270 SOUTHWEST AIRLINES T | 05/24/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/24/2023 02:31 | 05/24/2023 03:02 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T | 05/23/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/23/2023 20:52 | 05/24/2023 02:31 | 05:39 |
| 75500270 SOUTHWEST AIRLINES T | 05/21/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/21/2023 02:53 | 05/21/2023 05:24 | 02:31 |
| 75500270 SOUTHWEST AIRLINES T | 05/21/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/21/2023 02:22 | 05/21/2023 02:53 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T | 05/20/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/20/2023 21:27 | 05/21/2023 02:22 | 04:55 |
| 75500270 SOUTHWEST AIRLINES T | 05/20/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/20/2023 02:54 | 05/20/2023 06:32 | 03:38 |
| 75500270 SOUTHWEST AIRLINES T | 05/20/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/20/2023 02:23 | 05/20/2023 02:54 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T | 05/19/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/19/2023 21:27 | 05/20/2023 02:23 | 04:56 |
| 75500270 SOUTHWEST AIRLINES T | 05/19/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/19/2023 02:52 | 05/19/2023 05:56 | 03:04 |
| 75500270 SOUTHWEST AIRLINES T | 05/19/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/19/2023 02:22 | 05/19/2023 02:52 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T | 05/18/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/18/2023 21:26 | 05/19/2023 02:22 | 04:56 |
| 75500270 SOUTHWEST AIRLINES T | 05/18/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/18/2023 02:52 | 05/18/2023 05:50 | 02:58 |
| 75500270 SOUTHWEST AIRLINES T | 05/18/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/18/2023 02:22 | 05/18/2023 02:52 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T | 05/17/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/17/2023 21:29 | 05/18/2023 02:22 | 04:53 |
| 75500270 SOUTHWEST AIRLINES T | 05/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/15/2023 02:59 | 05/15/2023 06:06 | 03:07 |
| 75500270 SOUTHWEST AIRLINES T | 05/15/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/15/2023 02:27 | 05/15/2023 02:59 | 00:32 |
| 75500270 SOUTHWEST AIRLINES T | 05/14/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/14/2023 23:01 | 05/15/2023 02:27 | 03:26 |
| 75500270 SOUTHWEST AIRLINES T | 05/14/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/14/2023 02:55 | 05/14/2023 05:57 | 03:02 |
| 75500270 SOUTHWEST AIRLINES T | 05/14/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/14/2023 02:18 | 05/14/2023 02:55 | 00:37 |
| 75500270 SOUTHWEST AIRLINES T | 05/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/13/2023 22:36 | 05/14/2023 02:18 | 03:42 |
| 75500270 SOUTHWEST AIRLINES T | 05/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/13/2023 02:54 | 05/13/2023 08:07 | 05:13 |
| 75500270 SOUTHWEST AIRLINES T | 05/13/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/13/2023 02:22 | 05/13/2023 02:54 | 00:32 |
| 75500270 SOUTHWEST AIRLINES T | 05/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/12/2023 21:31 | 05/13/2023 02:22 | 04:51 |
| 75500270 SOUTHWEST AIRLINES T | 05/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/12/2023 02:56 | 05/12/2023 05:58 | 03:02 |
| 75500270 SOUTHWEST AIRLINES T | 05/12/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/12/2023 02:24 | 05/12/2023 02:56 | 00:32 |
| 75500270 SOUTHWEST AIRLINES T | 05/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/11/2023 21:32 | 05/12/2023 02:24 | 04:52 |
| 75500270 SOUTHWEST AIRLINES T | 05/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/11/2023 02:57 | 05/11/2023 05:58 | 03:01 |
| 75500270 SOUTHWEST AIRLINES T | 05/11/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/11/2023 02:24 | 05/11/2023 02:57 | 00:33 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES TI | 05/10/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/10/2023 21:26 | 05/11/2023 02:24 | 04:58 |
| 75500270 SOUTHWEST AIRLINES TI | 05/07/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/07/2023 02:39 | 05/07/2023 06:20 | 03:41 |
| 75500270 SOUTHWEST AIRLINES TI | 05/07/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/07/2023 02:07 | 05/07/2023 02:39 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 05/06/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/06/2023 21:43 | 05/07/2023 02:07 | 04:24 |
| 75500270 SOUTHWEST AIRLINES TI | 05/06/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/06/2023 02:57 | 05/06/2023 05:32 | 02:35 |
| 75500270 SOUTHWEST AIRLINES TI | 05/06/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/06/2023 02:25 | 05/06/2023 02:57 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 05/05/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/05/2023 21:26 | 05/06/2023 02:25 | 04:59 |
| 75500270 SOUTHWEST AIRLINES TI | 05/04/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/04/2023 02:50 | 05/04/2023 06:01 | 03:11 |
| 75500270 SOUTHWEST AIRLINES TI | 05/04/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/04/2023 02:19 | 05/04/2023 02:50 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 05/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/03/2023 21:26 | 05/04/2023 02:19 | 04:53 |
| 75500270 SOUTHWEST AIRLINES TI | 05/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/03/2023 03:01 | 05/03/2023 05:55 | 02:54 |
| 75500270 SOUTHWEST AIRLINES TI | 05/03/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/03/2023 02:31 | 05/03/2023 03:01 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 05/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/02/2023 21:25 | 05/03/2023 02:31 | 05:06 |
| 75500270 SOUTHWEST AIRLINES TI | 05/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/02/2023 02:58 | 05/02/2023 05:56 | 02:58 |
| 75500270 SOUTHWEST AIRLINES TI | 05/02/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/02/2023 02:28 | 05/02/2023 02:58 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 05/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/01/2023 21:27 | 05/02/2023 02:28 | 05:01 |
| 75500270 SOUTHWEST AIRLINES TI | 05/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 05/01/2023 02:49 | 05/01/2023 07:08 | 04:19 |
| 75500270 SOUTHWEST AIRLINES TI | 05/01/2023 | 21592891 DA | ILA, LAURIE | Lunch | 05/01/2023 02:18 | 05/01/2023 02:49 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/30/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/30/2023 21:27 | 05/01/2023 02:18 | 04:51 |
| 75500270 SOUTHWEST AIRLINES TI | 04/30/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/30/2023 02:45 | 04/30/2023 05:59 | 03:14 |
| 75500270 SOUTHWEST AIRLINES TI | 04/30/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/30/2023 02:15 | 04/30/2023 02:45 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/29/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/29/2023 21:26 | 04/30/2023 02:15 | 04:49 |
| 75500270 SOUTHWEST AIRLINES TI | 04/28/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/28/2023 02:50 | 04/28/2023 05:55 | 03:05 |
| 75500270 SOUTHWEST AIRLINES TI | 04/28/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/28/2023 02:20 | 04/28/2023 02:50 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/27/2023 21:26 | 04/28/2023 02:20 | 04:54 |
| 75500270 SOUTHWEST AIRLINES TI | 04/27/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/27/2023 02:52 | 04/27/2023 05:59 | 03:07 |
| 75500270 SOUTHWEST AIRLINES TI | 04/27/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/27/2023 02:21 | 04/27/2023 02:52 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/26/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/26/2023 21:35 | 04/27/2023 02:21 | 04:46 |
| 75500270 SOUTHWEST AIRLINES TI | 04/21/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/21/2023 02:37 | 04/21/2023 06:01 | 03:24 |
| 75500270 SOUTHWEST AIRLINES TI | 04/21/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/21/2023 02:04 | 04/21/2023 02:37 | 00:33 |
| 75500270 SOUTHWEST AIRLINES TI | 04/20/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/20/2023 21:25 | 04/21/2023 02:04 | 04:39 |
| 75500270 SOUTHWEST AIRLINES TI | 04/20/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/20/2023 02:57 | 04/20/2023 05:56 | 02:59 |
| 75500270 SOUTHWEST AIRLINES TI | 04/20/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/20/2023 02:26 | 04/20/2023 02:57 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/19/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/19/2023 21:26 | 04/20/2023 02:26 | 05:00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 04/16/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/16/2023 02:58 | 04/16/2023 05:58 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/16/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/16/2023 02:26 | 04/16/2023 02:58 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/15/2023 21:26 | 04/16/2023 02:26 | 05:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/15/2023 02:59 | 04/15/2023 05:57 | 02:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/15/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/15/2023 02:29 | 04/15/2023 02:59 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/14/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/14/2023 21:25 | 04/15/2023 02:29 | 05:04 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/14/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/14/2023 02:51 | 04/14/2023 05:46 | 02:55 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/14/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/14/2023 02:21 | 04/14/2023 02:51 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/13/2023 21:25 | 04/14/2023 02:21 | 04:56 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/13/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/13/2023 02:55 | 04/13/2023 05:57 | 03:02 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/13/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/13/2023 02:24 | 04/13/2023 02:55 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/12/2023 21:26 | 04/13/2023 02:24 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/12/2023 02:57 | 04/12/2023 05:57 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/12/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/12/2023 02:27 | 04/12/2023 02:57 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/11/2023 21:27 | 04/12/2023 02:27 | 05:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/11/2023 02:50 | 04/11/2023 06:02 | 03:12 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/11/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/11/2023 02:20 | 04/11/2023 02:50 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/10/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/10/2023 21:27 | 04/11/2023 02:20 | 04:53 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/07/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/07/2023 02:48 | 04/07/2023 05:53 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/07/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/07/2023 02:17 | 04/07/2023 02:48 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/06/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/06/2023 21:26 | 04/07/2023 02:17 | 04:51 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/06/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/06/2023 02:55 | 04/06/2023 06:00 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/06/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/06/2023 02:24 | 04/06/2023 02:55 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/05/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/05/2023 21:26 | 04/06/2023 02:24 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/05/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/05/2023 02:51 | 04/05/2023 04:59 | 02:08 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/05/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/05/2023 02:21 | 04/05/2023 02:51 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/04/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/04/2023 21:27 | 04/05/2023 02:21 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/04/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/04/2023 02:55 | 04/04/2023 06:00 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/04/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/04/2023 02:23 | 04/04/2023 02:55 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/03/2023 21:26 | 04/04/2023 02:23 | 04:57 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/03/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/03/2023 02:49 | 04/03/2023 06:02 | 03:13 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/03/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/03/2023 02:18 | 04/03/2023 02:49 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/02/2023 21:26 | 04/03/2023 02:18 | 04:52 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/02/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/02/2023 02:48 | 04/02/2023 06:00 | 03:12 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 04/02/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/02/2023 02:18 | 04/02/2023 02:48 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/01/2023 21:26 | 04/02/2023 02:18 | 04:52 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/01/2023 | 21592891 DA | ILA, LAURIE | Reg | 04/01/2023 02:55 | 04/01/2023 06:05 | 03:10 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/01/2023 | 21592891 DA | ILA, LAURIE | Lunch | 04/01/2023 02:23 | 04/01/2023 02:55 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/31/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/31/2023 21:21 | 04/01/2023 02:23 | 05:02 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/30/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/30/2023 02:54 | 03/30/2023 05:29 | 02:35 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/30/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/30/2023 02:22 | 03/30/2023 02:54 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/29/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/29/2023 21:25 | 03/30/2023 02:22 | 04:57 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/26/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/26/2023 02:57 | 03/26/2023 06:06 | 03:09 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/26/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/26/2023 02:27 | 03/26/2023 02:57 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/25/2023 21:29 | 03/26/2023 02:27 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/25/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/25/2023 02:57 | 03/25/2023 05:55 | 02:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/25/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/25/2023 02:26 | 03/25/2023 02:57 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/24/2023 21:41 | 03/25/2023 02:26 | 04:45 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/24/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/24/2023 02:46 | 03/24/2023 05:57 | 03:11 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/24/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/24/2023 02:15 | 03/24/2023 02:46 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/23/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/23/2023 21:25 | 03/24/2023 02:15 | 04:50 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/23/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/23/2023 03:07 | 03/23/2023 06:05 | 02:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/23/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/23/2023 02:36 | 03/23/2023 03:07 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/22/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/22/2023 21:25 | 03/23/2023 02:36 | 05:11 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/19/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/19/2023 02:57 | 03/19/2023 06:01 | 03:04 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/19/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/19/2023 02:27 | 03/19/2023 02:57 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/18/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/18/2023 21:55 | 03/19/2023 02:27 | 04:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/17/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/17/2023 02:47 | 03/17/2023 06:01 | 03:14 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/17/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/17/2023 02:16 | 03/17/2023 02:47 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/16/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/16/2023 21:26 | 03/17/2023 02:16 | 04:50 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/16/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/16/2023 03:00 | 03/16/2023 05:58 | 02:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/16/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/16/2023 02:28 | 03/16/2023 03:00 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/15/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/15/2023 21:30 | 03/16/2023 02:28 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/12/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/12/2023 02:37 | 03/12/2023 05:57 | 03:20 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/12/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/12/2023 02:05 | 03/12/2023 02:37 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/11/2023 21:30 | 03/12/2023 02:05 | 04:35 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/11/2023 | 21592891 DA | ILA, LAURIE | Reg | 03/11/2023 02:53 | 03/11/2023 06:48 | 03:55 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/11/2023 | 21592891 DA | ILA, LAURIE | Lunch | 03/11/2023 02:21 | 03/11/2023 02:53 | 00:32 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/10/2023 21:31 | 03/11/2023 02:21 | 04:50 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/10/2023 05:54 | 03/10/2023 05:55 | 00:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/10/2023 02:57 | 03/10/2023 05:54 | 02:57 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DA | ILA, LAURIE | Lunch | 03/10/2023 02:27 | 03/10/2023 02:57 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/09/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/09/2023 20:21 | 03/10/2023 02:27 | `06:06` |
| 75500270 | SOUTHWEST AIRLINES TI | 03/09/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/09/2023 02:47 | 03/09/2023 05:56 | 03:09 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/09/2023 | 21592891 | DA | ILA, LAURIE | Lunch | 03/09/2023 02:17 | 03/09/2023 02:47 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/08/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/08/2023 21:25 | 03/09/2023 02:17 | 04:52 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/05/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/05/2023 03:05 | 03/05/2023 06:06 | 03:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/05/2023 | 21592891 | DA | ILA, LAURIE | Lunch | 03/05/2023 02:31 | 03/05/2023 03:05 | 00:34 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/04/2023 | 21592891 | DA | ILA, LAURIE | Reg | 03/04/2023 22:44 | 03/05/2023 02:31 | 03:47 |
| | | | | | | 830-1 TRAINI NG Inc | | | |
| 75500270 | SOUTHWEST AIRLINES TI | 03/02/2023 | 21592891 | DA | ILA, LAURIE | in OT | `03/02/2023 09:00` | `03/02/2023 17:00` | `08:00` |
| | | | | | | 830-1 TRAINI NG Inc | | | |
| 75500270 | SOUTHWEST AIRLINES TI | 02/27/2023 | 21592891 | DA | ILA, LAURIE | in OT | 02/27/2023 13:00 | 02/27/2023 14:30 | 01:30 |

# EXHIBIT B

**SUM-100**

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABM AVIATION, INC., a Georgia corporation; ABM INDUSTRIES
INCORPORATED, a Delaware corporation; and DOES 1 through 50.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA FELIPE SUCHITE, an individual on behalf of herself and
others.

<table>
<tr><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/27/2023** at 12:53:50 PM

Clerk of the Superior Court
By Isaiah Irizarry, Deputy Clerk

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

SUPERIOR COURT OF CALIFORNIA

330 West Broadway, San Diego, California 92101

</td><td>

CASE NUMBER:
*(Número del Caso):*   37-2023-00051258-CU-OE-CTL

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
THOMAS D. RUTLEDGE, 16956 Via de Santa Fe, Ste. 1847, Rancho Santa Fe CA 92091 619-886-7224

| DATE: 11/28/2023 *(Fecha)* | Clerk, by *(Secretario)* I. Irizarry | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

# EXHIBIT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| THOMAS D. RUTLEDGE (SBN 200497)<br>16956 Via de Santa Fe, Suite 1847<br>Rancho Santa Fe, California 92091-4606<br><br>TELEPHONE NO.: 619-886-7224   FAX NO.:<br>ATTORNEY FOR *(Name):* PLAINTIFFS | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**11/27/2023** at 12:53:50 PM<br><br>Clerk of the Superior Court<br>By Isaiah Irizarry, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CALIFORNIA 92101
BRANCH NAME: CENTRAL

CASE NAME:
Maria Felipe Suchite, et al. v. ABM Aviation, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2023-00051258-CU-OE-CTL<br><br>JUDGE:   Judge Keri Katz<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
✓ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ✓ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* 10
5. This case ✓ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 11-27-2023

THOMAS D. RUTLEDGE
_____
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
* Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
* File this cover sheet in addition to any cover sheet required by local court rule.
* If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
* Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | | |
|---|---|---|
| STREET ADDRESS: | 330 W Broadway | |
| MAILING ADDRESS: | 330 W Broadway | |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 | |
| DIVISION: | Central | |
| TELEPHONE NUMBER: | (619) 450-7074 | |

| PLAINTIFF(S) / PETITIONER(S): | Maria Felipe Suchite |
|---|---|
| DEFENDANT(S) / RESPONDENT(S): | ABM Aviation Inc et.al. |

SUCHITE VS ABM AVIATION INC [E-FILE]

| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)** | CASE NUMBER: |
|---|---|
| | 37-2023-00051258-CU-OE-CTL |

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge: Keri Katz                                    Department: C-74

## COMPLAINT/PETITION FILED: 11/27/2023

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 05/03/2024 | 10:00 am | C-74 | Keri Katz |

**Case Management Conferences (CMCs) may be conducted virtually or in person.** Anyone wishing to appear remotely should visit the "Appearing for Hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

<u>TIME FOR SERVICE AND RESPONSE:</u> The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

<u>JURY FEES:</u> In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

<u>COURT REPORTERS:</u> Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

<u>ALTERNATIVE DISPUTE RESOLUTION (ADR):</u> The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

# NOTICE OF E-FILING REQUIREMENTS
# AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

# EXHIBIT E

## Service of Process Transmittal Summary

**TO:**  BARBARA HOPKINS
ABM Industries Incorporated
14141 SOUTHWEST FWY STE 400
SUGAR LAND, TX 77478-4651

**RE:**  **Process Served in California**

**FOR:**  ABM Industries Incorporated  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MARIA FELIPE SUCHITE, an individual on behalf of herself and others // To: ABM Industries Incorporated |
| **CASE #:** | 3720230001258CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 12/04/2023 at 13:24 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Tricia Donnell  tricia.donnell@abm.com |
| | Email Notification,  SOP Group  ServiceofProcess@abm.com |
| | Email Notification,  Debora Martin  debora.martin@abm.com |
| | Email Notification,  Ashley Jeun  ashley.jeun@abm.com |
| | Email Notification,  BARBARA HOPKINS  barbara.hopkins@abm.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
330 N BRAND BLVD
STE 700
GLENDALE, CA 91203
877-564-7529
MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Mon, Dec 4, 2023
**Server Name:**                               John Abramyan

| | |
|---|---|
| Entity Served | ABM INDUSTRIES INCORPORATED |
| Case Number | 37-2023-00051258-CU-OE-CTL |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ABM AVIATION, INC., a Georgia corporation; ABM INDUSTRIES INCORPORATED, a Delaware corporation; and DOES 1 through 50.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARIA FELIPE SUCHITE, an individual on behalf of herself and others.

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of San Diego |
| **11/27/2023** at 12:53:50 PM |
| Clerk of the Superior Court |
| By Isaiah Irizarry, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* 37-2023-00051258-CU-OE-CTL |

SUPERIOR COURT OF CALIFORNIA
330 West Broadway, San Diego, California 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

THOMAS D. RUTLEDGE, 16956 Via de Santa Fe, Ste. 1847, Rancho Santa Fe CA 92091 619-886-7224

| DATE: 11/28/2023 | Clerk, by | I. Irizarry | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretaria)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* ABM Industries Incorporated, a Delaware corporation

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☑ by personal delivery on *(date):* 12/4/23

Page 1 of 1

| Form Adopted for Mandatory Use | SUMMONS | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

Thomas D. Rutledge (SBN 200497)
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091-4606
Telephone: (619) 886-7224
thomasrutledgelaw@gmail.com

Attorneys for Plaintiffs

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/27/2023** at 12:53:50 PM
Clerk of the Superior Court
By Isaiah Irizarry,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO-CENTRAL DIVISION

<table>
<tr><td>

MARIA FELIPE SUCHITE, an individual on behalf of herself and others,

      Plaintiffs,

vs.

ABM AVIATION, INC., a Georgia corporation; ABM INDUSTRIES INCORPORATED, a Delaware Corporation; and DOES 1 through 50,

      Defendants.

</td><td>

Case No.: 37-2023-00051258-CU-OE-CTL

**INDIVIDUAL AND CLASS ACTION COMPLAINT FOR:**
1. **Failure to Pay Minimum/Regular Wages;**
2. **Failure to Pay State Overtime;**
3. **Failure to Comply with Meal Break Laws;**
4. **Failure to Comply with Rest Break Laws;**
5. **Failure to Reimburse Expenses;**
6. **Failure to Provide Accurate Wage Statements;**
7. **Failure to Pay Wages Timely;**
8. **Failure to Provide and Maintain Records;**
9. **Individual Claim for Violations of the California Investigative Consumer Reporting Agencies Act (Civ. Code, § 1786, *et seq*.); and**
10. **Violation of B.&P. Code §§ 17200, *et seq.***

</td></tr>
</table>

Plaintiff MARIA FELIPE SUCHITE, on behalf of herself and on behalf of putative class members (collectively the "Plaintiffs"), alleges the following:

## NATURE OF THE ACTION

1.    This is a consumer and wage and hour individual and class action.

2.    Pursuant to Code of Civil Procedure § 382, Plaintiffs bring this proposed class action against Defendants for wage and hour abuses in violation of the California Labor Code and the Industrial Welfare Commission Wage Orders (IWC Wage Orders), all of which contribute to Defendants' deliberate unfair competition in California.

3.    Plaintiffs seek all remedies available to them including but not limited to reimbursements, penalties, restitution, injunctive and other equitable relief, reasonable attorneys' fees, and costs.

4.    The monetary damages and restitution sought by Plaintiffs will be established according to proof at trial. Upon information and belief, the amount owed to individual putative class members, including the named Plaintiff, is well under the $75,000 jurisdictional threshold for federal jurisdiction. No putative class member could reasonably be expected to receive a recovery of $75,000 or more. Upon information and belief, the total damages for the putative class members are not anticipated to exceed $5,000,000. Further, there is no federal question at issue because all issues related to the payment wages alleged herein are based solely on California law and statutes. Finally, the claims alleged herein concern only California workers.

## JURISDICTION AND VENUE

5.    Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, State of California because Plaintiffs allege claims arising under California law.

6.    This Court has jurisdiction over the Defendants because each is an association, corporation, business entity, or individual that conducts substantial business in the State of California.

7.    Pursuant to § 395 of the California Code of Civil Procedure, venue is

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 2 -

1  proper in the Superior Court of California for the County of San Diego because this is

2  where the misconduct to the Plaintiff occurred. (*Crestwood Behavioral Health, Inc. v.*

3  *Superior Court* (2021) 60 Cal.App.5th 1069, 1075 citing *Battaglia Enterprises, Inc. v.*

4  *Superior Court* (2013) 215 Cal.App.4th 309, 313, ["The plaintiff's choice of venue is

5  presumptively correct.]" (*Ibid.*))

6  <u>**THE PARTIES**</u>

7  8.    Plaintiff MARIA FELIPE SUCHITE is an individual residing in the

8  County of San Diego, California.

9  9.    Defendant ABM AVIATION, INC. is a Georgia corporation doing

10  business in the State of California.

11  10.    Defendant ABM INDUSTRIES INCORPORATED is a Delaware

12  corporation doing business in the State of California.

13  11.    The true names and capacities, whether individual, corporate, associate or

14  otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

15  Plaintiffs at this time. Plaintiffs therefore sues said Defendants by such fictitious names

16  pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave

17  to amend this Complaint to allege the true names and capacities of DOES 1 through 50

18  when their names are ascertained. Plaintiffs are informed and believe, and based

19  thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs

20  for the events and actions alleged herein.

21  12.    Unless otherwise specified by name, the named Defendants and DOES 1

22  through 50 will be collectively referred to as "DEFENDANT EMPLOYER" and/or

23  "Defendants."

24  13.    Plaintiffs are informed and believe, and based thereon allege, that each

25  Defendant was acting as an agent, joint venturer, an integrated enterprise and/or alter

26  ego for each of the other Defendants and each were co-conspirators with respect to the

27  acts and the wrongful conduct alleged herein so that each is responsible for the acts of

28  the other pursuant to the conspiracy and in proximate connection with the other

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 3 -

1    Defendant(s).

2        14.    Plaintiffs are informed and believe, and based thereon allege, that each

3    Defendant was acting partly within and partly without the scope and course of their

4    employment, and was acting with the knowledge, permission, consent, and ratification

5    of every other Defendant.

6        15.    Plaintiffs are informed and believe, and based thereon allege that each of

7    the Defendants was an agent, managing general partner, managing member, owner, co-

8    owner, partner, employee, and/or representative of each of the Defendants and was at

9    all times material hereto, acting within the purpose and scope of such agency,

10   employment, contract and/or representation, and that each of them is jointly and

11   severally liable to Plaintiffs.

12       16.    Plaintiffs are informed and believe, and based thereon allege that each of

13   the Defendants is liable to Plaintiffs under legal theories and doctrines including but

14   not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter

15   ego, based in part, on the facts set forth below.

16       17.    Plaintiffs are informed and believe, and based thereon allege, that each

17   of the named Defendants are part of an integrated enterprise and have acted or

18   currently act as the employer and/or joint employer of the putative class members

19   making each of them liable for the wage and hour violations alleged herein.

20       18.    Plaintiffs are informed and believe, and therefore allege, that one, more

21   than one, or each of the named Defendants are liable to the Plaintiffs under legal

22   theories and doctrines including but not limited to (1) the common law joint employer

23   doctrine and/or (2) Labor Code § 2810.3 because at least one of these named

24   Defendants worked as the central hub to an overall business operation by which the

25   interrelationship between these Defendants makes each of the Defendants liable for

26   the wage and hour violations alleged herein.

27       19.    Plaintiffs further allege, upon information and belief, that Defendants

28   ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED are alter egos

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 4 -

of each other for the following reasons:

(a) ABM AVIATION, INC. is a wholly-owned subsidiary of ABM INDUSTRIES INCORPORATED;

(b) ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED share the same officers and directors, including, but not limited to, Dean A. Chin, who serves as Chief Financial Officer to both entities, and Scott B. Salmirs, who serves as the Chief Executive Officer for ABM INDUSTRIES INCORPORATED and is a Director for ABM AVIATION, INC.;

(c) ABM INDUSTRIES INCORPORATED and ABM AVIATION, INC. are both listed on Plaintiff's and non-party putative class members' payroll summaries;

(d) On information and belief, ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED utilize the same standardized employment forms and issue the same meal and rest period policies; and

(e) ABM AVIATION, INC. and ABM INDUSTRIES INCORPORATED share the same agent for service of process, CT Corporation Systems and corporate address.

## **GENERAL ALLEGATIONS**

20.    Defendants are in the transportation business.

21.    From about August 14, 2023, Defendants employed the named Plaintiff as a nonexempt transportation worker in California until Defendants involuntarily terminated the named Plaintiff on or about October 6, 2023 without paying the named Plaintiff all wages to which Plaintiff had a right to receive on the day of Plaintiff's termination in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

**Failure to Provide Payroll Records and Plaintiff's Personnel File.**

22.    On October 16, 2023, Plaintiff, via counsel, sent a letter to DEFENDANT EMPLOYER requesting access to Plaintiff's payroll records and employee personnel file.

23.    On November 6, 2023, DEFENDANT EMPLOYER, via counsel, responded to the foregoing letter via email providing only some of Plaintiff's records.

24.    To date, DEFENDANT EMPLOYER has failed to produce the remaining portions of Plaintiff's personnel file including but not limited to Plaintiff's wage statements or an accurate itemization thereof, employer handbooks, and who knows what else.

**Minimum Wage/Regular Wage/Overtime claims.**

25.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs allege that Defendants employed failed to pay Plaintiff and putative class members all wages, e.g., overtime, minimum wages, etc., as required by law.

26.    California Labor Code §§ 1194, 1197, and 1197.1 provide the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

27.    The applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." (*See* § 2 of all applicable Wage Orders.)

28.    Therefore, employers are required to pay employees for all time spent subject to the control of the employer and all time the employee is suffered or permitted to work.

29.    During all times relevant, Defendants required the named Plaintiff and other putative class members to perform work before clocking in, after clocking out, and/or during off-the-clock meal breaks.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

30.    For example, Defendants required the named Plaintiff and other putative class members to perform work at various airports in California whose jobs were to clean aircraft for various airlines.

31.    To get to the worksite, the named Plaintiff and other putative class members were effectively required to report at a designated location to enter a company provided vehicle that transported putative class members to the security checkpoint near the entrance of the facility where putative class members reported to work, a process that took on average 15 minutes.

32.    Before entering the worksite, Defendants required the named Plaintiff and other putative class members to pass through airport security before putative class members could clock in for work, a process that likewise took time.

33.    Defendants, however, failed to compensate Plaintiff and other putative class members for the above-described work before clocking in, after clocking out, and/or during off-the-clock meal breaks, including time spent going through airport security screenings or driving in the company provided van from the airport parking lot, among other uncompensated tasks in an amount and manner to be proven at trial.

34.    During all times relevant, the named Plaintiff and other putative class members worked more than eight hours in a day and 40 hours in a week but Defendants did not pay them for all hours worked before clocking in, after clocking out, and/or during off-the-clock meal breaks, including time spent going through airport security screenings and waiting for and riding a mandatory shuttle to and from the time clock facility.

35.    On information and belief, Defendants also miscalculated overtime hours worked when employees worked overnight shifts and/or earned bonuses, as evidenced, in part, by entries in wage statements that say, "PPD."

**Meal and Rest Break Claims.**

36.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs allege that Defendants deprived Plaintiff and putative class

- 7 -

members and other nonexempt employees from taking lawful meal and rest periods and did not pay and refused to pay premium pay to workers.

37.    Plaintiffs allege that putative class members' meal breaks were late, missed, or noncompliant because of work demands imposed on them by management and/or the demands of their customers, among other reasons.

38.    Defendants have, and continues to have, a company-wide policy and/or practice of understaffing the worksites it services, which resulted in a lack of meal break coverage and prevented putative class members from taking all timely, uninterrupted meal periods to which they had the right to enjoy.

39.    The named Plaintiff and other putative class members missed their meal periods altogether, had to have their meal periods interrupted to return to work, or waited extended periods of time before taking meal periods in order to complete assigned tasks.

40.    By way of example, just on the records alone Defendants caused the named Plaintiff to suffer more than 17 meal break violations, either because she missed them, they were too late in the workday or they were too short (i.e., interrupted), as evidenced in the highlighted sections of her time records attached hereto as **Exhibit 1**.

41.    The named Plaintiff is not the only victim.

42.    The named Plaintiff's coworker, Laurie Caroline Davila-Felix, suffered similar meal break violations as evidenced in the highlighted sections of her time records attached hereto as **Exhibit 2** (a total of 24 meal break violations from the records alone).

43.    The foregoing are only a few examples of many meal break violations that negatively affected the named Plaintiff and presumably many other putative class members.

44.    Plaintiffs are informed and believe and based thereon allege the Defendants did not pay the named Plaintiff and putative class members premium pay for all missed and unlawful meal breaks.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

45.     With respect to rest break violations, DEFENDANT EMPLOYER maintained an extremely busy schedule of aircraft cleaning and due to DEFENDANT EMPLOYER's demand for services and understaffing, and based thereon Defendants' management often required putative class members to skip their rest breaks or take shorter breaks than what is required by law.

46.     Incredibly, Defendants also enforce a policy that prohibits putative class members from using aircraft bathrooms, instead requiring workers to use facility bathrooms that are located many minutes from the aircraft, making breaks needed for the bathroom almost impossible and requiring putative class members to wait until lunch before they could use the bathroom.

47.     Because of the foregoing policies, Defendants prevented Plaintiffs from taking all their uninterrupted rest breaks to which they had the right under California law, in an amount to be proven at trial. (*See Augustus v. ABM Security Services* (2016) 2 Cal.5th 257.)

**Failure to Reimburse.**

48.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe and based thereupon allege that Defendants failed to reimburse Plaintiff and putative class members for work related expenses.

49.     During all time relevant, for example, Defendants implemented and enforced a policy and/or practice of requiring employees to carry cell phones at all times during their shifts to respond to calls from management, even during unpaid meal periods.

50.     Defendants' management contacted the named Plaintiff and other putative class members on their cell phones periodically throughout their shifts because that was often the only way to reach them.

51.     The unreimbursed purchases putative class members were required to make to perform their work include, but are not limited to cell phone expenses.

- 9 -

52.    Plaintiffs are informed and believe, and thereupon allege, that Defendants' requirement for employees to use their supplies and equipment to perform their work duties without reimbursement was an attempt to defray the costs onto its employees.

53.    Defendants passed the cost of doing business onto its employees by requiring, without reimbursement, their employees to purchase equipment, tools, and services necessary to perform work for Defendants. (*See Cochran v. Schwan's Home Service, Inc.* (2014) 228 Cal.App.4th 1137 ["We hold that when employees must use their personal cell phones for work-related calls, Labor Code section 2802 requires the employer to reimburse them. Whether the employees have cell phone plans with unlimited minutes or limited minutes, the reimbursement owed is a reasonable percentage of their cell phone bills."])

**Erroneous Wage Statements in Violation of Labor Code § 226.**

54.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege that Defendants issued the named Plaintiff and other putative class members erroneous wage and earning statements.

55.    Plaintiffs' paystubs and those of similarly situated employees of Defendants were inaccurate because Defendants failed to pay them all wages, as alleged above, supporting a derivative claim under Labor Code § 226.

56.    The above problems make interpretation of the foregoing wage and earning statements hopelessly confusing.

**Facts Relating to Derivative Claims, such as Labor Code §§ 203, 204, 204b, etc.**

57.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege that Defendants paid Plaintiff and putative class members untimely in violation of California law.

58.    For example, when Defendants involuntarily terminated the named Plaintiff's employment on October 6, 2023, DEFENDANT EMPLOYER did not

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 10 -

1  furnish the named Plaintiff's final paycheck until October 10, 2023, four days late in

2  violation of Labor Code § 201 according to the records Defendant provided in response

3  to her personnel file request.

4      59.   Moreover, as described above, Defendants failed to pay the named

5  Plaintiff premium pay for at least 17 meal break violations as described above,

6  resulting in Defendants underpayment of wages owed to the Plaintiff of at least $323,

7  which combined with waiting time penalties under Labor Code § 203, the named

8  Plaintiff is owed another $4,560 (8 x $19 x 30=$4,560).

9      60.   Plaintiffs allege that, to date, DEFENDANT EMPLOYER has not paid

10 the named Plaintiff's wages due and payable and Plaintiffs are informed and believe

11 that DEFENDANT EMPLOYER have failed to pay terminated putative class

12 members' wages due and payable, in an amount to be proven at trial.

**Investigative Consumer Reporting Agencies Act (ICRAA) Claims.**

14     61.   Plaintiff is informed and believes and based thereon alleges that upon

15 Plaintiff's hiring, as part of Defendants' routine practice, policy, and procedure,

16 Defendants required Plaintiff, a job applicant at that time, to sign various forms that

17 purported to allow Defendants to obtain a consumer investigative report on the

18 Plaintiff via a third party.

19     62.   Plaintiff is informed and believes and based thereon alleges that

20 Defendants' purported permission to conduct the foregoing investigative consumer

21 report was based, in part, on an unlawful form or no form at all because none was

22 produced in response to Plaintiff's request for her personnel file.

23     63.   Plaintiff is informed and believes and based thereon alleges that the

24 foregoing form Defendants used (or did not use) violates Civ. Code § 1786.16 in a

25 manner described in more detail at time of trial.

26     64.   Similarly, by law before an employer can procure a report on an employee

27 or job applicant, the employer must certify to the furnishing agency that it (the

28 employer) complied, and will continue to comply, with various requirements of the

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 11 -

1    ICRAA. Civ. Code §1786.16(a)(4).

2        65.    Plaintiff is informed and believes and based thereon alleges there is no

3    evidence of certifications whatsoever from the Defendants as required under the

4    ICRAA.

5        66.    Accordingly, Plaintiff is informed and believes and based thereon alleges

6    that Defendants violated the ICRAA by procuring a consumer report on the Plaintiff

7    without complying with the certification requirements set forth in the ICRAA.

8        67.    Plaintiff, via counsel, requested Defendants to provide a copy of the

9    abovementioned form and related records, but Defendants thus far have refused to

10   produce the foregoing, another claim under the ICRAA Plaintiff is pursuing.

## CLASS ACTION ALLEGATIONS

12       68.    The named Plaintiff brings this action on behalf of herself and all others

13   similarly situated as a class action pursuant to § 382 of the Code of Civil Procedure.

14       69.    The named Plaintiff seeks to represent the classes and/or subclasses

15   composed of and defined as follows:

16       **All of Defendants' current or former nonexempt employees**

17       **who worked in the state of California from November 26,**

18       **2019 to the present.**

19       70.    Plaintiffs also seek to represent the following subclasses composed of

20   and defined as follows:

21       **Minimum/Regular Wage Subclass:** All Members of the
22       putative class who during the relevant period, failed to receive
23       minimum/regular wages for all hours worked.

24       **State Overtime Subclass:** All Members of the putative class
25       who, during the relevant period, worked more than eight hours
         per day and/or in 40 hours per week and who did not receive
26       overtime pay at the requisite overtime rate of pay.

27       **Meal Break Subclass:** All Members of the putative class who,
28

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

during the applicable statute of limitations period (1) worked for any of the Defendants and were not provided compliant meal breaks and (2) were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Rest Break Subclass:** All Members of the putative class who, during the applicable statute of limitations period (1) worked for any of the Defendants and were not provided compliant rest breaks or paid for time spent during rest breaks and (2) were not provided one hour of pay at their regular rate of compensation in lieu thereof.

**Unreimbursed Expense Subclass:** All Members of the putative class who, during the relevant period, Defendants did not reimburse for reasonable and necessary expenses.

**Wage Statement Subclass:** All Members of the putative class who, during the applicable statute of limitations period, did not receive accurate itemized wage statements as required by Labor Code § 226.

**Waiting Time Subclass:** All Members of the putative class who, during the applicable limitations period, did not receive all wages due in a timely manner as required by Labor Code §§ 201-204.

**UCL Subclass:** All Members of the putative class, who, during the relevant period, are owed restitution in the form of (1) unreimbursed expenses and/or (2) wages earned and unpaid because of Defendants' uniform pay policies and procedures.

71.    The above-mentioned class-members will collectively be referred to as "putative class members."

72.    Plaintiffs reserve the right under the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

73.    This action is brought and may properly be maintained as a class action under the provisions of § 382 of the Code of Civil Procedure because there is a

- 13 -

1    well-defined community of interest in the litigation and the proposed Class is easily
2    ascertainable.

3    **A.      Numerosity.**

4       74.    The potential members of the putative class as defined are so numerous or
5    many, that joinder of all the members of the putative class is impracticable.

6       75.    While the precise number of putative class members has not been
7    determined at this time, Plaintiffs are informed and believe, and based thereon allege,
8    that DEFENDANT EMPLOYER currently employs, and during the relevant time
9    periods employed, a sufficient number of employees to warrant class certification if all
10   other elements are met.

11      76.    Accounting for employee turnover during the relevant periods necessarily
12   increases the number of potential members of the putative class.

13   **B.      Commonality.**

14      77.    There are questions of law and fact common to the putative class that
15   predominate over any questions affecting only individual putative class members.

16      78.    Common questions of law and fact include, without limitation and subject
17   to possible further amendment, the following:

18          a. Whether Defendants violated the Labor Code and the
19             applicable Wage Order by not fully compensating the
20             named Plaintiff and the putative class by failing to pay
21             minimum wage and/or regular wages as required by law;
22          b. Whether Defendants' policy or practice of not
23             paying the named Plaintiff and putative class members
24             overtime compensation for the hours they worked
25             over 40 in a workweek or eight hours in a day is
26             illegal under Labor Code §§ 510, 1771, 1774, 1776,
27             1194, and the applicable Wage Order;
28          c. Whether Defendants violated the meal and rest break

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 14 -

provisions of California law by failing to provide the named Plaintiff and putative class members with duty-free 30-minute meal breaks for shifts of five hours or more and/or duty free 10-minute rest breaks as required by law and Defendants' failure to pay premium pay as a ·result thereof;

d. Whether Defendants violated Labor Code §§ 2802 by failing to reimburse named Plaintiff and putative class members for business expenses;

e. Whether Defendants violated Labor Code §§ 226 by not providing named Plaintiff and putative class members accurate paystubs;

f. Whether Defendants' policy or practice of not paying named Plaintiff and putative class members all their wages due in their final paychecks immediately upon involuntary termination or when 72 hours' notice was provided before voluntary resignation, is unlawful under Labor Code §§ 201, 202 and/or 203; and

g. Whether the named Plaintiff and putative class members may recover remedies pursuant to Business & Professions Code §§ 17200, *et seq.*

**C.**   **Typicality.**

79.     The named Plaintiff's claims are typical of the claims of the putative class because Plaintiff and all members of the class sustained injuries and damages arising out of and caused by Defendants' common course of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 15 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1    **D.    Adequacy of Representation.**

2    80.    The named Plaintiff is a member of the putative class, does not have any

3    conflicts of interest with other putative class members, and will prosecute the case

4    vigorously on behalf of the putative class.

5    81.    Counsel representing the named Plaintiff and the putative class is

6    competent and experienced in litigating employment class actions, including wage

7    and overtime class actions.

8    82.    The named Plaintiff will fairly and adequately represent and protect the

9    interests of the putative class.

10    **E.    Superiority of Class Action.**

11    83.    A class action is superior to other available means for the fair and

12    efficient adjudication of this controversy because individual joinder of all putative

13    class is not practicable, and questions of law and fact common to the putative class

14    predominate over any questions affecting only individual members of the putative

15    class.

16    84.    Each putative class member was damaged or suffered injury and may

17    recover by reasons of Defendants' illegal policies and/or practices.

18    85.    Class action treatment will allow those similarly situated persons to

19    litigate their claims in the manner that is most efficient and economical for the parties

20    and the judicial system.

21    86.    Plaintiffs are unaware of any difficulties that are likely to be encountered

22    in the management of this action that would preclude maintenance as a class action.

23    87.    For the reasons alleged in this Complaint, this action should be certified as

24    a class action.

25

26

27

28

## FIRST CAUSE OF ACTION

**Individual and Class Claim for**

**Failure to Pay State and Local Minimum/Regular Wages in Violation of**

**California Labor Code §§ 216, 218, 218.5, 223, 1182.12, 1194,**

**1194.2, 1197, and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

88.    Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

89.    Pursuant to Labor Code §§ 216, 223, 218, 218.5, 1182.12, 1194, 1194.2, and 1197 it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable IWC Wage Order.

90.    During all times relevant, the applicable IWC Wage Order, including but not limited to Wage Order 4, applied to putative class members' employment with Defendants.

91.    Pursuant to the applicable IWC Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

92.    Every employer must pay each employee minimum wage as required under state law and, where applicable and if higher, local law.

93.    Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee may recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

94.    During all times relevant and based on the misconduct alleged in this Complaint, Plaintiffs are informed and believe, and based thereupon allege, that putative class members were not paid minimum/regular wages for all hours suffered or permitted to work in violation of state and, where applicable, local law and/or their

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 17 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1 | agreement with DEFENDANT EMPLOYER.

2 | 95. At all material times, DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

96. In committing the violations of state law as herein alleged, Plaintiffs are informed and believe based there upon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

97. As a direct result, putative class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

98. For the reasons alleged herein, Plaintiffs and the putative class request the recovery of the unpaid minimum, waiting time penalties, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### Individual and Class Claim for

### Failure to Pay State Overtime and/or Double-Time

### Compensation in Violation of California Labor Code §§ 510, 1194,

### and 1198 via the applicable IWC Wage Order

### (Against all Defendants)

99. Plaintiffs reallege and incorporate by reference the foregoing allegations

- 18 -

1    as though set forth herein.

2    100.    During all times relevant, the applicable Wage Order, including but not
3    limited to Wage Order 4, applied to Plaintiffs' employment with Defendants.

4    101.    Pursuant to the applicable Wage Order, "hours worked" include the
5    time during which an employee is "suffered or permitted to work, whether or not
6    required to do so."

7    102.    For each hour (or fraction thereof) an employee works over forty (40)
8    hours in a week or more than eight (8) hours in a workday the employer must pay the
9    rate of one and a half times the employee's regular hourly wage.

10    103.    For each hour (or fraction thereof) an employee works more than twelve
11    (12) hours in one day or more than eight (8) hours a day on the seventh consecutive
12    day of work, the employee must be compensated at the rate of no less than twice the
13    regular rate of pay for that employee.

14    104.    During all times relevant and based on the misconduct alleged in this
15    Complaint, Plaintiffs are informed and believe, and therefore allege that Defendants
16    failed to pay its employees the lawful amount of overtime to which they had the right
17    to receive.

18    105.    At all material times, DEFENDANT EMPLOYER and DOES 1 through
19    50 were and/or are putative class members' employers or persons acting on behalf of
20    putative class members' employer, within the meaning of California Labor Code §
21    558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the
22    California Labor Code or any provision regulating hours and days of work in any
23    Order of the Industrial Welfare Commission and, as such, are subject to penalties for
24    each underpaid employee as set for in Labor Code § 558.

25    106.    In committing the violations of state law as herein alleged, Defendants
26    have knowingly and willfully refused to perform their obligations to compensate
27    putative class members for all wages earned and all hours worked.

28    107.    As a direct result, putative class members have suffered and continue to

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1  suffer, substantial losses related to the use and enjoyment of such compensation,

2  wages, lost interest on such monies and expenses and attorney's fees in seeking to

3  compel Defendants to full perform their obligation under state law, all to their

4  respective damage in amounts according to proof at trial and within the jurisdictional

5  limitations of this Court.

6      108.   For the reasons alleged herein, Plaintiffs on behalf of herself and the

7  putative class requests the unpaid wages, waiting time penalties, interest, attorneys'

8  fees, costs, liquidated damages, and any other remedies allowed by law in an amount to

9  be proven at trial.

**THIRD CAUSE OF ACTION**

**Individual and Class Claim for**

**Failure to Comply with the Meal Break Requirements of Labor Code §§ 226.7,**

**512, and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

15     109.   Plaintiffs reallege and incorporate by reference the foregoing allegations

16  as though set forth herein.

17     110.   Plaintiffs are informed and believe, and based thereon allege, that by

18  failing to provide duty-free meal periods of at least thirty (30) minutes for shifts of five

19  hours or more, which began before the end of the fifth hour of work, and failing to pay

20  such employees premium wages of one (1) hour of pay at their regular,rate of

21  compensation for each workday the meal period was not provided, Defendants

22  willfully violated the provisions of Labor Code § 226.7, and the applicable IWC Wage

23  Order.

24     111.   Based on the misconduct alleged in this Complaint, Plaintiffs are

25  informed and believe, and based thereon allege, that Defendants failed to pay all

26  premium wages owed.

27     112.   At all material times, DEFENDANT EMPLOYER and DOES 1 through

28  50 were and/or are putative class members' employers or persons acting on behalf of

- 20 -

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1 putative class members' employer, within the meaning of California Labor Code §

2 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

3 California Labor Code or any provision regulating hours and days of work in any

4 Order of the Industrial Welfare Commission and, as such, are subject to penalties for

5 each underpaid employee as set for in Labor Code § 558.

6     113.   In committing the violations of state law as herein alleged, Plaintiffs are

7 informed and believe and based thereon allege that Defendants have knowingly and

8 willfully refused to perform their obligations to compensate putative class members for

9 all wages earned and all hours worked.

10     114.   As a direct result, putative class members have suffered and continue to

11 suffer, substantial losses related to the use and enjoyment of such compensation,

12 wages, lost interest on such monies and expenses and attorneys' fees in seeking to

13 compel Defendants to fully perform their obligations under state law, all to their

14 respective damage in amounts according to proof at trial and within the jurisdictional

15 limitations of this Court.

16     115.   For the reasons alleged herein, Plaintiffs request all remedies available to

17 the Plaintiff and to the putative class.

18                 **FOURTH CAUSE OF ACTION**

19                 **Individual and Class Claim for**

20 **Failure to Comply with the Rest Break Requirements of Labor Code §§ 226.7,**

21       **512, and 1198 via the applicable IWC Wage Order**

22                (Against all Defendants)

23     116.   Plaintiffs reallege and incorporate by reference the foregoing allegations

24 as though set forth herein.

25     117.   Plaintiffs are informed and believe, and based thereon allege, that based

26 on the misconduct alleged in this Complaint, Defendants failed to authorize and permit

27 Plaintiffs to receive a rest period of at least 10 minutes on a separate hourly basis when

28 paid commissions or otherwise to provide paid ten-minute rest periods for every four

1  (4) hours or major fraction thereof worked per day, and by failing to provide premium

2  wages at the regular rate of pay when these periods were not permitted or authorized,

3  Defendants willfully violated the provisions of Labor Code § 226.7, and the applicable

4  IWC Wage Order.

5      118.  Plaintiffs are informed and believe, and based thereon allege, that based

6  on the misconduct alleged in this Complaint, Defendants failed to pay premium pay for

7  Plaintiffs' missed breaks DEFENDANT EMPLOYER failed to provide or authorize.

8      119.  At all material times, DEFENDANT EMPLOYER and DOES 1 through

9  50 were and/or are putative class members' employers or persons acting on behalf of

10  putative class members' employer, within the meaning of California Labor Code §

11  558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

12  California Labor Code or any provision regulating hours and days of work in any

13  Order of the Industrial Welfare Commission and, as such, are subject to penalties for

14  each underpaid employee as set for in Labor Code § 558.

15      120.  In committing the violations of state law as herein alleged, Plaintiffs are

16  informed and believe and based thereon allege that Defendants have knowingly and

17  willfully refused to perform their obligations to compensate putative class members for

18  all wages earned and all hours worked.

19      121.  As a direct result, putative class members have suffered and continue to

20  suffer, substantial losses related to the use and enjoyment of such compensation,

21  wages, lost interest on such monies and expenses and attorneys' fees in seeking to

22  compel Defendants to fully perform their obligations under state law, all to their

23  respective damage in amounts according to proof at trial and within the jurisdictional

24  limitations of this Court.

25      122.  For the reasons alleged herein, Plaintiffs request all remedies available to

26  the Plaintiff and to the putative class.

27

28

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 22 -

## FIFTH CAUSE OF ACTION

**Individual and Class Claim for**

**Failure to Indemnify/Reimburse Business Expenses in Violation of**

**California Labor Code § 1198, 2802,**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

123.  Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

124.  California Labor Code § 2802 requires employers to indemnify their employees for expenses and losses incurred while discharging their duties or obedience to the directions of their employer.

125.  California Labor Code § 2804 mandates that this statutory right cannot be waived.

126.  The Plaintiffs incurred losses in obedience to the directions of Defendants in the form of purchase of work-related expenses described in this Complaint.

127.  As a direct result of Defendants' violation of California Labor Code § 2802, the putative class members suffered and continue to suffer substantial losses related to unpaid expenses, the use and enjoyment of monies owed, lost interest on monies owed, and attorneys' fees in an amount to be proven at the time of trial.

128.  Defendants derive an unjust and inequitable economic benefit in failing to comply with the law regarding indemnification and reimbursement of employees.

129.  For the reasons alleged herein, Plaintiffs request all remedies available to the named Plaintiff and to the putative class, including but not limited to back-owed reimbursement for work-related expenses, interest, statutory and equitable attorneys' fees, costs, and applicable penalties in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

## SIXTH CAUSE OF ACTION

**Individual and Class Claim for**

**Violations of California Labor Code §§ 226**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

130.    Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

131.    Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that every employer shall, "semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number..., (8) the name and address of the legal entity that is the employer. . ., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. . ." (Labor Code § 226 subdivision (a).)

132.    Likewise, California Labor Code § 226, subdivisions (b) and (c), require employers doing business in the State of California to provide current and former employees access to their payroll records.

133.    Upon information and belief, during all times relevant to this action,

- 24 -

Defendants did not provide accurate wage statements.

134.    Plaintiffs allege that on numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(6), (a)(8), and (a)(9) by failing to provide Plaintiffs accurate itemized statement in writing accurately showing gross wages earned, total hours worked by the employee, net wages earned, among other things.

135.    At all material times DEFENDANT EMPLOYER and DOES 1 through 50 were and/or are putative class members' employers or persons acting on behalf of putative class members' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating business hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set forth in Labor Code § 558.

136.    In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate putative class members for all wages earned and all hours worked.

137.    As a direct result, putative class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

138.    For the reasons alleged herein, Plaintiffs seek damages, penalties, costs, and attorneys' fees pursuant to Labor Code §§ 226, 226.3, and 226.6 in an amount to be proven at trial.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 25 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

## SEVENTH CAUSE OF ACTION

**Individual and Class Claim for**

**Failure to Pay Timely Earned Wages during Employment and**

**Upon Separation of Employment in Violation of**

**California Labor Code §§ 201, 202, 203,**

**204 and/or 204b, 218.5, 218.6, and 1198**

**via the applicable IWC Wage Order**

(Against all Defendants)

139.   Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

140.   Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

141.   Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

142.   Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

143.   Pursuant to Labor Code § 204, "all wages ... earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

144.   Alternatively, pursuant to Labor Code § 204b, employers must pay its employees on a weekly basis on a regular day determined by the employer as the

- 26 -

1    regular payday.

2    145.    Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for

3    the nonpayment of wages and fringe benefits.

4    146.    During all times relevant and based on the misconduct alleged in this

5    Complaint, Defendants failed to pay putative class members pursuant to the

6    requirements of Labor Code §§ 201, 202, and 204/204b and hereby Plaintiffs seek all

7    remedies available to them.

8    147.    To date, for example, Defendants have not paid the named Plaintiff all

9    earned wages as required by law.

10    148.    At all material times, DEFENDANT EMPLOYER and DOES 1 through

11    50 were and/or are putative class members' employers or persons acting on behalf of

12    putative class members' employer, within the meaning of California Labor Code §

13    558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the

14    California Labor Code or any provision regulating hours and days of work in any

15    Order of the Industrial Welfare Commission and, as such, are subject to penalties for

16    each underpaid employee as set for in Labor Code § 558.

17    149.    In committing the violations of state law as herein alleged, Defendants

18    have knowingly and willfully refused to perform their obligations to compensate

19    putative class members for all wages earned and all hours worked.

20    150.    For the reasons alleged herein, the named Plaintiff and putative class

21    members request unpaid wages, waiting time penalties, interest, attorneys' fees, costs,

22    damages, and other remedies in an amount to be proven at trial.

23

24

25

26

27

28

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

## **EIGHTH CAUSE OF ACTION**

**Individual and Class Claim for**

**Failure to Maintain and Provide Required Records in Violation of California**

**Labor Code §§ 226, 432, 1174, 1198.5,**

**and 1198 via the applicable IWC Wage Order**

(Against all Defendants)

151.   Plaintiffs reallege and incorporate by reference the foregoing allegations as though set forth herein.

152.   California Labor Code § 226, subdivision (b), requires employers doing business in the State of California to "afford current and former employees the right to inspect or copy records pertaining to their employment, upon a reasonable request to the employer..." and subdivision (c), requires employers to produce such records within "21 calendar days from the date of the request."

153.   Plaintiff maintains the records requested fall within the meaning of Labor Code § 226 because, among other reasons, the requested documents are "records pertaining to [his] employment."

154.   California Labor Code § 432, subdivision (b), requires employers doing business in the State of California to provide current, former employees, and applicants copies of all written instruments they sign upon request.

155.   Plaintiff maintains the records requested fall within the meaning of Labor Code § 432 because some of the records requested constitute written instruments the Plaintiff signed.

156.   California Labor Code § 1198.5, *et seq.*, similarly provides current and former employees the right to inspect their employee personnel records and requires the employer to provide the employee access to such records no later than 30 calendar days from the date the employer receives a written request.

157.   Plaintiff maintains the records requested fall within the meaning of Labor Code § 1198.5, *et seq.* because they were part of and/or related to Plaintiff's

- 28 -

1  personnel file within the meaning of Labor Code § 1198.5.

2    158.    California Labor Code § 2810.5 requires employers to furnish

3  employees with written notice provided at the time of hire that complies with all

4  aspects of the statute, namely, providing the employee with written notice of their rate

5  of pay, the name of their employer, etc.

6    159.    Section 7 of the typical Wage Order requires every employer to

7  maintain time and payroll records.

8    160.    As alleged above, Defendants did not provide Plaintiff access to the full

9  contents of Plaintiff's employee personnel file and/or the records to which Plaintiff

10  has the right to obtain within the meaning of the foregoing statutes in violation of the

11  abovementioned statutes and/or Defendants did not comply with the abovementioned

12  statutes.

13    161.    Further, Plaintiffs are informed and believe and based thereon alleges

14  that during all times relevant, Defendants failed to comply with § 7 of the applicable

15  IWC Orders and with Labor Code § 1174 by failing to maintain certain records which

16  employers are required to accurately maintain.

17    162.    For the reasons alleged herein, Plaintiffs seek all remedies available to

18  them including but not limited to attorneys' fees, costs, interest, and penalties

19  pursuant to the Labor Code, and permissible by law in an amount to be proven at trial.

20                    **NINTH CAUSE OF ACTION**

21                    **Individual Claims for**

22    **Violations of the California Investigative Consumer**

23    **Reporting Agencies Act (Civ. Code, § 1786, *et seq.*)**

24                    (Against all Defendants)

25    163.    The named Plaintiff realleges and incorporates by reference the

26  foregoing allegations as though set forth herein.

27    164.    Pursuant to California Civ. Code § 1786, *et seq.*, it is unlawful for an

28  employer to procure an investigative consumer report for employment purposes

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 29 -

unless the employer complies with all aspects of California Civ. Code § 1786, *et seq.*

165. The ICRAA requires that, before procuring a consumer report on an individual for employment purposes, the employer must comply with all the following:

(A) The person procuring or causing the report to be made has a permissible purpose, as defined in Civ. Code § 1786.12.

(B) The person procuring or causing the report to be made provides a clear and conspicuous disclosure in writing to the consumer at any time before the report is procured or caused to be made in a document that consists solely of the disclosure, that:

(i) An investigative consumer report may be obtained.

(ii) The permissible purpose of the report is identified.

(iii) The disclosure may include information on the consumer's character, general reputation, personal characteristics, and mode of living.

(iv) Identifies the name, address, and telephone number of the investigative consumer reporting agency conducting the investigation.

(v) Notifies the consumer in writing of the nature and scope of the investigation requested, including a summary of the provisions of Civ. Code § 1786.22.

(vi) Notifies the consumer of the Internet Web site address of the investigative consumer reporting agency identified in clause (v), or, if the agency has no Internet Web site address, the telephone number of the agency, where the consumer may find information about the investigative reporting agency's privacy practices, including whether the consumer's personal information will be sent outside the United States or its territories and information that complies with subdivision (d) of Civ. Code § 1786.20. This clause shall become operative on January 1, 2012.

(Civ. Code § 1786.16, subd. (a)(2)(B).)

166. Plaintiff is informed and believes and based thereon alleges that Defendants violated Civ. Code § 1786.16 because the disclosure form Defendant required Plaintiff to sign failed to comply with Civ. Code § 1786.16, *et seq.*, Defendants failed to provide a copy of the report and consent form she requested, Defendants failed to provide the proper certifications to the consumer reporting agency that procured his report, among other reasons.

167. Based on the misconduct alleged in this Complaint, Plaintiff alleges she suffered harm in the form of, among other things, anger, feelings of betrayal, frustration, resentment, humiliation, among other feelings and harms to be proven at

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1  trial.

2       168.   Pursuant to Civ. Code § 1786.50(a)(1), Plaintiff seeks to recover the

3  higher of statutory damages in the amount of $10,000 or actual damages, whichever is

4  higher, due to Defendants' failure to comply with the requirements imposed by Civ.

5  Code § 1786, *et seq.*, all in an amount to be proven at trial.

6       169.   Plaintiff seeks recovery costs of suit with reasonable attorneys' fees in an

7  amount as the Court may allow.

8                    **TENTH CAUSE OF ACTION**

9            **Individual and Class Claim for Remedies for Violations**

10                    **of the California Unfair Business**

11                    **Practices Code §§ 17200, *et seq.***

12                    (Against all Defendants)

13       170.   Plaintiffs reallege and incorporate by reference the foregoing allegations

14  as though set forth herein.

15       171.   Defendants, and each of them, are "persons" as defined under Business

16  and Professions Code § 17021.

17       172.   Plaintiffs are informed and believe and based thereon allege that

18  Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof.

19  Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this

20  Complaint and which allegations are incorporated herein by reference and which

21  allegations include, but are not limited to:

22            a.  Failing to provide the putative class and Plaintiffs an

23                accurate itemized wage statement in violation of § 226 of

24                the Labor Code;

25            b.  Failing to pay the putative class and Plaintiffs all wages

26                due and owing including minimum/regular wages and

27                overtime compensation, minimum wages and overtime,

28                and meal and rest break premiums;

- 31 -

COMPLAINT-*Felipe Suchite, et al. v. ABM Aviation, Inc., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

c.  Failure to reimburse employees for all employer incurred expenses; and

d.  Failure to pay putative class members, including Plaintiffs, wages in a timely manner upon their termination or resignation.

173.  Defendants' conduct, as alleged above, constitutes unlawful, unfair, and fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

174.  The unlawful and unfair business practices conducted by Defendants, and each of them, are ongoing and present a threat and likelihood of continuing against Plaintiffs and, accordingly, Plaintiffs seek injunctive relief where appropriate.

175.  Plaintiffs have suffered injury in fact and lost money or property because of the aforementioned unfair competition.

176.  Because of their improper acts, Defendants, and each of them, have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiffs and other employees and former employees of Defendants, and each of them.

177.  Defendants, and each of them, should be enjoined from this activity and made to disgorge these ill-gotten gains and restore to Plaintiffs and the putative class the wrongfully withheld wages and/or penalties, pursuant to Business and Professions Code §§ 17202 and/or 17203.

178.  Plaintiffs and the putative class have also incurred and continue to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial and for which they seek compensation pursuant to law including but not limited to Code of Civil Procedure § 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.  For an order that this action may proceed and be maintained as a class action;

2.      For appointment of the named Plaintiff as the representative of the Class;

3.      For appointment of counsel for Plaintiffs as Class Counsel;

4.      That the Court find that Defendants' violations as described above were willful;

5.      That the Court award to Plaintiff and/or the putative class damages for the amount of unpaid wages subject to proof at trial;

6.      That Defendants, and each of them, be ordered and enjoined to pay restitution to Plaintiffs and/or the putative class pursuant to Business and Professions Code §§ 17200-05;

7.      For disgorgement through restitution of all ill-gotten and/or ill-gained profits, including unpaid wages and/or penalties to Plaintiffs and/or the putative class, resulting from Defendants' unfair business practices pursuant to Business and Professions Code §§ 17200-05;

8.      For an order by the Court requiring Defendants, and each of them, to show cause, if any they have, as to why to Plaintiffs and/or the putative class should not have been be issued itemized wage statements as required by § 226 of the Labor Code and why Defendants should not be required to pay Plaintiffs minimum wages and overtime compensation under applicable state law;

9.      For all remedies available to Plaintiffs under the applicable Industrial Welfare Commission Order and the Labor Code, including but not limited to §§ 90.5, 200, 201, 202, 203, 204 and/or 204b, 204.1, 216, 218, 218.5, 221, 222,  223, 224, 225.5, 226, 226.3, 226.6, 227.6, 245, 245.5, 246, 246.5, 247, 247.5, 248.5, 249, 432, 510, 512, 558, 1174, 1174.5, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 1198.5, and 2802, including an award of unpaid wages, attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

10.     For special and general damages;

11.     That Plaintiffs and/or the putative class be awarded reasonable attorneys'

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 33 -

1  fees where available by law, including but not limited to pursuant to Labor Code §§

2  2698, *et seq.*, Code of Civil Procedure § 1021.5, and/or other applicable laws; and

3      12.    Such other and further relief as this Court may deem proper and

4  just.

5  Dated: November 27, 2023              Law Office of

6                                          Thomas D. Rutledge

7

8                      By: *Thomas D. Rutledge*
                               /s/Thomas D. Rutledge

9                                 Attorneys for Plaintiffs

10                   **<u>DEMAND FOR JURY TRIAL</u>**

11      Plaintiffs hereby demand a jury trial of this matter.

12  Dated: November 27, 2023              Law Office of

13                                          Thomas D. Rutledge

14                      By: *Thomas D. Rutledge*

15                                 /s/Thomas D. Rutledge

16                                 Attorney for the Plaintiffs

17

18

19

20

21

22

23

24

25

26

27

28

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 34 -

# Exhibit 1

| BU-Business Unit ID | BU-Business Unit Name | Date | Payroll Number | Employee Name | Rate Type | Time In | Time Out | Hours |
|---|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES | 10/06/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/06/2023 02:51 | 10/06/2023 05:56 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES | 10/06/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 10/06/2023 02:21 | 10/06/2023 02:51 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES | 10/05/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/05/2023 21:26 | 10/06/2023 02:21 | 04:55 |
| 75500270 | SOUTHWEST AIRLINES | 10/05/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/05/2023 02:29 | 10/05/2023 06:00 | 03:31 |
| 75500270 | SOUTHWEST AIRLINES | 10/05/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 10/05/2023 02:00 | 10/05/2023 02:29 | 00:29 |
| 75500270 | SOUTHWEST AIRLINES | 10/04/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/04/2023 21:25 | 10/05/2023 02:00 | 04:35 |
| 75500270 | SOUTHWEST AIRLINES | 10/02/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/02/2023 02:31 | 10/02/2023 06:00 | 03:29 |
| 75500270 | SOUTHWEST AIRLINES | 10/02/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 10/02/2023 02:04 | 10/02/2023 02:31 | 00:27 |
| 75500270 | SOUTHWEST AIRLINES | 10/01/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/01/2023 21:26 | 10/02/2023 02:04 | 04:38 |
| 75500270 | SOUTHWEST AIRLINES | 10/01/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 10/01/2023 03:00 | 10/01/2023 06:00 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/30/2023 21:18 | 10/01/2023 02:30 | 05:12 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/30/2023 02:45 | 09/30/2023 05:55 | 03:10 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/30/2023 02:43 | 09/30/2023 02:45 | 00:02 |
| 75500270 | SOUTHWEST AIRLINES | 09/30/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/30/2023 02:11 | 09/30/2023 02:43 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES | 09/29/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/29/2023 21:34 | 09/30/2023 02:11 | 04:37 |
| 75500270 | SOUTHWEST AIRLINES | 09/29/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/29/2023 02:49 | 09/29/2023 05:57 | 03:08 |
| 75500270 | SOUTHWEST AIRLINES | 09/29/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/29/2023 02:21 | 09/29/2023 02:49 | 00:28 |
| 75500270 | SOUTHWEST AIRLINES | 09/28/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/28/2023 21:37 | 09/29/2023 02:21 | 04:44 |
| 75500270 | SOUTHWEST AIRLINES | 09/25/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/25/2023 03:06 | 09/25/2023 06:00 | 02:54 |
| 75500270 | SOUTHWEST AIRLINES | 09/25/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/25/2023 02:20 | 09/25/2023 03:06 | 00:46 |
| 75500270 | SOUTHWEST AIRLINES | 09/24/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/24/2023 21:32 | 09/25/2023 02:20 | 04:48 |
| 75500270 | SOUTHWEST AIRLINES | 09/24/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/24/2023 03:00 | 09/24/2023 06:00 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES | 09/24/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/24/2023 02:30 | 09/24/2023 03:00 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES | 09/23/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/23/2023 21:25 | 09/24/2023 02:30 | 05:05 |
| 75500270 | SOUTHWEST AIRLINES | 09/23/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/23/2023 02:20 | 09/23/2023 02:22 | 00:02 |
| 75500270 | SOUTHWEST AIRLINES | 09/22/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/22/2023 21:31 | 09/23/2023 02:20 | 04:49 |
| 75500270 | SOUTHWEST AIRLINES | 09/20/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/20/2023 02:47 | 09/20/2023 05:59 | 03:12 |
| 75500270 | SOUTHWEST AIRLINES | 09/20/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/20/2023 02:19 | 09/20/2023 02:47 | 00:28 |
| 75500270 | SOUTHWEST AIRLINES | 09/19/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/19/2023 21:25 | 09/20/2023 02:19 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES | 09/19/2023 | 21652068 | FELIPE SUCHITE, MARIA | Reg | 09/19/2023 02:49 | 09/19/2023 05:56 | 03:07 |
| 75500270 | SOUTHWEST AIRLINES | 09/19/2023 | 21652068 | FELIPE SUCHITE, MARIA | Lunch | 09/19/2023 02:21 | 09/19/2023 02:49 | 00:28 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES | 09/18/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/18/2023 21:19 | 09/19/2023 02:21 | 05:02 |
| 75500270 SOUTHWEST AIRLINES | 09/18/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/18/2023 02:54 | 09/18/2023 06:00 | 03:06 |
| 75500270 SOUTHWEST AIRLINES | 09/18/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/18/2023 02:25 | 09/18/2023 02:54 | 00:29 |
| 75500270 SOUTHWEST AIRLINES | 09/17/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/17/2023 21:22 | 09/18/2023 02:25 | 05:03 |
| 75500270 SOUTHWEST AIRLINES | 09/17/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/17/2023 02:54 | 09/17/2023 06:00 | 03:06 |
| 75500270 SOUTHWEST AIRLINES | 09/17/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/17/2023 02:30 | 09/17/2023 02:54 | 00:24 |
| 75500270 SOUTHWEST AIRLINES | 09/16/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/16/2023 21:20 | 09/17/2023 02:30 | 05:10 |
| 75500270 SOUTHWEST AIRLINES | 09/16/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/16/2023 02:52 | 09/16/2023 06:00 | 03:08 |
| 75500270 SOUTHWEST AIRLINES | 09/16/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/16/2023 02:18 | 09/16/2023 02:52 | 00:34 |
| 75500270 SOUTHWEST AIRLINES | 09/15/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/15/2023 21:28 | 09/16/2023 02:18 | 04:50 |
| 75500270 SOUTHWEST AIRLINES | 09/13/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/13/2023 02:30 | 09/13/2023 05:56 | 03:26 |
| 75500270 SOUTHWEST AIRLINES | 09/13/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/13/2023 01:59 | 09/13/2023 02:30 | 00:31 |
| 75500270 SOUTHWEST AIRLINES | 09/12/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/12/2023 21:27 | 09/13/2023 01:59 | 04:32 |
| 75500270 SOUTHWEST AIRLINES | 09/12/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/12/2023 02:49 | 09/12/2023 05:55 | 03:06 |
| 75500270 SOUTHWEST AIRLINES | 09/12/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/12/2023 02:18 | 09/12/2023 02:49 | 00:31 |
| 75500270 SOUTHWEST AIRLINES | 09/11/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/11/2023 21:31 | 09/12/2023 02:18 | 04:47 |
| 75500270 SOUTHWEST AIRLINES | 09/11/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/11/2023 02:45 | 09/11/2023 06:00 | 03:15 |
| 75500270 SOUTHWEST AIRLINES | 09/11/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/11/2023 02:21 | 09/11/2023 02:45 | 00:24 |
| 75500270 SOUTHWEST AIRLINES | 09/10/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/10/2023 21:15 | 09/11/2023 02:21 | 05:06 |
| 75500270 SOUTHWEST AIRLINES | 09/10/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/10/2023 02:45 | 09/10/2023 06:00 | 03:15 |
| 75500270 SOUTHWEST AIRLINES | 09/10/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/10/2023 02:15 | 09/10/2023 02:45 | 00:30 |
| 75500270 SOUTHWEST AIRLINES | 09/09/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/09/2023 21:24 | 09/10/2023 02:15 | 04:51 |
| 75500270 SOUTHWEST AIRLINES | 09/09/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/09/2023 02:59 | 09/09/2023 05:56 | 02:57 |
| 75500270 SOUTHWEST AIRLINES | 09/09/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/09/2023 02:15 | 09/09/2023 02:59 | 00:44 |
| 75500270 SOUTHWEST AIRLINES | 09/08/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/08/2023 21:29 | 09/09/2023 02:15 | 04:46 |
| 75500270 SOUTHWEST AIRLINES | 09/06/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/06/2023 02:47 | 09/06/2023 06:00 | 03:13 |
| 75500270 SOUTHWEST AIRLINES | 09/06/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/06/2023 02:18 | 09/06/2023 02:47 | 00:29 |
| 75500270 SOUTHWEST AIRLINES | 09/05/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/05/2023 21:28 | 09/06/2023 02:18 | 04:50 |
| 75500270 SOUTHWEST AIRLINES | 09/05/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/05/2023 02:59 | 09/05/2023 05:55 | 02:56 |
| 75500270 SOUTHWEST AIRLINES | 09/05/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/05/2023 02:26 | 09/05/2023 02:59 | 00:33 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/04/2023 21:24 | 09/05/2023 02:26 | 05:02 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/04/2023 02:43 | 09/04/2023 05:59 | 03:16 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/04/2023 02:17 | 09/04/2023 02:43 | 00:26 |
| 75500270 SOUTHWEST AIRLINES | 09/04/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/04/2023 02:15 | 09/04/2023 02:17 | 00:02 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES | 09/03/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/03/2023 21:29 | 09/04/2023 02:15 | 04:46 |
| 75500270 SOUTHWEST AIRLINES | 09/03/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/03/2023 03:00 | 09/03/2023 05:54 | 02:54 |
| 75500270 SOUTHWEST AIRLINES | 09/03/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/03/2023 02:30 | 09/03/2023 03:00 | 00:30 |
| 75500270 SOUTHWEST AIRLINES | 09/02/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/02/2023 21:15 | 09/03/2023 02:30 | 05:15 |
| 75500270 SOUTHWEST AIRLINES | 09/02/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/02/2023 02:49 | 09/02/2023 06:00 | 03:11 |
| 75500270 SOUTHWEST AIRLINES | 09/02/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 09/02/2023 02:18 | 09/02/2023 02:49 | 00:31 |
| 75500270 SOUTHWEST AIRLINES | 09/01/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 09/01/2023 21:29 | 09/02/2023 02:18 | 04:49 |
| 75500270 SOUTHWEST AIRLINES | 08/30/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/30/2023 02:34 | 08/30/2023 05:57 | 03:23 |
| 75500270 SOUTHWEST AIRLINES | 08/30/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/30/2023 02:02 | 08/30/2023 02:34 | 00:32 |
| 75500270 SOUTHWEST AIRLINES | 08/29/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/29/2023 21:27 | 08/30/2023 02:02 | 04:35 |
| 75500270 SOUTHWEST AIRLINES | 08/29/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/29/2023 02:43 | 08/29/2023 05:57 | 03:14 |
| 75500270 SOUTHWEST AIRLINES | 08/29/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/29/2023 02:13 | 08/29/2023 02:43 | 00:30 |
| 75500270 SOUTHWEST AIRLINES | 08/28/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/28/2023 21:30 | 08/29/2023 02:13 | 04:43 |
| 75500270 SOUTHWEST AIRLINES | 08/28/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/28/2023 02:52 | 08/28/2023 05:55 | 03:03 |
| 75500270 SOUTHWEST AIRLINES | 08/28/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/28/2023 02:25 | 08/28/2023 02:52 | 00:27 |
| 75500270 SOUTHWEST AIRLINES | 08/27/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/27/2023 21:27 | 08/28/2023 02:25 | 04:58 |
| 75500270 SOUTHWEST AIRLINES | 08/27/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/27/2023 03:00 | 08/27/2023 05:56 | 02:56 |
| 75500270 SOUTHWEST AIRLINES | 08/27/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/27/2023 02:33 | 08/27/2023 03:00 | 00:27 |
| 75500270 SOUTHWEST AIRLINES | 08/26/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/26/2023 21:31 | 08/27/2023 02:33 | 05:02 |
| 75500270 SOUTHWEST AIRLINES | 08/26/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/26/2023 02:58 | 08/26/2023 05:57 | 02:59 |
| 75500270 SOUTHWEST AIRLINES | 08/26/2023 | 21652068 FELIPE SUCHITE, MARIA | Lunch | 08/26/2023 02:32 | 08/26/2023 02:58 | 00:26 |
| 75500270 SOUTHWEST AIRLINES | 08/25/2023 | 21652068 FELIPE SUCHITE, MARIA | Reg | 08/25/2023 21:43 | 08/26/2023 02:32 | 04:49 |
| 75500270 SOUTHWEST AIRLINES TERMINAL | 08/22/2023 | 21652068 FELIPE SUCHITE, MARIA | 830-1 TRAINI NG Inc in OT | 08/22/2023 09:00 | 08/22/2023 17:00 | 08:00 |
| 75500270 SOUTHWEST AIRLINES TERMINAL | 08/21/2023 | 21652068 FELIPE SUCHITE, MARIA | 830-1 TRAINI NG Inc in OT | 08/21/2023 09:00 | 08/21/2023 11:30 | 02:30 |

# Exhibit 2

| BU-Business Unit ID | BU-Business Unit Name | Date | Payroll Number | Employee Name | Rate Type | Time In | Time Out | Hours |
|---|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 10/30/2023 | 21592891 | DAVILA, LAURIE | 301 - SICK PAY ACC | 10/30/2023 21:30 | 10/31/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/29/2023 | 21592891 | DAVILA, LAURIE | 301 - SICK PAY ACC | 10/29/2023 21:30 | 10/30/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/22/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/22/2023 21:30 | 10/23/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/18/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/18/2023 21:30 | 10/19/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/17/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/17/2023 21:30 | 10/18/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/16/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/16/2023 21:30 | 10/17/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/15/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/15/2023 21:30 | 10/16/2023 05:30 | 08:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/05/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/05/2023 02:29 | 10/05/2023 06:00 | 03:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/05/2023 | 21592891 | DAVILA, LAURIE | Lunch | 10/05/2023 01:59 | 10/05/2023 02:29 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/04/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/04/2023 21:26 | 10/05/2023 01:59 | 04:33 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/04/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/04/2023 02:33 | 10/04/2023 06:00 | 03:27 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/04/2023 | 21592891 | DAVILA, LAURIE | Lunch | 10/04/2023 02:03 | 10/04/2023 02:33 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/03/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/03/2023 21:28 | 10/04/2023 02:03 | 04:35 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/02/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/02/2023 21:26 | 10/03/2023 02:00 | 04:34 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/02/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/02/2023 02:36 | 10/02/2023 06:00 | 03:24 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/02/2023 | 21592891 | DAVILA, LAURIE | Lunch | 10/02/2023 02:04 | 10/02/2023 02:36 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 10/01/2023 | 21592891 | DAVILA, LAURIE | Reg | 10/01/2023 21:27 | 10/02/2023 02:04 | 04:37 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/28/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/28/2023 02:46 | 09/28/2023 05:55 | 03:09 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/28/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/28/2023 02:16 | 09/28/2023 02:46 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/27/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/27/2023 21:28 | 09/28/2023 02:16 | 04:48 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/26/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/26/2023 02:35 | 09/26/2023 05:57 | 03:22 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/26/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/26/2023 02:04 | 09/26/2023 02:35 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/25/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/25/2023 21:27 | 09/26/2023 02:04 | 04:37 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/25/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/25/2023 02:41 | 09/25/2023 06:00 | 03:19 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/25/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/25/2023 02:12 | 09/25/2023 02:41 | 00:29 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 09/24/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/24/2023 22:01 | 09/25/2023 02:12 | 04:11 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/21/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/21/2023 02:48 | 09/21/2023 05:58 | 03:10 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/21/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/21/2023 02:18 | 09/21/2023 02:48 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/20/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/20/2023 21:24 | 09/21/2023 02:18 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/20/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/20/2023 02:48 | 09/20/2023 05:47 | 02:59 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/20/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/20/2023 02:18 | 09/20/2023 02:48 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/19/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/19/2023 21:25 | 09/20/2023 02:18 | 04:53 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/14/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/14/2023 02:51 | 09/14/2023 05:56 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/14/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/14/2023 02:21 | 09/14/2023 02:51 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/13/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/13/2023 21:26 | 09/14/2023 02:21 | 04:55 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/13/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/13/2023 02:29 | 09/13/2023 05:55 | 03:26 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/13/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/13/2023 01:59 | 09/13/2023 02:29 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/12/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/12/2023 21:25 | 09/13/2023 01:59 | 04:34 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/12/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/12/2023 02:48 | 09/12/2023 05:58 | 03:10 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/12/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/12/2023 02:18 | 09/12/2023 02:48 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/11/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/11/2023 21:27 | 09/12/2023 02:18 | 04:51 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/11/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/11/2023 02:52 | 09/11/2023 06:00 | 03:08 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/11/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/11/2023 02:22 | 09/11/2023 02:52 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/10/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/10/2023 22:02 | 09/11/2023 02:22 | 04:20 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/07/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/07/2023 03:06 | 09/07/2023 05:56 | 02:50 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/07/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/07/2023 02:36 | 09/07/2023 03:06 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/06/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/06/2023 21:56 | 09/07/2023 02:36 | 04:40 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/06/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/06/2023 02:46 | 09/06/2023 05:30 | 02:44 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/06/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/06/2023 02:16 | 09/06/2023 02:46 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/05/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/05/2023 21:28 | 09/06/2023 02:16 | 04:48 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/04/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/04/2023 03:09 | 09/04/2023 05:57 | 02:48 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/04/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/04/2023 02:39 | 09/04/2023 03:09 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/03/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/03/2023 21:43 | 09/04/2023 02:39 | 04:56 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/03/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/03/2023 03:00 | 09/03/2023 06:00 | 03:00 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/03/2023 | 21592891 | DAVILA, LAURIE | Lunch | 09/03/2023 02:30 | 09/03/2023 03:00 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 09/02/2023 | 21592891 | DAVILA, LAURIE | Reg | 09/02/2023 22:41 | 09/03/2023 02:30 | 03:49 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/30/2023 | 21592891 | DAVILA, LAURIE | Reg | 06/30/2023 02:45 | 06/30/2023 05:53 | 03:08 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/30/2023 | 21592891 | DAVILA, LAURIE | Lunch | 06/30/2023 02:15 | 06/30/2023 02:45 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 06/29/2023 | 21592891 | DAVILA, LAURIE | Reg | 06/29/2023 21:29 | 06/30/2023 02:15 | 04:46 |

| 75500270 SOUTHWEST AIRLINES T| 06/29/2023 | 21592891 DAVILA, LAURIE | Reg | 06/29/2023 02:56 | 06/29/2023 06:01 | 03:05 |
|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES T| 06/29/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/29/2023 02:29 | 06/29/2023 02:56 | 00:27 |
| 75500270 SOUTHWEST AIRLINES T| 06/28/2023 | 21592891 DAVILA, LAURIE | Reg | 06/28/2023 21:25 | 06/29/2023 02:29 | 05:04 |
| 75500270 SOUTHWEST AIRLINES T| 06/28/2023 | 21592891 DAVILA, LAURIE | Reg | 06/28/2023 03:01 | 06/28/2023 05:57 | 02:56 |
| 75500270 SOUTHWEST AIRLINES T| 06/28/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/28/2023 02:26 | 06/28/2023 03:01 | 00:35 |
| 75500270 SOUTHWEST AIRLINES T| 06/27/2023 | 21592891 DAVILA, LAURIE | Reg | 06/27/2023 21:25 | 06/28/2023 02:26 | 05:01 |
| 75500270 SOUTHWEST AIRLINES T| 06/27/2023 | 21592891 DAVILA, LAURIE | Reg | 06/27/2023 03:09 | 06/27/2023 06:00 | 02:51 |
| 75500270 SOUTHWEST AIRLINES T| 06/27/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/27/2023 02:39 | 06/27/2023 03:09 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/26/2023 | 21592891 DAVILA, LAURIE | Reg | 06/26/2023 21:28 | 06/27/2023 02:39 | 05:11 |
| 75500270 SOUTHWEST AIRLINES T| 06/25/2023 | 21592891 DAVILA, LAURIE | Reg | 06/25/2023 02:45 | 06/25/2023 05:59 | 03:14 |
| 75500270 SOUTHWEST AIRLINES T| 06/25/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/25/2023 02:13 | 06/25/2023 02:45 | 00:32 |
| 75500270 SOUTHWEST AIRLINES T| 06/24/2023 | 21592891 DAVILA, LAURIE | Reg | 06/24/2023 22:36 | 06/25/2023 02:13 | 03:37 |
| 75500270 SOUTHWEST AIRLINES T| 06/24/2023 | 21592891 DAVILA, LAURIE | Reg | 06/24/2023 02:56 | 06/24/2023 06:12 | 03:16 |
| 75500270 SOUTHWEST AIRLINES T| 06/24/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/24/2023 02:25 | 06/24/2023 02:56 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 06/23/2023 | 21592891 DAVILA, LAURIE | Reg | 06/23/2023 22:35 | 06/24/2023 02:25 | 03:50 |
| 75500270 SOUTHWEST AIRLINES T| 06/23/2023 | 21592891 DAVILA, LAURIE | Reg | 06/23/2023 03:00 | 06/23/2023 06:04 | 03:04 |
| 75500270 SOUTHWEST AIRLINES T| 06/23/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/23/2023 02:29 | 06/23/2023 03:00 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 06/22/2023 | 21592891 DAVILA, LAURIE | Reg | 06/22/2023 21:35 | 06/23/2023 02:29 | 04:54 |
| 75500270 SOUTHWEST AIRLINES T| 06/18/2023 | 21592891 DAVILA, LAURIE | Reg | 06/18/2023 03:01 | 06/18/2023 05:58 | 02:57 |
| 75500270 SOUTHWEST AIRLINES T| 06/18/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/18/2023 02:30 | 06/18/2023 03:01 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 06/17/2023 | 21592891 DAVILA, LAURIE | Reg | 06/17/2023 22:56 | 06/18/2023 02:30 | 03:34 |
| 75500270 SOUTHWEST AIRLINES T| 06/17/2023 | 21592891 DAVILA, LAURIE | Reg | 06/17/2023 02:50 | 06/17/2023 05:55 | 03:05 |
| 75500270 SOUTHWEST AIRLINES T| 06/17/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/17/2023 02:20 | 06/17/2023 02:50 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/16/2023 | 21592891 DAVILA, LAURIE | Reg | 06/16/2023 21:26 | 06/17/2023 02:20 | 04:54 |
| 75500270 SOUTHWEST AIRLINES T| 06/16/2023 | 21592891 DAVILA, LAURIE | Reg | 06/16/2023 02:58 | 06/16/2023 06:02 | 03:04 |
| 75500270 SOUTHWEST AIRLINES T| 06/16/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/16/2023 02:28 | 06/16/2023 02:58 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/15/2023 | 21592891 DAVILA, LAURIE | Reg | 06/15/2023 21:35 | 06/16/2023 02:28 | 04:53 |
| 75500270 SOUTHWEST AIRLINES T| 06/15/2023 | 21592891 DAVILA, LAURIE | Reg | 06/15/2023 02:29 | 06/15/2023 05:56 | 03:27 |
| 75500270 SOUTHWEST AIRLINES T| 06/15/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/15/2023 01:59 | 06/15/2023 02:29 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/14/2023 | 21592891 DAVILA, LAURIE | Reg | 06/14/2023 21:26 | 06/15/2023 01:59 | 04:33 |
| 75500270 SOUTHWEST AIRLINES T| 06/13/2023 | 21592891 DAVILA, LAURIE | Reg | 06/13/2023 02:49 | 06/13/2023 05:50 | 03:01 |
| 75500270 SOUTHWEST AIRLINES T| 06/13/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/13/2023 02:19 | 06/13/2023 02:49 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/12/2023 | 21592891 DAVILA, LAURIE | Reg | 06/12/2023 21:25 | 06/13/2023 02:19 | 04:54 |
| 75500270 SOUTHWEST AIRLINES T| 06/12/2023 | 21592891 DAVILA, LAURIE | Reg | 06/12/2023 02:48 | 06/12/2023 06:05 | 03:17 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES T| 06/12/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/12/2023 02:18 | 06/12/2023 02:48 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/11/2023 | 21592891 DAVILA, LAURIE | Reg | 06/11/2023 20:39 | 06/12/2023 02:18 | 05:39 |
| 75500270 SOUTHWEST AIRLINES T| 06/11/2023 | 21592891 DAVILA, LAURIE | Reg | 06/11/2023 03:00 | 06/11/2023 05:55 | 02:55 |
| 75500270 SOUTHWEST AIRLINES T| 06/11/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/11/2023 02:28 | 06/11/2023 03:00 | 00:32 |
| 75500270 SOUTHWEST AIRLINES T| 06/10/2023 | 21592891 DAVILA, LAURIE | Reg | 06/10/2023 20:39 | 06/11/2023 02:28 | 05:49 |
| 75500270 SOUTHWEST AIRLINES T| 06/10/2023 | 21592891 DAVILA, LAURIE | Reg | 06/10/2023 02:57 | 06/10/2023 05:56 | 02:59 |
| 75500270 SOUTHWEST AIRLINES T| 06/10/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/10/2023 02:27 | 06/10/2023 02:57 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 06/09/2023 | 21592891 DAVILA, LAURIE | Reg | 06/09/2023 21:26 | 06/10/2023 02:27 | 05:01 |
| 75500270 SOUTHWEST AIRLINES T| 06/09/2023 | 21592891 DAVILA, LAURIE | Reg | 06/09/2023 02:55 | 06/09/2023 05:55 | 03:00 |
| 75500270 SOUTHWEST AIRLINES T| 06/09/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/09/2023 02:24 | 06/09/2023 02:55 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 06/08/2023 | 21592891 DAVILA, LAURIE | Reg | 06/08/2023 21:25 | 06/09/2023 02:24 | 04:59 |
| 75500270 SOUTHWEST AIRLINES T| 06/03/2023 | 21592891 DAVILA, LAURIE | Reg | 06/03/2023 21:22 | 06/04/2023 06:00 | 08:38 |
| 75500270 SOUTHWEST AIRLINES T| 06/03/2023 | 21592891 DAVILA, LAURIE | Reg | 06/03/2023 02:55 | 06/03/2023 06:02 | 03:07 |
| 75500270 SOUTHWEST AIRLINES T| 06/03/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/03/2023 02:24 | 06/03/2023 02:55 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 06/02/2023 | 21592891 DAVILA, LAURIE | Reg | 06/02/2023 21:26 | 06/03/2023 02:24 | 04:58 |
| 75500270 SOUTHWEST AIRLINES T| 06/02/2023 | 21592891 DAVILA, LAURIE | Reg | 06/02/2023 02:55 | 06/02/2023 05:56 | 03:01 |
| 75500270 SOUTHWEST AIRLINES T| 06/02/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/02/2023 02:24 | 06/02/2023 02:55 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 06/01/2023 | 21592891 DAVILA, LAURIE | Reg | 06/01/2023 21:28 | 06/02/2023 02:24 | 04:56 |
| 75500270 SOUTHWEST AIRLINES T| 06/01/2023 | 21592891 DAVILA, LAURIE | Reg | 06/01/2023 02:51 | 06/01/2023 05:53 | 03:02 |
| 75500270 SOUTHWEST AIRLINES T| 06/01/2023 | 21592891 DAVILA, LAURIE | Lunch | 06/01/2023 02:21 | 06/01/2023 02:51 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 05/31/2023 | 21592891 DAVILA, LAURIE | Reg | 05/31/2023 21:25 | 06/01/2023 02:21 | 04:56 |
| 75500270 SOUTHWEST AIRLINES T| 05/30/2023 | 21592891 DAVILA, LAURIE | Reg | 05/30/2023 02:54 | 05/30/2023 05:54 | 03:00 |
| 75500270 SOUTHWEST AIRLINES T| 05/30/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/30/2023 02:23 | 05/30/2023 02:54 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 05/29/2023 | 21592891 DAVILA, LAURIE | Reg | 05/29/2023 21:44 | 05/30/2023 02:23 | 04:39 |
| 75500270 SOUTHWEST AIRLINES T| 05/29/2023 | 21592891 DAVILA, LAURIE | Reg | 05/29/2023 02:58 | 05/29/2023 05:58 | 03:00 |
| 75500270 SOUTHWEST AIRLINES T| 05/29/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/29/2023 02:28 | 05/29/2023 02:58 | 00:30 |
| 75500270 SOUTHWEST AIRLINES T| 05/28/2023 | 21592891 DAVILA, LAURIE | Reg | 05/28/2023 21:25 | 05/29/2023 02:28 | 05:03 |
| 75500270 SOUTHWEST AIRLINES T| 05/28/2023 | 21592891 DAVILA, LAURIE | Reg | 05/28/2023 03:05 | 05/28/2023 06:04 | 02:59 |
| 75500270 SOUTHWEST AIRLINES T| 05/28/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/28/2023 02:33 | 05/28/2023 03:05 | 00:32 |
| 75500270 SOUTHWEST AIRLINES T| 05/27/2023 | 21592891 DAVILA, LAURIE | Reg | 05/27/2023 21:26 | 05/28/2023 02:33 | 05:07 |
| 75500270 SOUTHWEST AIRLINES T| 05/27/2023 | 21592891 DAVILA, LAURIE | Reg | 05/27/2023 02:41 | 05/27/2023 06:01 | 03:20 |
| 75500270 SOUTHWEST AIRLINES T| 05/27/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/27/2023 02:10 | 05/27/2023 02:41 | 00:31 |
| 75500270 SOUTHWEST AIRLINES T| 05/26/2023 | 21592891 DAVILA, LAURIE | Reg | 05/26/2023 21:26 | 05/27/2023 02:10 | 04:44 |
| 75500270 SOUTHWEST AIRLINES T| 05/26/2023 | 21592891 DAVILA, LAURIE | Reg | 05/26/2023 03:00 | 05/26/2023 05:03 | 02:03 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES TI | 05/26/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/26/2023 02:31 | 05/26/2023 03:00 | 00:29 |
| 75500270 SOUTHWEST AIRLINES TI | 05/25/2023 | 21592891 DAVILA, LAURIE | Reg | 05/25/2023 21:25 | 05/26/2023 02:31 | 05:06 |
| 75500270 SOUTHWEST AIRLINES TI | 05/25/2023 | 21592891 DAVILA, LAURIE | Reg | 05/25/2023 02:59 | 05/25/2023 05:58 | 02:59 |
| 75500270 SOUTHWEST AIRLINES TI | 05/25/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/25/2023 02:29 | 05/25/2023 02:59 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 05/24/2023 | 21592891 DAVILA, LAURIE | Reg | 05/24/2023 21:29 | 05/25/2023 02:29 | 05:00 |
| 75500270 SOUTHWEST AIRLINES TI | 05/24/2023 | 21592891 DAVILA, LAURIE | Reg | 05/24/2023 03:02 | 05/24/2023 04:58 | 01:56 |
| 75500270 SOUTHWEST AIRLINES TI | 05/24/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/24/2023 02:31 | 05/24/2023 03:02 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 05/23/2023 | 21592891 DAVILA, LAURIE | Reg | 05/23/2023 20:52 | 05/24/2023 02:31 | 05:39 |
| 75500270 SOUTHWEST AIRLINES TI | 05/21/2023 | 21592891 DAVILA, LAURIE | Reg | 05/21/2023 02:53 | 05/21/2023 05:24 | 02:31 |
| 75500270 SOUTHWEST AIRLINES TI | 05/21/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/21/2023 02:22 | 05/21/2023 02:53 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 05/20/2023 | 21592891 DAVILA, LAURIE | Reg | 05/20/2023 21:27 | 05/21/2023 02:22 | 04:55 |
| 75500270 SOUTHWEST AIRLINES TI | 05/20/2023 | 21592891 DAVILA, LAURIE | Reg | 05/20/2023 02:54 | 05/20/2023 06:32 | 03:38 |
| 75500270 SOUTHWEST AIRLINES TI | 05/20/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/20/2023 02:23 | 05/20/2023 02:54 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 05/19/2023 | 21592891 DAVILA, LAURIE | Reg | 05/19/2023 21:27 | 05/20/2023 02:23 | 04:56 |
| 75500270 SOUTHWEST AIRLINES TI | 05/19/2023 | 21592891 DAVILA, LAURIE | Reg | 05/19/2023 02:52 | 05/19/2023 05:56 | 03:04 |
| 75500270 SOUTHWEST AIRLINES TI | 05/19/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/19/2023 02:22 | 05/19/2023 02:52 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 05/18/2023 | 21592891 DAVILA, LAURIE | Reg | 05/18/2023 21:26 | 05/19/2023 02:22 | 04:56 |
| 75500270 SOUTHWEST AIRLINES TI | 05/18/2023 | 21592891 DAVILA, LAURIE | Reg | 05/18/2023 02:52 | 05/18/2023 05:50 | 02:58 |
| 75500270 SOUTHWEST AIRLINES TI | 05/18/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/18/2023 02:22 | 05/18/2023 02:52 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 05/17/2023 | 21592891 DAVILA, LAURIE | Reg | 05/17/2023 21:29 | 05/18/2023 02:22 | 04:53 |
| 75500270 SOUTHWEST AIRLINES TI | 05/15/2023 | 21592891 DAVILA, LAURIE | Reg | 05/15/2023 02:59 | 05/15/2023 06:06 | 03:07 |
| 75500270 SOUTHWEST AIRLINES TI | 05/15/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/15/2023 02:27 | 05/15/2023 02:59 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 05/14/2023 | 21592891 DAVILA, LAURIE | Reg | 05/14/2023 23:01 | 05/15/2023 02:27 | 03:26 |
| 75500270 SOUTHWEST AIRLINES TI | 05/14/2023 | 21592891 DAVILA, LAURIE | Reg | 05/14/2023 02:55 | 05/14/2023 05:57 | 03:02 |
| 75500270 SOUTHWEST AIRLINES TI | 05/14/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/14/2023 02:18 | 05/14/2023 02:55 | 00:37 |
| 75500270 SOUTHWEST AIRLINES TI | 05/13/2023 | 21592891 DAVILA, LAURIE | Reg | 05/13/2023 22:36 | 05/14/2023 02:18 | 03:42 |
| 75500270 SOUTHWEST AIRLINES TI | 05/13/2023 | 21592891 DAVILA, LAURIE | Reg | 05/13/2023 02:54 | 05/13/2023 08:07 | 05:13 |
| 75500270 SOUTHWEST AIRLINES TI | 05/13/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/13/2023 02:22 | 05/13/2023 02:54 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 05/12/2023 | 21592891 DAVILA, LAURIE | Reg | 05/12/2023 21:31 | 05/13/2023 02:22 | 04:51 |
| 75500270 SOUTHWEST AIRLINES TI | 05/12/2023 | 21592891 DAVILA, LAURIE | Reg | 05/12/2023 02:56 | 05/12/2023 05:58 | 03:02 |
| 75500270 SOUTHWEST AIRLINES TI | 05/12/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/12/2023 02:24 | 05/12/2023 02:56 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 05/11/2023 | 21592891 DAVILA, LAURIE | Reg | 05/11/2023 21:32 | 05/12/2023 02:24 | 04:52 |
| 75500270 SOUTHWEST AIRLINES TI | 05/11/2023 | 21592891 DAVILA, LAURIE | Reg | 05/11/2023 02:57 | 05/11/2023 05:58 | 03:01 |
| 75500270 SOUTHWEST AIRLINES TI | 05/11/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/11/2023 02:24 | 05/11/2023 02:57 | 00:33 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 05/10/2023 | 21592891 DAVILA, LAURIE | Reg | 05/10/2023 21:26 | 05/11/2023 02:24 | 04:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/07/2023 | 21592891 DAVILA, LAURIE | Reg | 05/07/2023 02:39 | 05/07/2023 06:20 | 03:41 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/07/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/07/2023 02:07 | 05/07/2023 02:39 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/06/2023 | 21592891 DAVILA, LAURIE | Reg | 05/06/2023 21:43 | 05/07/2023 02:07 | 04:24 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/06/2023 | 21592891 DAVILA, LAURIE | Reg | 05/06/2023 02:57 | 05/06/2023 05:32 | 02:35 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/06/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/06/2023 02:25 | 05/06/2023 02:57 | 00:32 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/05/2023 | 21592891 DAVILA, LAURIE | Reg | 05/05/2023 21:26 | 05/06/2023 02:25 | 04:59 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/04/2023 | 21592891 DAVILA, LAURIE | Reg | 05/04/2023 02:50 | 05/04/2023 06:01 | 03:11 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/04/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/04/2023 02:19 | 05/04/2023 02:50 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/03/2023 | 21592891 DAVILA, LAURIE | Reg | 05/03/2023 21:26 | 05/04/2023 02:19 | 04:53 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/03/2023 | 21592891 DAVILA, LAURIE | Reg | 05/03/2023 03:01 | 05/03/2023 05:55 | 02:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/03/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/03/2023 02:31 | 05/03/2023 03:01 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/02/2023 | 21592891 DAVILA, LAURIE | Reg | 05/02/2023 21:25 | 05/03/2023 02:31 | 05:06 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/02/2023 | 21592891 DAVILA, LAURIE | Reg | 05/02/2023 02:58 | 05/02/2023 05:56 | 02:58 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/02/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/02/2023 02:28 | 05/02/2023 02:58 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/01/2023 | 21592891 DAVILA, LAURIE | Reg | 05/01/2023 21:27 | 05/02/2023 02:28 | 05:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/01/2023 | 21592891 DAVILA, LAURIE | Reg | 05/01/2023 02:49 | 05/01/2023 07:08 | 04:19 |
| 75500270 | SOUTHWEST AIRLINES TI | 05/01/2023 | 21592891 DAVILA, LAURIE | Lunch | 05/01/2023 02:18 | 05/01/2023 02:49 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/30/2023 | 21592891 DAVILA, LAURIE | Reg | 04/30/2023 21:27 | 05/01/2023 02:18 | 04:51 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/30/2023 | 21592891 DAVILA, LAURIE | Reg | 04/30/2023 02:45 | 04/30/2023 05:59 | 03:14 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/30/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/30/2023 02:15 | 04/30/2023 02:45 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/29/2023 | 21592891 DAVILA, LAURIE | Reg | 04/29/2023 21:26 | 04/30/2023 02:15 | 04:49 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/28/2023 | 21592891 DAVILA, LAURIE | Reg | 04/28/2023 02:50 | 04/28/2023 05:55 | 03:05 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/28/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/28/2023 02:20 | 04/28/2023 02:50 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/27/2023 | 21592891 DAVILA, LAURIE | Reg | 04/27/2023 21:26 | 04/28/2023 02:20 | 04:54 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/27/2023 | 21592891 DAVILA, LAURIE | Reg | 04/27/2023 02:52 | 04/27/2023 05:59 | 03:07 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/27/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/27/2023 02:21 | 04/27/2023 02:52 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/26/2023 | 21592891 DAVILA, LAURIE | Reg | 04/26/2023 21:35 | 04/27/2023 02:21 | 04:46 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/21/2023 | 21592891 DAVILA, LAURIE | Reg | 04/21/2023 02:37 | 04/21/2023 06:01 | 03:24 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/21/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/21/2023 02:04 | 04/21/2023 02:37 | 00:33 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/20/2023 | 21592891 DAVILA, LAURIE | Reg | 04/20/2023 21:25 | 04/21/2023 02:04 | 04:39 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/20/2023 | 21592891 DAVILA, LAURIE | Reg | 04/20/2023 02:57 | 04/20/2023 05:56 | 02:59 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/20/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/20/2023 02:26 | 04/20/2023 02:57 | 00:31 |
| 75500270 | SOUTHWEST AIRLINES TI | 04/19/2023 | 21592891 DAVILA, LAURIE | Reg | 04/19/2023 21:26 | 04/20/2023 02:26 | 05:00 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES TI | 04/16/2023 | 21592891 DAVILA, LAURIE | Reg | 04/16/2023 02:58 | 04/16/2023 05:58 | 03:00 |
| 75500270 SOUTHWEST AIRLINES TI | 04/16/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/16/2023 02:26 | 04/16/2023 02:58 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 04/15/2023 | 21592891 DAVILA, LAURIE | Reg | 04/15/2023 21:26 | 04/16/2023 02:26 | 05:00 |
| 75500270 SOUTHWEST AIRLINES TI | 04/15/2023 | 21592891 DAVILA, LAURIE | Reg | 04/15/2023 02:59 | 04/15/2023 05:57 | 02:58 |
| 75500270 SOUTHWEST AIRLINES TI | 04/15/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/15/2023 02:29 | 04/15/2023 02:59 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/14/2023 | 21592891 DAVILA, LAURIE | Reg | 04/14/2023 21:25 | 04/15/2023 02:29 | 05:04 |
| 75500270 SOUTHWEST AIRLINES TI | 04/14/2023 | 21592891 DAVILA, LAURIE | Reg | 04/14/2023 02:51 | 04/14/2023 05:46 | 02:55 |
| 75500270 SOUTHWEST AIRLINES TI | 04/14/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/14/2023 02:21 | 04/14/2023 02:51 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/13/2023 | 21592891 DAVILA, LAURIE | Reg | 04/13/2023 21:25 | 04/14/2023 02:21 | 04:56 |
| 75500270 SOUTHWEST AIRLINES TI | 04/13/2023 | 21592891 DAVILA, LAURIE | Reg | 04/13/2023 02:55 | 04/13/2023 05:57 | 03:02 |
| 75500270 SOUTHWEST AIRLINES TI | 04/13/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/13/2023 02:24 | 04/13/2023 02:55 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/12/2023 | 21592891 DAVILA, LAURIE | Reg | 04/12/2023 21:26 | 04/13/2023 02:24 | 04:58 |
| 75500270 SOUTHWEST AIRLINES TI | 04/12/2023 | 21592891 DAVILA, LAURIE | Reg | 04/12/2023 02:57 | 04/12/2023 05:57 | 03:00 |
| 75500270 SOUTHWEST AIRLINES TI | 04/12/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/12/2023 02:27 | 04/12/2023 02:57 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/11/2023 | 21592891 DAVILA, LAURIE | Reg | 04/11/2023 21:27 | 04/12/2023 02:27 | 05:00 |
| 75500270 SOUTHWEST AIRLINES TI | 04/11/2023 | 21592891 DAVILA, LAURIE | Reg | 04/11/2023 02:50 | 04/11/2023 06:02 | 03:12 |
| 75500270 SOUTHWEST AIRLINES TI | 04/11/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/11/2023 02:20 | 04/11/2023 02:50 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/10/2023 | 21592891 DAVILA, LAURIE | Reg | 04/10/2023 21:27 | 04/11/2023 02:20 | 04:53 |
| 75500270 SOUTHWEST AIRLINES TI | 04/07/2023 | 21592891 DAVILA, LAURIE | Reg | 04/07/2023 02:48 | 04/07/2023 05:53 | 03:05 |
| 75500270 SOUTHWEST AIRLINES TI | 04/07/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/07/2023 02:17 | 04/07/2023 02:48 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/06/2023 | 21592891 DAVILA, LAURIE | Reg | 04/06/2023 21:26 | 04/07/2023 02:17 | 04:51 |
| 75500270 SOUTHWEST AIRLINES TI | 04/06/2023 | 21592891 DAVILA, LAURIE | Reg | 04/06/2023 02:55 | 04/06/2023 06:00 | 03:05 |
| 75500270 SOUTHWEST AIRLINES TI | 04/06/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/06/2023 02:24 | 04/06/2023 02:55 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/05/2023 | 21592891 DAVILA, LAURIE | Reg | 04/05/2023 21:26 | 04/06/2023 02:24 | 04:58 |
| 75500270 SOUTHWEST AIRLINES TI | 04/05/2023 | 21592891 DAVILA, LAURIE | Reg | 04/05/2023 02:51 | 04/05/2023 04:59 | 02:08 |
| 75500270 SOUTHWEST AIRLINES TI | 04/05/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/05/2023 02:21 | 04/05/2023 02:51 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/04/2023 | 21592891 DAVILA, LAURIE | Reg | 04/04/2023 21:27 | 04/05/2023 02:21 | 04:54 |
| 75500270 SOUTHWEST AIRLINES TI | 04/04/2023 | 21592891 DAVILA, LAURIE | Reg | 04/04/2023 02:55 | 04/04/2023 06:00 | 03:05 |
| 75500270 SOUTHWEST AIRLINES TI | 04/04/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/04/2023 02:23 | 04/04/2023 02:55 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 04/03/2023 | 21592891 DAVILA, LAURIE | Reg | 04/03/2023 21:26 | 04/04/2023 02:23 | 04:57 |
| 75500270 SOUTHWEST AIRLINES TI | 04/03/2023 | 21592891 DAVILA, LAURIE | Reg | 04/03/2023 02:49 | 04/03/2023 06:02 | 03:13 |
| 75500270 SOUTHWEST AIRLINES TI | 04/03/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/03/2023 02:18 | 04/03/2023 02:49 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 04/02/2023 | 21592891 DAVILA, LAURIE | Reg | 04/02/2023 21:26 | 04/03/2023 02:18 | 04:52 |
| 75500270 SOUTHWEST AIRLINES TI | 04/02/2023 | 21592891 DAVILA, LAURIE | Reg | 04/02/2023 02:48 | 04/02/2023 06:00 | 03:12 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 75500270 SOUTHWEST AIRLINES TI | 04/02/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/02/2023 02:18 | 04/02/2023 02:48 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 04/01/2023 | 21592891 DAVILA, LAURIE | Reg | 04/01/2023 21:26 | 04/02/2023 02:18 | 04:52 |
| 75500270 SOUTHWEST AIRLINES TI | 04/01/2023 | 21592891 DAVILA, LAURIE | Reg | 04/01/2023 02:55 | 04/01/2023 06:05 | 03:10 |
| 75500270 SOUTHWEST AIRLINES TI | 04/01/2023 | 21592891 DAVILA, LAURIE | Lunch | 04/01/2023 02:23 | 04/01/2023 02:55 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 03/31/2023 | 21592891 DAVILA, LAURIE | Reg | 03/31/2023 21:21 | 04/01/2023 02:23 | 05:02 |
| 75500270 SOUTHWEST AIRLINES TI | 03/30/2023 | 21592891 DAVILA, LAURIE | Reg | 03/30/2023 02:54 | 03/30/2023 05:29 | 02:35 |
| 75500270 SOUTHWEST AIRLINES TI | 03/30/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/30/2023 02:22 | 03/30/2023 02:54 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 03/29/2023 | 21592891 DAVILA, LAURIE | Reg | 03/29/2023 21:25 | 03/30/2023 02:22 | 04:57 |
| 75500270 SOUTHWEST AIRLINES TI | 03/26/2023 | 21592891 DAVILA, LAURIE | Reg | 03/26/2023 02:57 | 03/26/2023 06:06 | 03:09 |
| 75500270 SOUTHWEST AIRLINES TI | 03/26/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/26/2023 02:27 | 03/26/2023 02:57 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 03/25/2023 | 21592891 DAVILA, LAURIE | Reg | 03/25/2023 21:29 | 03/26/2023 02:27 | 04:58 |
| 75500270 SOUTHWEST AIRLINES TI | 03/25/2023 | 21592891 DAVILA, LAURIE | Reg | 03/25/2023 02:57 | 03/25/2023 05:55 | 02:58 |
| 75500270 SOUTHWEST AIRLINES TI | 03/25/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/25/2023 02:26 | 03/25/2023 02:57 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 03/24/2023 | 21592891 DAVILA, LAURIE | Reg | 03/24/2023 21:41 | 03/25/2023 02:26 | 04:45 |
| 75500270 SOUTHWEST AIRLINES TI | 03/24/2023 | 21592891 DAVILA, LAURIE | Reg | 03/24/2023 02:46 | 03/24/2023 05:57 | 03:11 |
| 75500270 SOUTHWEST AIRLINES TI | 03/24/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/24/2023 02:15 | 03/24/2023 02:46 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 03/23/2023 | 21592891 DAVILA, LAURIE | Reg | 03/23/2023 21:25 | 03/24/2023 02:15 | 04:50 |
| 75500270 SOUTHWEST AIRLINES TI | 03/23/2023 | 21592891 DAVILA, LAURIE | Reg | 03/23/2023 03:07 | 03/23/2023 06:05 | 02:58 |
| 75500270 SOUTHWEST AIRLINES TI | 03/23/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/23/2023 02:36 | 03/23/2023 03:07 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 03/22/2023 | 21592891 DAVILA, LAURIE | Reg | 03/22/2023 21:25 | 03/23/2023 02:36 | 05:11 |
| 75500270 SOUTHWEST AIRLINES TI | 03/19/2023 | 21592891 DAVILA, LAURIE | Reg | 03/19/2023 02:57 | 03/19/2023 06:01 | 03:04 |
| 75500270 SOUTHWEST AIRLINES TI | 03/19/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/19/2023 02:27 | 03/19/2023 02:57 | 00:30 |
| 75500270 SOUTHWEST AIRLINES TI | 03/18/2023 | 21592891 DAVILA, LAURIE | Reg | 03/18/2023 21:55 | 03/19/2023 02:27 | 04:32 |
| 75500270 SOUTHWEST AIRLINES TI | 03/17/2023 | 21592891 DAVILA, LAURIE | Reg | 03/17/2023 02:47 | 03/17/2023 06:01 | 03:14 |
| 75500270 SOUTHWEST AIRLINES TI | 03/17/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/17/2023 02:16 | 03/17/2023 02:47 | 00:31 |
| 75500270 SOUTHWEST AIRLINES TI | 03/16/2023 | 21592891 DAVILA, LAURIE | Reg | 03/16/2023 21:26 | 03/17/2023 02:16 | 04:50 |
| 75500270 SOUTHWEST AIRLINES TI | 03/16/2023 | 21592891 DAVILA, LAURIE | Reg | 03/16/2023 03:00 | 03/16/2023 05:58 | 02:58 |
| 75500270 SOUTHWEST AIRLINES TI | 03/16/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/16/2023 02:28 | 03/16/2023 03:00 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 03/15/2023 | 21592891 DAVILA, LAURIE | Reg | 03/15/2023 21:30 | 03/16/2023 02:28 | 04:58 |
| 75500270 SOUTHWEST AIRLINES TI | 03/12/2023 | 21592891 DAVILA, LAURIE | Reg | 03/12/2023 02:37 | 03/12/2023 05:57 | 03:20 |
| 75500270 SOUTHWEST AIRLINES TI | 03/12/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/12/2023 02:05 | 03/12/2023 02:37 | 00:32 |
| 75500270 SOUTHWEST AIRLINES TI | 03/11/2023 | 21592891 DAVILA, LAURIE | Reg | 03/11/2023 21:30 | 03/12/2023 02:05 | 04:35 |
| 75500270 SOUTHWEST AIRLINES TI | 03/11/2023 | 21592891 DAVILA, LAURIE | Reg | 03/11/2023 02:53 | 03/11/2023 06:48 | 03:55 |
| 75500270 SOUTHWEST AIRLINES TI | 03/11/2023 | 21592891 DAVILA, LAURIE | Lunch | 03/11/2023 02:21 | 03/11/2023 02:53 | 00:32 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/10/2023 21:31 | 03/11/2023 02:21 | 04:50 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/10/2023 05:54 | 03/10/2023 05:55 | 00:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/10/2023 02:57 | 03/10/2023 05:54 | 02:57 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/10/2023 | 21592891 | DAVILA, LAURIE | Lunch | 03/10/2023 02:27 | 03/10/2023 02:57 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/09/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/09/2023 20:21 | 03/10/2023 02:27 | (06:06) |
| 75500270 | SOUTHWEST AIRLINES TI | 03/09/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/09/2023 02:47 | 03/09/2023 05:56 | 03:09 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/09/2023 | 21592891 | DAVILA, LAURIE | Lunch | 03/09/2023 02:17 | 03/09/2023 02:47 | 00:30 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/08/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/08/2023 21:25 | 03/09/2023 02:17 | 04:52 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/05/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/05/2023 03:05 | 03/05/2023 06:06 | 03:01 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/05/2023 | 21592891 | DAVILA, LAURIE | Lunch | 03/05/2023 02:31 | 03/05/2023 03:05 | 00:34 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/04/2023 | 21592891 | DAVILA, LAURIE | Reg | 03/04/2023 22:44 | 03/05/2023 02:31 | 03:47 |
| 75500270 | SOUTHWEST AIRLINES TI | 03/02/2023 | 21592891 | DAVILA, LAURIE | 830-1 TRAINI NG Inc in OT | (03/02/2023 09:00 | 03/02/2023 17:00 | 08:00) |
| 75500270 | SOUTHWEST AIRLINES TI | 02/27/2023 | 21592891 | DAVILA, LAURIE | 830-1 TRAINI NG Inc in OT | 02/27/2023 13:00 | 02/27/2023 14:30 | 01:30 |

# EXHIBIT

1  Laura Fleming, Bar No. 219287
   lf@paynefears.com
2  Matthew C. Lewis, Bar No. 274758
   mcl@paynefears.com
3  Lukas R. Kramer, Bar No. 333174
   lrk@paynefears.com
4  PAYNE & FEARS LLP
   4 Park Plaza, Suite 1100
5  Irvine, California 92614
   Telephone: (949) 851-1100
6  Facsimile: (949) 851-1212

7  Attorneys for Defendants ABM AVIATION,
   INC. and ABM INDUSTRIES
8  INCORPORATED

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**12/27/2023** at 11:10:00 AM
Clerk of the Superior Court
By Isaiah Irizarry,Deputy Clerk

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF SAN DIEGO, CENTRAL DIVISION**

11

12  MARIA FELIPE SUCHITE, an individual on    Case No. 37-2023-00051258-CU-OE-CTL
    behalf of herself and others,
13                                             **DEFENDANTS ABM AVIATION, INC.**
                Plaintiffs,                    **AND ABM INDUSTRIES**
14                                             **INCORPORATED'S ANSWER TO**
         v.                                    **UNVERIFIED INDIVIDUAL AND CLASS**
15                                             **ACTION COMPLAINT**
    ABM AVIATION, INC., a Georgia
16  corporation; ABM INDUSTRIES               Action Filed:    November 17, 2023
    INCORPORATED, a Delaware Corporation;     Trial Date:      None Set
17  and DOES 1 through 50,

18              Defendants.

19

20        Defendants ABM Aviation, Inc. ("ABM Aviation") and ABM Industries Incorporated

21  ("ABM") (collectively, "Defendants") hereby answer the unverified Complaint ("Complaint") of

22  Plaintiff, Maria Felipe Suchite ("Plaintiff"):

23                        **GENERAL DENIAL**

24        In accordance with California Code of Civil Procedure section 431.30, subdivision (d),

25  Defendants deny, generally and specifically, each and every allegation contained in the Complaint.

26  Defendants deny, generally and specifically, that Plaintiff has been damaged in any sum, or at all,

27  by reason of any act or omission on the part of Defendants. Defendants further deny, generally

28  and specifically, that Plaintiff is entitled to any relief whatsoever.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**AFFIRMATIVE DEFENSES**

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

1.     As a separate and first affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.     As a separate and second affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred by such statutes of limitation as may be applicable, including, but not limited to, California Code of Civil Procedure, Sections 335, 337 (a), 338 (a), 339 (1), 340 (a)-(b), 343, 344 and 474; California Labor Code section 2699.3; and the California Business & Professions Code, Section 17208.

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

3.     As a separate and third affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's failure to mitigate her alleged damages bars her claims for damages in whole or in part.

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.     As a separate and fourth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the Complaint is barred by the doctrine of laches.

///

///

DEFENDANTS ABM AVIATION, INC. AND ABM INDUSTRIES INCORPORATED'S ANSWER TO COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5.     As a separate and fifth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Complaint by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

6.     As a separate and sixth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that as a result of her own acts and/or omissions, Plaintiff has waived any right which she may have had to recover, and/or is estopped from recovering, any relief sought against Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Settlement/Payment)**

7.     As a separate and seventh affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendants allege that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in part or in whole, to the extent they are subject to prior settlements, compromises and payments with and to Plaintiff and/or other alleged purported class members and aggrieved parties and/or to the Labor and Workforce Development Agency and other aggrieved employees covering a portion or all of the alleged applicable statutory limitations periods.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Prior Release and/or Waiver of Claims)**

8.     As a separate and eighth affirmative defense to the Complaint, and to each purported individual and class cause of action contained therein, Defendants allege that Plaintiff's claims on behalf of herself and the other alleged purported class members and aggrieved parties are barred, in part or in whole, by the defenses of release and/or waiver, to the extent the claims at issue in the Complaint have been released and/or waived through prior settlements with Plaintiff

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-3-

and/or other alleged purported class members and aggrieved parties covering a portion or all of the alleged applicable statutory limitations periods.

### NINTH AFFIRMATIVE DEFENSE

#### (*Res Judicata and Collateral Estoppel*)

9.      As a separate and ninth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claims on behalf of herself and the other purported class members and aggrieved parties are barred, in part or in whole, by the defenses of *res judicata* and/or collateral estoppel, to the extent there exist prior court approved determinations, settlements or judgments involving Defendants and Plaintiff and/or other alleged purported class members and aggrieved parties.

### TENTH AFFIRMATIVE DEFENSE

#### (*Accord and Satisfaction*)

10.      As a separate and tenth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claims on behalf of herself and the other purported class members and aggrieved parties are barred, in part or in whole, to the extent an accord and satisfaction was made between Plaintiff and/or purported class members and aggrieved parties  on the one hand, and Defendants on the other that would resolve the claims in this lawsuit as to such individuals, whether through settlement of a prior action or otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Consent)

11.      As a separate and eleventh affirmative defense to the Complaint, and to each purported cause of action set forth in the Complaint because Plaintiff, class and aggrieved parties and/or the persons and/or entities acting on her behalf, consented to and acquiesced in the subject conduct.

///

///

///

-4-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

12.     As a separate and twelfth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, class and aggrieved parties and/or the persons and/or entities acting on her behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

13.     As a separate and thirteenth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust internal remedies available to her.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

14.     As a separate and fourteenth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

15.     As a separate and fifteenth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's losses, if any, are speculative or uncertain or both, and therefore not compensable.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

16.     As a separate and sixteenth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff has no standing to bring some or all of her claims, including but not limited to, standing to serve as an adequate class representative on behalf of other similarly situated parties or employees, and/or standing to assert

1    statutory claims alleging violations under Labor Code §§ 201, 202, 203, 218, 218.5, 222, 223, 224,

2    226, 226.7, 512, 1194, 1194.2, 1197, and 2802, insofar as Plaintiff and other putative class

3    members have not suffered any harm, injury, or damages for alleged violations.  Defendants

4    further allege that Plaintiff has no standing under state law to serve as an adequate class or PAGA

5    representative  on behalf of other aggrieved parties or similarly situated  employees insofar as

6    Plaintiff and other represented potential aggrieved persons have not suffered any harm, injury, or

7    damages for alleged violations.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Proper Compensation)

10    17.    As a separate and seventeenth affirmative defense to the Complaint, and to each

11    purported cause of action contained therein, Defendants allege that Plaintiff and the purported

12    class, at all relevant times, were compensated properly pursuant to the requirements contained in

13    the California Labor Code, Industrial Welfare Commission (IWC) Wage Orders, and/or applicable

14    federal law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Compliance with the Law)

17    18.    As a separate and eighteenth affirmative defense to the Complaint, and to each

18    purported cause of action contained therein, Defendants allege that the actions taken by

19    Defendants were in full compliance with the law.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

22    19.    As a separate and nineteenth affirmative defense to the Complaint, and to each

23    purported cause of action contained therein, Defendants allege that Plaintiff's claims for penalties

24    are barred because a good faith dispute exists as to the existence and amount of any alleged unpaid

25    wages.

26    ///

27    ///

28    ///

DEFENDANTS ABM AVIATION, INC. AND ABM INDUSTRIES INCORPORATED'S ANSWER TO COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith Reliance)

20.    As a separate and twentieth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred, in whole or in part, because Defendants acted in good faith reliance on their reasonable interpretation of current laws, regulations and rulings by state and federal courts and agencies.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Knowledge of Uncompensated Work)

21.    As a separate and twenty-first affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that they had no knowledge of, nor should they have had knowledge of, any alleged uncompensated work by Plaintiff, and did not authorize, require, request, suffer, or permit such activity by Plaintiff, any putative class members, or any allegedly aggrieved employees.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Defendants Did Not Act Willfully)

22.    As a separate and twenty-second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that they did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff, or the employees on whose behalf she seeks relief, of any wages, overtime, meal periods, rest periods, compliant wage statements, wages due upon termination, or reimbursement of necessary business expenditures to which they were entitled under California wage and hour law, or to fail to comply with any other law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Falsified Time Records)

23.    As a separate and twenty-third affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's recovery is barred to the extent that Plaintiff falsified time records during her period of employment with ABM Aviation.

///

DEFENDANTS ABM AVIATION, INC. AND ABM INDUSTRIES INCORPORATED'S ANSWER TO COMPLAINT

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Utilize Policy)

24.     As a separate and twenty-fourth affirmative defense to the Complaint, and to the purported causes of action set forth therein, Defendants allege that the Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Defendants, at all relevant times, exercised reasonable care to prevent or correct any allegedly unlawful behavior in the workplace, and Plaintiff and other putative class members or aggrieved employees unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or that any purported work alleged by Plaintiffs and any putative class members/other alleged aggrieved employees unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants, or that any purported work alleged by Plaintiff and other putative class members or aggrieved employees through rest and/or meal periods, or any unreported overtime work, or the other violations asserted in the Complaint was a violation of ABM Aviation's established policies.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (*De Minimus/Rounding* Doctrine)

25.     As a separate and twenty-fifth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claims are barred in whole or in part to the extent the *de minimus* or rounding doctrine, or some similar defense applies, to Plaintiff's claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Meal and Rest Periods Provided)

26.     As a separate and twenty-sixth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the Plaintiff, the putative class members, and/or the allegedly aggrieved employees were provided the opportunity to take all their full, timely and uninterrupted meal and/or rest periods during the entire period of employment with ABM Aviation pursuant to California and/or federal law.

///

-8-

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

**(No Irreparable Harm/Adequate Remedy at Law)**

27.     As a separate and twenty-seventh affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that to the extent Plaintiff and/or the other alleged similarly situated parties seek injunctive relief under the California Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq*.), their equitable remedy is unavailable based on the lack of irreparable harm and the existence of an adequate remedy at law, and further, that Plaintiff was no longer an employee of Defendants at the time she filed this action

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Standing Under UCL)**

28.     As a separate and twenty-eighth affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the purported causes of action asserted in the Complaint are barred in whole or in part on the ground that the claim under California Business and Professions Code section 17200 fails because Plaintiff and any putative class members were not subject to any unlawful or unfair business practices and have no standing to bring this claim.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

**(No Entitlement to Restitution Under UCL)**

29.     As a separate and twenty-ninth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that to the extent Plaintiff seeks restitution under the California Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq*.), her equitable remedy is unavailable to the extent based on non-wage claims.

### THIRTIETH AFFIRMATIVE DEFENSE

**(Due Process)**

30.     As a separate and thirtieth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that, as applied to this case, the putative representative claims and threatened PAGA claim fail to provide adequate due process protections inasmuch as they constitute trial by formula and unfairly restrict Defendants' right to

-9-

1  litigate affirmative defenses to the individual claims of Plaintiff and each putative class member

2  and employee she purports to represent.  It therefore denies Defendants the protection of the Due

3  Process Clause of the United States Constitution.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

**(Constitutional Defects in Cal. Bus. & Prof. Code Section 17200, *et seq.*)**

6      31.    As a separate and thirty-first affirmative defense to the Complaint and each

7  purported cause of action contained therein, Defendants allege that any finding of liability under

8  California Business & Professions Code, sections 17200, 17203, and 17204 would violate the Due

9  Process Clause of the Fourteenth Amendment to the United States Constitution, and of Article I,

10 Section 7 of the California Constitution, because the standards of liability under these statutes are

11 unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment

12 that serves no legitimate governmental interest.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

**(Excessive Penalties)**

15     32.    As a separate and thirty-second affirmative defense to the Complaint, and to each

16 purported cause of action contained therein, Defendants allege that the penalties and fines sought

17 are unconstitutional and excessive under the United States Constitution, and specifically under the

18 Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII, and the Due Process

19 Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

**(Another Action Pending/Plea in Abatement)**

22     33.    As a separate and thirty-third affirmative defense to the Complaint, and to each

23 purported cause of action contained therein, Defendants allege that to the extent Plaintiff and/or

24 the alleged other similarly situated parties or employees she seeks to represent pursuant to her

25 putative representative claim and threatened PAGA claim are already are being, and have been,

26 represented in prior settled, or pending, class and representative actions or PAGA actions, each of

27 which asserts the same or similar causes of action against Defendants for violations of the same or

28 similar California wage and hour laws, Plaintiff's individual and/or representative claims are

-10-

DEFENDANTS ABM AVIATION, INC. AND ABM INDUSTRIES INCORPORATED'S ANSWER TO COMPLAINT

barred or subject to abatement or a stay of action, in whole or in part, as to her and other similarly situated parties, under either the "first to file" rule or the *Colorado River* abstention doctrine.  *See, Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983).

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to Arbitrate/Breach of Arbitration Agreement/Contractual Waiver of Class, Collective and/or Representative Claims)**

34.     As a separate and thirty-fourth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff and/or other putative class members or allegedly aggrieved persons have previously entered into individual written mutual agreements with class waivers to arbitrate all claims arising out of their employment with ABM Aviation, and/or are union employees subject to negotiated collective bargaining agreements, and further have expressly waived any rights to bring, maintain or participate in any class, collective or representative action, and therefore are barred and precluded from participating in this judicial action.  More specifically, as it relates to Plaintiff, she entered into a valid and enforceable written Mutual Arbitration Agreement with Defendants on or about July 26, 2023.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(LMRA Section 301 Preemption)**

35.     As a separate and thirty-fifth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that each and every cause of action asserted by Plaintiff on behalf of other alleged similarly situated parties is preempted under the Labor Management Relations Act, section 301, to the extent Plaintiff or any putative class member or allegedly aggrieved employee is subject to operative collective bargaining agreements between Defendants and various local unions.

///

///

///

///

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-11-

PAYNE & FEARS LLP

ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Mandatory Union Grievance and Arbitration Provisions in Collective Bargaining Agreements)

36.     As a separate and thirty-sixth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that each and every cause of action asserted is barred, in whole or in part, to the extent there has been a failure to first exhaust applicable mandatory union grievance and arbitration agreements based on the existence of one or more operative collective bargaining agreements that exist between Defendants, Plaintiff and/or other alleged similarly situated class members, through various local unions.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees Barred)

37.     As a separate and thirty-seventh affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's claim for attorneys' fees is barred by the provisions of California Code of Civil Procedure § 1021.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Claims Not Representative of Class)

38.     As a separate and thirty-eighth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the claims of the named Plaintiff are not representative of the claims of the members of the putative class, and therefore the action is not properly maintained as a class action.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Claims Not Typical)

39.     As a separate and thirty-ninth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the Plaintiff's causes of action are barred, in whole or in part, on the grounds that the claims of Plaintiff are not typical of the alleged class claims.

///

///

**FORTIETH AFFIRMATIVE DEFENSE**

**(Plaintiff Not Similarly Situated)**

40.    As a separate and fortieth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the Plaintiff's causes of action are barred, in whole or in part, on the grounds that a class action is not warranted because Plaintiff is not similarly situated to other proposed class members.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

**(Class Representative Is Adverse to the Class)**

41.    As a separate and forty-first affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the claims of the named Plaintiff are adverse to the interests and desires of the members of the putative class and therefore the action is not properly maintained as a class action.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

**(Class or PAGA Action Not Manageable)**

42.    As a separate and forty-second affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the case is not properly maintained as either a class or PAGA representative action because of the difficulties likely to be encountered in the management of a class, collective and/or representative action.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

**(Common Questions Do Not Predominate)**

43.    As a separate and forty-third affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's causes of action are barred, in whole or in part, on the grounds that common questions of law or fact do not predominate in the case.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Numerosity)**

44.    As a separate and forty-fourth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that Plaintiff's causes of action are

-13-

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

barred, in whole or in part, on the grounds that the putative class lacks numerosity, in part because putative class members have signed agreements to arbitrate any claims they may have, and have expressly waived any rights to bring, maintain or participate in any class, collective or representative action, and therefore are barred and precluded from participating in this judicial action.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Not Adequate Class Representative)

45.     As a separate and forty-fifth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the Plaintiff's causes of action are barred, in whole or in part, on the grounds that Plaintiff is not an adequate class representative.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (No Adequate PAGA Representative)

46.     As a separate and forty-sixth affirmative defense to Plaintiff's threatened PAGA claim, Defendants allege that Plaintiff's PAGA claim is barred, in whole or in part, on the grounds that Plaintiff is not an adequate PAGA representative.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Class Action Not Superior Method of Adjudication)

47.     As a separate and forty-seventh affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the Plaintiff's causes of action are barred, in whole or in part, on the grounds that a class action is not the superior method of adjudication in the case.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Class Action Allegations Inappropriate)

48.     As a separate and forty-eighth affirmative defense to the Complaint and each purported cause of action contained therein, the Complaint and each cause of action therein fails to state facts sufficient to constitute a cause of action against Defendants because, among other reasons: (1) Plaintiff lacks the capacity to sue as representative of the purported class; (2) Plaintiff cannot establish commonality of claims; (3) Plaintiff cannot establish typicality of claims; and (4)

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-14-

the individualized nature of Plaintiff's claims makes class treatment inappropriate.

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction/Removal to Federal Court)

49.     As a separate and forty-ninth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the Court lacks subject matter jurisdiction in the action based on federal diversity and the Class Action Fairness Act ("CAFA"), §§ 1332(d).

## FIFTIETH AFFIRMATIVE DEFENSE

### (Offset)

50.     As a separate and fiftieth affirmative defense to the Complaint, and to each purported cause of action contained therein, Defendants allege that the amounts claimed are overstated and/or subject to offset by any amounts owed by Plaintiff to Defendants.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (No Ratification)

51.     As a separate and fifty-first affirmative defense to the Complaint and each purported cause of action contained therein, Defendants are not liable for damages because if any person engaged in intentional, willful or unlawful conduct as alleged in Plaintiff's Complaint, he or she did so without the knowledge, authorization or ratification of Defendants.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Proximate Cause)

52.     As a separate and fifty-second affirmative defense to the Complaint and each purported cause of action contained therein, Defendants allege that the injuries and damages alleged in the Complaint by Plaintiff occurred, were proximately caused by, and/or were contributed to by Plaintiff's, any putative class members', or allegedly aggrieved employees' own acts or failures to act and that Plaintiff's, any putative class members', and allegedly aggrieved employees' recovery, if any, should be reduced by an amount proportionate to the amount by which said acts caused or contributed to said alleged injury or damages.

///

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (No Employment Relationship)

53.    As a separate and fifty-third affirmative defense to the Complaint, and to each purported cause of action contained therein, defendant ABM Industries Incorporated alleges that it is not a proper party to the claims in the Complaint because it did not employ Plaintiff or any of the purported class members, and therefore is not even potentially liable for some or all of the claims because they are premised on the existence of an employment relationship which is absent here.

## ADDITIONAL AFFIRMATIVE DEFENSES

54.    Defendants reserve the right to amend this Answer to assert additional defenses and/or supplement, alter or change this Answer as may be warranted by the revelation of information during discovery and investigation;

WHEREFORE, Defendants pray for relief as follows:

1.    That the Complaint be dismissed, with prejudice and in its entirety;

2.    That Plaintiff take nothing by reason of the Complaint and that judgment be entered against Plaintiff and in favor of Defendants;

3.    That Defendants be awarded their attorneys' fees and costs incurred in defending the action;

4.    That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED:  December 27, 2023          PAYNE & FEARS LLP
                                   Attorneys at Law


                                   By:    _/s/ Matthew C. Lewis_
                                        LAURA FLEMING
                                        MATTHEW C. LEWIS
                                        LUKAS R. KRAMER

                                   Attorneys for Defendants ABM AVIATION, INC.
                                   and ABM INDUSTRIES INCORPORATED

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

4879-8284-3798.4

-16-

DEFENDANTS ABM AVIATION, INC. AND ABM INDUSTRIES INCORPORATED'S ANSWER TO COMPLAINT

1

## **PROOF OF SERVICE**

2

**Maria Felipe Suchite v. ABM Aviation, Inc.; ABM Industries Incorporated, et al.**
**37-2023-00051258-CU-OE-CTL**
3
**Superior Court of California, County of San Diego - Central Division**

4    **STATE OF CALIFORNIA, COUNTY OF ORANGE**

5

6        At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Orange, State of California.  My business address is 4 Park Plaza, Suite
7    1100, Irvine, CA 92614.

8        On December 27, 2023, I served true copies of the following document(s) described as
**DEFENDANTS ABM AVIATION, INC. AND ABM INDUSTRIES INCORPORATED'S**
9    **ANSWER TO UNVERIFIED INDIVIDUAL AND CLASS ACTION COMPLAINT** on the
interested parties in this action as follows:

10

Thomas D. Rutledge                                    Attorney for Plaintiffs
11    16956 Via de Santa Fe
Suite 1847
12    Rancho Santa Fe, California 92091-4606
Tel: (619) 886-7224
13    Email: thomasrutledgelaw@gmail.com

14        **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the
document(s) to be sent from e-mail address gsquitieri@paynefears.com to the persons at the e-
15    mail addresses listed above.

16        I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

17

18        Executed on December 27, 2023, at Tustin, California.

19

20                                    /s/ Gina M. Squitieri
                                    _____
                                    Gina M. Squitieri

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 2nd day of January, 2024, a true and correct copy of **DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331, 1332(D), 1367(A), 1446(B), 1453, AND 1711** was sent via electronic mail to the following:

Thomas D. Rutledge                    Attorney for Plaintiffs
16956 Via de Santa Fe
Suite 1847
Rancho Santa Fe, California 92091-4606
Tel: (619) 886-7224
Email: thomasrutledgelaw@gmail.com

By  /s/ Patricia David
_____
Patricia David, an Employee of
PAYNE & FEARS LLP

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

DEFENDANTS' PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331, 1332(d), 1367(A), 1446(b), 1453, AND 1711